**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| _____ )<br>BARCO, INC. and BARCO NV, )<br> )<br>Plaintiffs, )<br> )<br> )<br>v. )<br> )<br>YEALINK (USA) NETWORK )<br>TECHNOLOGY CO., LTD., and )<br>YEALINK NETWORK )<br>TECHNOLOGY CO., LTD. )<br> )<br>Defendants. )<br>_____) | Case No. 2:23-cv-521<br>**JURY DEMAND** |

## COMPLAINT

Barco, Inc. and Barco NV, collectively doing business as Barco ("Barco"), by and through their undersigned counsel, hereby file this Complaint against Yealink (USA) Network Technology Co., Ltd. ("Yealink USA"), and Yealink Network Technology Co., Ltd. ("Yealink China") (collectively, "Yealink" or "Defendants") alleging as follows:

## NATURE OF THE ACTION

1.      Barco is the exclusive owner of several patents relating generally to, electronic tools for wireless communications systems.  Barco's patents include U.S. Patent Nos. 10,762,002 B2 (the "'002 Patent"); 10,795,832 B2 (the "'832 Patent"); 10,904,103 (the "'103 Patent"); 11,258,676 (the "'676 Patent"); 11,403,237 (the "'237 Patent"); and 11,422,951 B2 (the "'951 Patent") (collectively, the "Asserted Patents").

2.      Upon information and belief, by making, using, offering for sale, selling and/or importing the A20-020-TEAMS Video Bar and WPP30 Presentation Pod, and other similarly

operating infringing products (the "Infringing Products"), Yealink willfully infringes the Asserted

Patents in violation of the patent laws of the United States, 35 U.S.C. §§1 *et seq.*

3.      Yealink uses a network of distributors in the United States to offer for sale, and sell,

the Infringing Products, including, upon information and belief, Jenne Inc., CDW, LLC, Starin

Marketing, Inc., ScanSource Communications, Inc., among others (collectively, "Yealink

distributors").

## PARTIES

4.      Plaintiff Barco, Inc. is a company incorporated under the laws of Delaware, and has

a principle place of business at 3059 Premiere Pkwy, Ste. 400, Duluth, Georgia, 30097.

5.      Plaintiff Barco NV is a company incorporated under the laws of Belgium with its

principal operating business located at Beneluxpark 21, BE-8500 Kortrijk, Belgium.

6.      Defendant Yealink (USA) Network Technology Co., Ltd. is a company organized

and existing under the laws of the State of Georgia since 2014, with a principal place of business

at 999 Peachtree Street Ste. 2300, Atlanta, Georgia 30309.  Yealink USA may be served through

its registered agent, Marc Rawls, at 999 Peachtree St. Ste. 2300, Atlanta, Georgia 30309.  Yealink

USA is a U.S. affiliate of Yealink Network Technology Co., Ltd.

7.      Defendant Yealink Network Technology Co., Ltd. is a company based in Xiamen,

China and headquartered at High Tech Park No.1 Ling-Xia North Road Huli District, Xiamen,

Fujian Province, 361009, China.

8.      Yealink maintains a principle place of business in the United States at Suite 160,

5445 Legacy Drive, Plano, TX 75024.  *See https://www.yealink.com/en/contact-us.*

9.      Defendants collectively manufacture, use, offer for sale, sell and import, wireless

presentation tools to resellers, distributors, and consumers throughout the United States, including

in this district.

## JURISDICTION AND VENUE

10.     This action for patent infringement arises under the patent laws of the United States, 35 U.S.C. §§ 271 *et seq*.

11.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

12.     This Court has personal jurisdiction over Yealink USA because Yealink USA regularly conducts infringing activities in this district through, *inter alia*, its "Customer Experience Center" located in this district.  *See https://www.yealink.com/en/contact-us.*



13.     Venue as to Yealink USA is proper in this district pursuant to 28 U.S.C. § 1400(b), because Yealink USA is subject to personal jurisdiction in this District both through its acts of infringement in this District and because Yealink has its principal place of business in this District. *See https://www.yealink.com/en/contact-us*.

14.     This Court has personal jurisdiction over Yealink China because, directly or through intermediaries, it has committed acts in this District that give rise to this action, or otherwise has established minimum contacts with this District such that the exercise of personal jurisdiction over Yealink China would not offend traditional notions of fair play and justice.  For example, Yealink China has placed and is continuing to place the accused Infringing Products into the stream of commerce via established distribution channels, with the knowledge and

understanding that such products are being and will continue to be used, offered for sale, sold and imported in the United States including this District.  *See https://www.yealink.com/en/contact-us*.

15.     Furthermore, upon information and belief, Yealink USA acts as the alter ego of Yealink China.  For example, the CEO of Yealink USA, Huirong Zhang, is the secretary of Yealink China and has the same business address for both companies.  Additionally, the user guides for the Infringing Products also direct consumers to both Yealink USA and Yealink China for contact information.  *See e.g.,*:

> *https://support.yealink.com/en/portal/docDetail?documentCode=b77a8134181448f0*; and
>
> *https://support.yealink.com/en/portal/docDetail?documentCode=d0cc6f8d7bd3460e*.

**Contact Information**
YEALINK NETWORK TECHNOLOGY CO.,LTD.
309, 3rd Floor, No.16, Yun Ding North Road, Huli District, Xiamen City, Fujian, P.R.C
YEALINK (EUROPE) NETWORK TECHNOLOGY B.V.
Strawinskylaan 3127, Atrium Building, 8th floor, 1077ZX Amsterdam, The Netherlands
YEALINK (USA) NETWORK TECHNOLOGY CO., LTD.
999 Peachtree Street Suite 2300, Fulton, Atlanta, GA, 30309, USA
Made in China

16.     Yealink's website does not separately distinguish between its US presence in this District and its Chinese headquarters.  *See https://www.yealink.com/en/contact-us* (Headquarters in Fujian China and a Customer Experience Center in Plano, Texas).

17.     Venue is proper in this District as to Yealink China pursuant to 28 U.S.C. § 1391(c)(3) because Yealink China is not a resident of the United States and, in the alternative, under 28 U.S.C. § 1400(b) as it (i) has committed acts of infringement in this District and (ii) purports to have a "regular and established place of business" in Plano, Texas.

18.     In the alternative, there is personal jurisdiction over Yealink China pursuant to Fed. R. Civ. P 4(k)(2) because Yealink China is not subject to jurisdiction in any state's courts of general jurisdiction, and exercising jurisdiction is consistent with the United States Constitution and laws.

## FACTUAL BACKGROUND

### A.  The Asserted Patents

19.     Barco is a leading global technology company, well known and respected for its technology and products in the Enterprise, Healthcare and Entertainment fields.  Barco's products solutions include Medical Displays, Digital Operating Rooms, Wireless Conferencing and Collaboration Tools, Virtual & Hybrid Classrooms, Projectors, Image processors, Video Walls, Control Rooms and Immersive Systems.  *See https://www.barco.com*.

20.     The United States Patent Office ("USPTO") has awarded Barco's inventors over 207 United States Patents protecting its inventions in these and other fields.  *See e.g.*, *https://www.barco.com/us-en/about/patents*.

21.     Barco's ClickShare® Products are a revolutionary wireless presentation and conferencing technology consisting of USB-powered Buttons and related technologies that enable meeting participants to easily display and share information on their laptop on a main presentation screen in a meeting room or conference center, without cables, set-up, or delay.  *See www.barco.com/us-en/products/clickshare-conferencing-collaboration/wireless-presentation*.

22.     Numerous US patents assigned to Barco protect inventions embodied by ClickShare.

23.     For example, on September 1, 2020, the USPTO issued the '002 Patent, titled "Electronic Tool and Methods With Audio For Meetings."  *See https://image-ppubs.uspto.gov/dirsearch-public/print/downloadPdf/10762002*.  On August 2, 2022, the USPTO

issued the '237 Patent, titled "Electronic Tool and Methods With Audio For Meetings." *See https://image-ppubs.uspto.gov/dirsearch-public/print/downloadPdf/11403237*.

24.    The '002 Patent and '237 Patent disclose systems for transferring audio data from a processing device to a meeting tool via a peripheral device using pre-installed generic drivers.

25.    A side-by-side comparison of Yealink's Infringing Product (left) and Barco's patented device (right) is shown below:

| Yealink's Infringing Product | Barco's '002 Patent and '237 Patent |
|---|---|
|  | |

Fig. 1a.

26.    On October 6, 2020, the USPTO issued the '832 Patent, titled "Electronic Tool For Communicating Over A Communication Network." *See https://image-ppubs.uspto.gov/dirsearch-public/print/downloadPdf/10795832*.   Further, on January 26, 2021, the USPTO issued the '103 Patent, titled "Electronic Tool and Methods for Meetings." *See https://image-ppubs.uspto.gov/dirsearch-public/print/downloadPdf/10904103*.

27.    The '832 Patent and '103 Patent disclose peripheral devices suitable for providing wireless image sharing from a user processing device to a wireless network.

28.     A side-by-side comparison of Yealink's Infringing Product (left) and Barco's patented device (right) is shown below:

| Yealink's Infringing Product | Barco's '832 Patent and '103 Patent |
|---|---|
|  | |

29.     On February 22, 2022, the USPTO issued the '676 Patent, titled "Electronic Tool and Methods for Meetings." *See https://image-ppubs.uspto.gov/dirsearch-public/print/downloadPdf/11258676*.  Further in example, on August 23, 2022, the USPTO issued the '951 Patent, titled "Electronic Tool and Methods For Meetings Between Two Users." *See https://image-ppubs.uspto.gov/dirsearch-public/print/downloadPdf/11422951*.

30.     The '676 Patent and '951 Patent disclose systems for sharing media content wirelessly between a meeting tool and a peripheral device.

31.     A side-by-side comparison of Yealink's Infringing Product (left) and Barco's patented device (right) is shown below:

| Yealink's Infringing Product | Barco's '676 Patent and '951 Patent |
|---|---|
|  | |

Figs. 3-4.

32.     Barco is the applicant and assignee of all right, title, and interest in and to the Asserted Patents.

**B.  Yealink's Infringing Products**

33.     Defendants are engaged in the wireless presentation tool market, including the market for wireless presentation tools in the United States.

34.     Rather than develop their own technology, upon information and belief, Yealink has incorporated Barco's patented technology protected by the Asserted Patents into Defendants' wireless presentation tools.  Defendants thus unfairly compete with Barco in the marketplace by at least offering for sale and selling these Infringing Products throughout the United States.

35.     Yealink makes, uses, offers to sell, sells and/or induces others to use at least one claim of each Asserted Patent.

### C. *Yealink Refused to Cease Infringement of Barco's Patents*

36.     In May 2023, Barco contacted Yealink to object to their unlawful patent infringement.

37.     Barco identified certain of the Asserted Patents, including the '002 Patent, the '832 Patent, and the '951 Patent by number and notified Yealink that at least its A20-020-TEAMS Video Bar and WPP30 Presentation Pod infringed at least these three patents.

38.     On August 24, 2023, Barco again contacted Yealink regarding its ongoing infringement of Barco's patents.  Barco reiterated that Yealink's products infringed the '002 Patent, the '832 Patent, and the '951 Patent, and further stated that the A20-020-TEAMS Video Bar and WPP30 Presentation Pod infringed at least the '103 Patent and the '237 Patent.

39.     Upon information and belief, despite full knowledge of the Asserted Patents and its infringement, Yealink has refused to cease its infringement.

## <u>COUNT I—INFRINGEMENT OF THE '002 PATENT[1]</u>

40.     The allegations set forth in each preceding paragraph are incorporated herein by reference.

41.     Upon information and belief, Defendants are now and/or have been directly and indirectly infringing at least claim 11 of the '002 Patent, as proscribed by 35 U.S.C. §§ 271 *et seq*., by, without permission or authority from Plaintiffs, making, using, offering to sell, selling, and/or importing Yealink's WPP30 Presentation Pod, which when used with a connected device, infringes systems claimed in the '002 Patent.

42.     Yealink's WPP30 Presentation Pod, when used in connection with a user's laptop, creates a system for connecting a processing device to a communications network, the processing

---

[1] Barco has a substantial patent portfolio and reserves the right to assert additional patent infringement claims against Defendants.

device having a memory, a display and an operating system with pre-installed generic drivers providing a generic communications protocol for communication between processing device and a class of peripheral devices.  Yealink's WPP30 Presentation Pod includes means for coupling an external peripheral device physically to a port of the processing device, the peripheral device comprising a wireless transceiver and a connector, said connector configured to couple to the port of the processing device.  It further includes means for setting up, by means of a first pre-installed generic audio driver of the operating system, a means for audio communication between the peripheral device and the processing device and by means of a second pre-installed generic driver of the operating system, a means for data communication between the peripheral device and the processing device.  Yealink's WPP30 Presentation Pod is configured to connect the processing device to a communications network via the transceiver.  Yealink's WPP30 Presentation Pod includes means for routing audio data from the processing device to the wireless transceiver via the connector of the peripheral device and the means for audio communication and means for routing the audio data from the wireless transceiver of the peripheral device to a base node over the communications network, wherein the first pre-installed generic audio driver is used for transferring the audio data between the processing device and the peripheral device.

43.    Defendants are, and have been, aware of their inducement of their respective customers to use, sell, and offer to sell the Infringing Products.  Defendants have been aware of the '002 Patent and have been aware that their customers' use of, sale of, and offer to sell the Infringing Products constitutes an act of infringement.

44.    As a direct and proximate result of Defendants' infringement of the '002 Patent, Barco has been and continues to be damaged.

45.     By engaging in the conduct described herein, Defendants have injured Plaintiffs and are thus liable for infringement of the '002 Patent, pursuant to 35 U.S.C. § 271.

46.     Defendants have committed these acts of infringement without license or authorization.

47.     Defendants have committed these acts of infringement with knowledge of the '002 Patent and thus have acted recklessly and willfully with regard to their infringement of Barco's rights in the '002 Patent.

48.     In accordance with 35 U.S.C. § 287, Yealink has had actual notice and knowledge of its alleged infringement of the '002 Patent as of at least May 31, 2023 and no later than the filing of this complaint and/or the date this complaint was served upon Defendants.   On information and belief, Defendants continue without license to make, use, import into, sell, and/or induce others to use in the United States its WPP30 Presentation Pod.

49.     As a result of Defendants' willful infringement of the '002 Patent, Plaintiffs have suffered monetary damages and are entitled to a monetary judgment in an amount adequate to compensate for Defendants' past infringement, together with enhanced damages, attorney's fees, interest, and costs.

## COUNT II—INFRINGEMENT OF THE '832 PATENT

50.     The allegations set forth in each preceding paragraph are incorporated herein by reference.

51.     Upon information and belief, Defendants are now and/or have been directly and indirectly infringing at least claim 1 of the '832 Patent, as proscribed by 35 U.S.C. §§ 271 *et seq.*, by, without permission or authority from Plaintiffs, making, using, offering to sell, selling, and/or importing Yealink's WPP30 Presentation Pod.

52.     Yealink's WPP30 Presentation Pod is a peripheral device that includes a base, a connector configured to connect to a serial plug and play port of a host processing device, a flexible connection between the base and the connector configured to transfer data signals and power.  The WPP30 Presentation Pod has electronics comprising a wireless transceiver and a processing engine, wherein said wireless transceiver and the processing engine are configured to connect the peripheral device directly to a wireless communications network.  The WPP30 Presentation Pod has a physical actuator on the base being configured to actuate a signal and to transfer the signal to the connector to transfer to the serial plug and play port via at least one pre-installed generic driver for the port.  The serial plug and play port of the host device is configured to receive thereafter image data displayed on the host processing device, and the physical actuator of the WPP30 Presentation Pod is configured to be activated by a user action applied to the physical actuator which triggers delivery of the image data from the host processing device via the serial plug and play port to the wireless transceiver, and from the wireless transceiver to the wireless communications network.

53.     Defendants are, and have been, aware of their inducement of their respective customers to use, sell, and offer to sell the Infringing Products.  Defendants have been aware of the '832 Patent and have been aware that their customers' use of, sale of, and offer to sell the Infringing Products constitutes an act of infringement.

54.     As a direct and proximate result of Defendants' infringement of the '832 Patent, Barco has been and continues to be damaged.

55.     By engaging in the conduct described herein, Defendants have injured Plaintiffs and are thus liable for infringement of the '832 Patent, pursuant to 35 U.S.C. § 271.

56.     Defendants have committed these acts of infringement without license or authorization.

57.     Defendants have committed these acts of infringement with knowledge of the '832 Patent and thus have acted recklessly and willfully with regard to their infringement of Barco's rights in the '832 Patent.

58.     In accordance with 35 U.S.C. § 287, Yealink has had actual notice and knowledge of its alleged infringement of the '832 Patent as of at least May 31, 2023 and no later than the filing of this complaint and/or the date this complaint was served upon Defendants.   On information and belief, Defendants continue without license to use, import into, sell, and/or induce others to use in the United States its WPP30 Presentation Pod.

59.     As a result of Defendants' willful infringement of the '832 Patent, Plaintiffs have suffered monetary damages and are entitled to a monetary judgment in an amount adequate to compensate for Defendants' past infringement, together with enhanced damages, attorney's fees, interest, and costs.

## COUNT III—INFRINGEMENT OF THE '103 PATENT

60.     The allegations set forth in each preceding paragraph are incorporated herein by reference.

61.     Upon information and belief, Defendants are now and/or have been directly and indirectly infringing at least claim 1 of the '103 Patent, as proscribed by 35 U.S.C. §§ 271 *et seq.*, by, without permission or authority from Plaintiffs, making, using, offering to sell, selling, and/or importing Yealink's WPP30 Presentation Pod.

62.     Yealink's WPP30 Presentation Pod is a computer peripheral device that includes a base, a connector for connection to a serial plug and play port of a host processing device, a flexible

connection between the base and the connector, a transceiver for communicating with a communications network, and a physical actuator on the base configured to allow user action to actuate the physical actuator to trigger transfer of a signal to the connector to transfer to the serial plug and play port via at least one pre-installed generic driver for the serial plug and play port, and the serial plug and play port being configured to receive arbitrary media content on the host processing device.  The base of Yealink's WPP30 Presentation Pod has a visual indicator which is also activated by the user action applied to the physical actuator.  The physical actuator of Yealink's WPP30 Presentation Pod is configured to be activated by the user action applied to the physical actuator to trigger delivery of the arbitrary media content on the host processing device to said transceiver on the computer peripheral device through said serial plug and play port, and from the transceiver to the communications network.  The visual indicator of Yealink's WPP30 Presentation Pod is configured in a way such that the user action by actuating the physical actuator indicates to the user whether or not the arbitrary media content is being sent from the at least one peripheral device to the communications network.

63.     Defendants are, and have been, aware of their inducement of their respective customers to use, sell, and offer to sell the Infringing Products.  Defendants have been aware of the '103 Patent and have been aware that their customers' use of, sale of, and offer to sell the Infringing Products constitutes an act of infringement.

64.     As a direct and proximate result of Defendants' infringement of the '103 Patent, Barco has been and continues to be damaged.

65.     By engaging in the conduct described herein, Defendants have injured Plaintiffs and are thus liable for infringement of the '103 Patent, pursuant to 35 U.S.C. § 271.

66.     Defendants have committed these acts of infringement without license or authorization.

67.     Defendants have committed these acts of infringement with knowledge of the '103 Patent and thus have acted recklessly and willfully with regard to their infringement of Barco's rights in the '103 Patent.

68.     In accordance with 35 U.S.C. § 287, Yealink has had actual notice and knowledge of its alleged infringement of the '103 Patent as of at least August 24, 2023 and no later than the filing of this complaint and/or the date this complaint was served upon Defendants.   On information and belief, Defendants continue without license to use, import into, sell, and/or induce others to use in the United States its WPP30 Presentation Pod.

69.     As a result of Defendants' willful infringement of the '103 Patent, Plaintiffs have suffered monetary damages and are entitled to a monetary judgment in an amount adequate to compensate for Defendants' past infringement, together with enhanced damages, attorney's fees, interest, and costs.

### COUNT IV—INFRINGEMENT OF THE '676 PATENT

70.     The allegations set forth in each preceding paragraph are incorporated herein by reference.

71.     Upon information and belief, Defendants are now and/or have been directly and indirectly infringing at least claim 1 of the '676 Patent, as proscribed by 35 U.S.C. §§ 271 *et seq.*, by, without permission or authority from Plaintiffs, making, using, offering to sell, selling, and/or importing Yealink's A20-020-TEAMS Video Bar and WPP30 Presentation Pod.

72.     Yealink's A20-020-TEAMS Video Bar and WPP30 Presentation Pod are used to connect one or more processing devices, each processing device being a user device of one

participant in a meeting with a plurality of participants, to a wireless communications network having a base node with one or more first displays, the one or more processing devices each having a memory, a second display and an operating system with at least one pre-installed generic driver providing a generic communications protocol for communication between the processing device and a class of peripheral devices.  Yealink's A20-020-TEAMS Video Bar is a base node, the base node being coupled to a first display.  When setting up and/or testing the system, a user would plug in a peripheral device (e.g., a WPP30 Presentation Pod) to the processing device (e.g., a laptop or other computer device).  The WPP30 then couples to the computer device.  The WPP30 has a wireless transceiver.  The WPP30 sets up, using a pre-installed generic driver of the operating system, a means for communication between the peripheral device and the processing device.  The system then couples the processing device to the wireless communications network via the peripheral device; running a client application stored on the peripheral device to obtain screen scraped data.  The system further routes the screen scraped data between the processing device and the wireless communications network via the means for communication for display on the one or more first displays of the base node, wherein the generic communication protocol is used for transferring the screen scraped data for display between the processing device and the peripheral device.  The system also obtains electronic access to the one or more first displays for display of the screen scraped data.  Displays connected to the A20-020-TEAMS Video Bar display the screen scraped data on the one or more first displays in accordance with a set of rules, one of the rules being a forcing rule that display on the one or more first displays of new screen scraped data is obtained by the action of only one participant involved in the meeting, without requiring the agreement of another participant, the new screen scraped data of any participant for display

overrides or replaces any data displayed on the one or more first displays from the same or another participant of the meeting.

73.     Defendants are, and have been, aware of their inducement of their respective customers to use, sell, and offer to sell the Infringing Products.  Defendants have been aware of the '676 Patent and have been aware that their customers' use of, sale of, and offer to sell the Infringing Products constitutes an act of infringement.

74.     As a direct and proximate result of Defendants' infringement of the '676 Patent, Barco has been and continues to be damaged.

75.     By engaging in the conduct described herein, Defendants have injured Plaintiffs and are thus liable for infringement of the '676 Patent, pursuant to 35 U.S.C. § 271.

76.     Defendants have committed these acts of infringement without license or authorization.

77.     Defendants have committed these acts of infringement with knowledge of the '676 Patent and thus have acted recklessly and willfully with regard to their infringement of Barco's rights in the '676 Patent.

78.     In accordance with 35 U.S.C. § 287, Yealink has had actual notice and knowledge of its alleged infringement of the '676 Patent no later than the filing of this complaint and/or the date this complaint was served upon Defendants.  On information and belief, Defendants continue without license to use, import into, sell, and/or induce others to use in the United States its A20-020-TEAMS Video Bar and WPP30 Presentation Pod.

79.     As a result of Defendants' willful infringement of the '676 Patent, Plaintiffs have suffered monetary damages and are entitled to a monetary judgment in an amount adequate to

compensate for Defendants' past infringement, together with enhanced damages, attorney's fees, interest, and costs.

## COUNT V—INFRINGEMENT OF THE '237 PATENT

80.     The allegations set forth in each preceding paragraph are incorporated herein by reference.

81.     Upon information and belief, Defendants are now and/or have been directly and indirectly infringing at least claim 1 of the '237 Patent, as proscribed by 35 U.S.C. §§ 271 *et seq*., by, without permission or authority from Plaintiffs, making, using, offering to sell, selling, and/or importing Yealink's WPP30 Presentation Pod, whose use with a connected device, infringes the method claimed in claim 1 of the '237 Patent.

82.     Yealink's WPP30 Presentation Pod, when used in connection with a user's laptop, performs a method for connecting a processing device to a communications network, the processing device having a memory, a display, an operating system and communication between processing device and a class of peripheral devices.  The WPP30 Presentation Pod couples an external peripheral device physically to a port of the processing device, the external peripheral device having a transceiver and a connector configured to couple to the port of the processing device, and presenting the external peripheral device to the processing device as a human interface device.  The WPP30 Presentation Pod communicates at least one of audio data and display data from the processing device to the external peripheral device via the human interface device.  The WPP30 Presentation Pod reads the audio data from the port.  The WPP30 Presentation Pod connects the processing device to a communications network via the transceiver.  The WPP30 Presentation Pod routes display data and audio data between the processing device and the communication network via the transceiver and further to a base node.

83.     Defendants are, and have been, aware of their inducement of their respective customers to use, sell, and offer to sell the Infringing Products.  Defendants have been aware of the '237 Patent and have been aware that their customers' use of, sale of, and offer to sell the Infringing Products constitutes an act of infringement.

84.     As a direct and proximate result of Defendants' infringement of the '237 Patent, Barco has been and continues to be damaged.

85.     By engaging in the conduct described herein, Defendants have injured Plaintiffs and are thus liable for infringement of the '237 Patent, pursuant to 35 U.S.C. § 271.

86.     Defendants have committed these acts of infringement without license or authorization.

87.     Defendants have committed these acts of infringement with knowledge of the '237 Patent and thus have acted recklessly and willfully with regard to their infringement of Barco's rights in the '237 Patent.

88.     In accordance with 35 U.S.C. § 287, Yealink has had actual notice and knowledge of its alleged infringement of the '237 Patent as of at least August 24, 2023 and no later than the filing of this complaint and/or the date this complaint was served upon Defendants.   On information and belief, Defendants continue without license to make, use, import into, sell, and/or induce others to use in the United States its WPP30 Presentation Pod.

89.     As a result of Defendants' willful infringement of the '237 Patent, Plaintiffs have suffered monetary damages and are entitled to a monetary judgment in an amount adequate to compensate for Defendants' past infringement, together with enhanced damages, attorney's fees, interest, and costs.

## COUNT VI—INFRINGEMENT OF THE '951 PATENT

90.     The allegations set forth in each preceding paragraph are incorporated herein by reference.

91.     Upon information and belief, Defendants are now and/or have been directly and indirectly infringing at least claim 1 of the '951 Patent, as proscribed by 35 U.S.C. §§ 271 *et seq.*, by, without permission or authority from Plaintiffs, making, using, offering to sell, selling, and/or importing Yealink's A20-020-TEAMS Video Bar and WPP30 Presentation Pod.

92.     Yealink's A20-020-TEAMS Video Bar and WPP30 Presentation Pod are an electronic meeting tool for communicating user selected arbitrary media content from users at a meeting.  Yealink's A20-020-TEAMS Video Bar is a base node, the base node being coupled to a first display, the base node being adapted to receive user selected arbitrary media content from at least one peripheral device via a wireless communications network, and to control display of the user selected arbitrary media content on the first display.  The WPP30 Presentation Pod is a peripheral device being adapted to communicate the user selected arbitrary media content to the wireless communications network.  The WPP30 Presentation Pod includes a) a connector adapted to couple to a port of a user processing device, the user processing device having a second display and a memory, b) a transmitter for transferring user selected arbitrary media content to the wireless communications network, and c) an input device configured to allow the user to carry out a user action on the input device that triggers transfer of said user selected arbitrary media content from the transmitter to the wireless communications network and to the base node through the wireless communications network for display on the first display, the input device being a physical actuator coupled to the at least one peripheral device.

93.     Defendants are, and have been, aware of their inducement of their respective customers to use, sell, and offer to sell the Infringing Products.  Defendants have been aware of

20

the '951 Patent and have been aware that their customers' use of, sale of, and offer to sell the Infringing Products constitutes an act of infringement.

94.     As a direct and proximate result of Defendants' infringement of the '951 Patent, Barco has been and continues to be damaged.

95.     By engaging in the conduct described herein, Defendants have injured Plaintiffs and are thus liable for infringement of the '951 Patent, pursuant to 35 U.S.C. § 271.

96.     Defendants have committed these acts of infringement without license or authorization.

97.     Defendants have committed these acts of infringement with knowledge of the '951 Patent and thus have acted recklessly and willfully with regard to their infringement of Barco's rights in the '951 Patent.

98.     In accordance with 35 U.S.C. § 287, Yealink has had actual notice and knowledge of its alleged infringement of the '951 Patent as of at least May 31, 2023 and no later than the filing of this complaint and/or the date this complaint was served upon Defendants.   On information and belief, Defendants continue without license to use, import into, sell, and/or induce others to use in the United States its A20-020-TEAMS Video Bar and WPP30 Presentation Pod.

99.     As a result of Defendants' willful infringement of the '951 Patent, Plaintiffs have suffered monetary damages and are entitled to a monetary judgment in an amount adequate to compensate for Defendants' past infringement, together with enhanced damages, attorney's fees, interest, and costs.

<u>**PRAYER FOR RELIEF**</u>

**WHEREFORE**, Plaintiffs respectfully request that this Court hereby enter judgment against Defendants and provide relief as follows:

A.      A judgment that Yealink has infringed the Asserted Patents;

B.      A judgment that Yealink's infringement of the Asserted Patents has been willful;

C.      An order preliminarily and permanently enjoining Yealink, and its officers, directors, agents, employees, affiliates, and all others acting in privity or in concert with it, and its parents, subsidiaries, divisions, successors, and assigns from further acts of infringement of the Asserted Patents;

D.      An award against Yealink of damages sufficient to compensate Plaintiffs for Yealink's past infringement of the Asserted Patents;

E.      An award against Yealink of all other damages permitted by 35 U.S.C. § 284, including increased damages up to three times the amount of compensatory damages found;

F.      A full accounting of Yealink's manufacture, use, offer to sell, sale and importation of all Infringing Products and convoyed sale products;

G.      A declaration that this is an exceptional case and an award against Yealink and to Plaintiffs of its reasonable attorneys' fees incurred in this action as provided by 35 U.S.C. § 285;

H.      Such other relief as this Court deems just and proper.


## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs hereby demands a trial by jury on all issues triable of right by jury.

Dated: November 14, 2023

/s/ Melissa R. Smith
Melissa R. Smith (Texas Bar No. 24001351)
**GILLAM & SMITH, LLP**
303 South Washington Avenue
Marshall, Texas 75670
Telephone: +1 903 934 8450
Facsimile: +1 903 934 9257
melissa@gillamsmithlaw.com

Christopher Centurelli (pro hac vice forthcoming)
christopher.centurelli@klgates.com
Anna E. L'Hommedieu (pro hac vice forthcoming)
Anna.lhommedieu@klgates.com
Joshua N. Andrews (pro hac vice forthcoming)
Joshua.Andrews@klgates.com
**K&L GATES LLP**
1 Congress Street, Suite 2900
Boston, MA 02114-2023
Telephone: (617) 261-3100

Erik J. Halverson (pro hac vice forthcoming)
erik.halverson@klgates.com
**K&L GATES LLP**
Four Embarcadero Ctr,
Suite 1200
San Francisco, CA 94111
Telephone: (415) 882-8238

***Attorneys for Plaintiffs***
***Barco, Inc. and Barco N.V.***