## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

| | |
|---|---|
| BARCO, INC. and BARCO NV, <br><br> Plaintiffs, <br><br> v. <br><br> YEALINK (USA) NETWORK TECHNOLOGY CO., LTD., and YEALINK NETWORK TECHNOLOGY CO., LTD., <br><br> Defendants. | Case No. 2:23-cv-00521-JRG-RSP <br><br><br> JURY TRIAL DEMANDED |

## DEFENDANTS YEALINK (USA) NETWORK TECHNOLOGY CO., LTD. AND YEALINK NETWORK TECHNOLOGY CO., LTD.'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFFS' COMPLAINT FOR PATENT INFRINGEMENT

Defendants Yealink (USA) Network Technology Co., Ltd. ("Yealink USA") and Yealink Network Technology Co., Ltd. ("Yealink China") (collectively "Defendants" or "Yealink") hereby answer Barco, Inc. and Barco NV's (collectively "Plaintiffs" or "Barco") Complaint for Patent Infringement ("Complaint") as follows. Yealink denies the allegations and characterizations in the Complaint unless expressly admitted in the following paragraphs. Furthermore, the section headings included herein are included only for purposes of clarity and organization. Yealink denies any allegations that may be implied by or inferred from the headings contained in the Complaint.

DEFENDANTS' ANSWER TO COMPLAINT AND COUNTERCLAIMS          1

I.      **ANSWER TO PLAINTIFFS' COMPLAINT**

**NATURE OF THE ACTION**

1.      Yealink is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 of the Complaint and, on that basis, denies each and every allegation therein.

2.      Yealink denies each and every allegation in Paragraph 2 of the Complaint.

3.      Yealink denies each and every allegation in Paragraph 3 of the Complaint.

**PARTIES**

4.      Yealink is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 of the Complaint and, on that basis, denies each and every allegation therein.

5.      Yealink is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 of the Complaint and, on that basis, denies each and every allegation therein.

6.      Yealink admits that Yealink USA is a company organized under the laws of the state of Georgia in 2014, with a principal place of business at 999 Peachtree Street Ste. 2300, Atlanta, Georgia 30309.  Yealink further admits that Yealink USA is a wholly-owned subsidiary of Yealink China.  Yealink denies all other allegations in Paragraph 6 of the Complaint.

7.      Yealink admits that Yealink China is a company organized under the laws of China and headquartered at 666 Hu'an Road, Huli District, Xiamen, Fujian Province, 361006, China. Yealink denies all other allegations in Paragraph 7 of the Complaint.

8.      Yealink denies each and every allegation in Paragraph 8 of the Complaint.

9.      Yealink admits that Yealink China manufactures, sells, and imports certain wireless presentation tools to resellers, distributors, and consumers in the United States, including in Texas. Yealink all other allegations in Paragraph 9 of the Complaint.

## JURISDICTION AND VENUE

10.     Yealink admits that this action purports to be brought under 35 U.S.C. §§ 271 *et seq*.

11.     Yealink admits that this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

12.     Yealink admits that Yealink China has a Customer Experience Center located at Suite 160, 5445 Legacy Drive, Plano, TX 75024.  Yealink specifically denies that this Court has personal jurisdiction over Yealink USA.  Yealink further denies that Yealink USA has conducted infringing activities in this District or elsewhere and denies any remaining allegations in Paragraph 12 of the Complaint.

13.     Yealink denies that Yealink USA is subject to personal jurisdiction in this District. Yealink further denies that Yealink USA has its principal place of business in this District.  Yealink denies that venue in this District is proper as to Yealink USA.  Yealink specifically denies that Yealink USA has conducted acts of infringement in the District or elsewhere and denies any remaining allegations in Paragraph 13 of the Complaint.

14.     Yealink does not dispute—for purposes of this action only—that Yealink China is subject to this Court's personal jurisdiction.  Yealink admits that Yealink China sells and imports certain wireless presentation tools to resellers, distributors, and consumers in the United States, including in Texas.  Yealink denies all other allegations in Paragraph 14 of the Complaint.

15.     Yealink denies each and every allegation in Paragraph 15 of the Complaint.

16.     Yealink denies each and every allegation in Paragraph 16 of the Complaint.

17.     Yealink does not dispute—at this time and for purposes of this action only—that venue as to Yealink China is proper in this District, but does not waive the right to contest the propriety of venue in another action or to seek transfer to a more convenient forum later in this or another action.  Yealink specifically denies that it has committed acts of infringement in this District or elsewhere and denies any remaining allegations in Paragraph 17 of the Complaint.

18.     Yealink does not dispute this Court's personal jurisdiction over Yealink China for purposes of this action only.  Yealink denies all other allegations in Paragraph 18 of the Complaint.

## PATENTS-IN-SUIT

### A. The Asserted Patents

19.     Yealink is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 of the Complaint and, on that basis, denies each and every allegation therein.

20.     Yealink is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 of the Complaint and, on that basis, denies each and every allegation therein.

21.     Yealink is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 of the Complaint and, on that basis, denies each and every allegation therein.

22.     Yealink is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 of the Complaint and, on that basis, denies each and every allegation therein.

23.     Yealink admits that the '002 Patent is titled "Electronic Tool and Methods With Audio For Meetings" and is issued on September 1, 2020.  Yealink further admits that the '237

Patent is titled "Electronic Tool and Methods With Audio For Meetings" and is issued on August 2, 2022.

24.     Yealink denies each and every allegation in Paragraph 24 of the Complaint.

25.     Yealink admits that Paragraph 25 of the Complaint purports to show a side-by-side comparison of Yealink's product and Barco's device.  Yealink specifically denies that Paragraph 25 accurately describes Yealink's product and denies all other allegations in Paragraph 25 of the Complaint.

26.     Yealink admits that the '832 Patent is titled "Electronic Tool For Communicating Over A Communication Network" and is issued on October 6, 2020.  Yealink further admits that the '103 Patent is titled "Electronic Tool and Methods for Meetings" and is issued on January 26, 2021.

27.     Yealink denies each and every allegation in Paragraph 27 of the Complaint.

28.     Yealink admits that Paragraph 28 of the Complaint purports to show a side-by-side comparison of Yealink's product and Barco's device.  Yealink specifically denies that Paragraph 28 accurately describes Yealink's product and denies all other allegations in Paragraph 28 of the Complaint.

29.     Yealink admits that the '676 Patent is titled "Electronic Tool and Methods for Meetings" and is issued on February 22, 2022.  Yealink further admits that the '951 Patent is titled "Electronic Tool and Methods For Meetings Between Two Users" and is issued on August 23, 2022.

30.     Yealink denies each and every allegation in Paragraph 30 of the Complaint.

31.     Yealink admits that Paragraph 31 of the Complaint purports to show a side-by-side comparison of Yealink's product and Barco's device.  Yealink specifically denies that Paragraph

31 accurately describes Yealink's product and denies all other allegations in Paragraph 31 of the Complaint.

32.     Yealink is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32 of the Complaint and, on that basis, denies each and every allegation therein.

### B. Yealink's Purported Infringing Products

33.     Yealink admits that it sells and imports certain wireless presentation tools to resellers, distributors, and consumers in the United States, including in Texas.  Yealink denies all other allegations in Paragraph 33 of the Complaint.

34.     Yealink denies each and every allegation in Paragraph 34 of the Complaint.

35.     Yealink denies each and every allegation in Paragraph 35 of the Complaint

### B. Yealink's Purported Refusal to Cease Infringement of Barco's Patents

36.     Yealink admits that it received a letter from Barco in May 2023 regarding alleged infringement of certain patents.  Yealink specifically denies that it has committed unlawful patent infringement and denies any remaining allegations in Paragraph 36 of the Complaint.

37.     Yealink admits that in Barco's May 2023 letter to Yealink, Barco identified Yealink's A20-020-TEAMS Video Bar and WPP30 Presentation Pod as allegedly infringing the '002, '832, and '951 Patents.  Yealink denies that A20-020-TEAMS Video Bar and WPP30 Presentation Pod infringe the '002, '832, and '951 Patents and denies any remaining allegations in Paragraph 37 of the Complaint.

38.     Yealink admits that on August 24, 2023, it received a letter from Barco, which identified Yealink's A20-020-TEAMS Video Bar and WPP30 Presentation Pod as allegedly infringing the '002, '832, '951, '103, '237 Patents.  Yealink denies that A20-020-TEAMS Video

Bar and WPP30 Presentation Pod infringe the '002, '832, '951, '103, '237 Patents and denies any remaining allegations in Paragraph 38 of the Complaint.

39.     Yealink denies each and every allegation in Paragraph 39 of the Complaint.

## COUNT I—ALLEGED INFRINGEMENT OF THE '002 PATENT

40.     Paragraph 40 does not contain any allegations of facts, and, therefore, no answer is required.  Yealink incorporates by reference its responses in Paragraphs 1 through 39 as though fully set forth herein.  Otherwise, denied.

41.     Yealink denies each and every allegation in Paragraph 41 of the Complaint.

42.     Yealink denies each and every allegation in Paragraph 42 of the Complaint.

43.     Yealink denies each and every allegation in Paragraph 43 of the Complaint.

44.     Yealink denies each and every allegation in Paragraph 44 of the Complaint.

45.     Yealink denies each and every allegation in Paragraph 45 of the Complaint.

46.     Yealink denies each and every allegation in Paragraph 46 of the Complaint.

47.     Yealink denies each and every allegation in Paragraph 47 of the Complaint.

48.     Yealink denies each and every allegation in Paragraph 48 of the Complaint.

49.     Yealink denies each and every allegation in Paragraph 49 of the Complaint.

## COUNT II—ALLEGED INFRINGEMENT OF THE '832 PATENT

50.     Paragraph 50 does not contain any allegations of facts, and, therefore, no answer is required.  Yealink incorporates by reference its responses in Paragraphs 1 through 49 as though fully set forth herein.  Otherwise, denied.

51.     Yealink denies each and every allegation in Paragraph 51 of the Complaint.

52.     Yealink denies each and every allegation in Paragraph 52 of the Complaint.

53.     Yealink denies each and every allegation in Paragraph 53 of the Complaint.

54.     Yealink denies each and every allegation in Paragraph 54 of the Complaint.

55.     Yealink denies each and every allegation in Paragraph 55 of the Complaint.

56.     Yealink denies each and every allegation in Paragraph 56 of the Complaint.

57.     Yealink denies each and every allegation in Paragraph 57 of the Complaint.

58.     Yealink denies each and every allegation in Paragraph 58 of the Complaint.

59.     Yealink denies each and every allegation in Paragraph 59 of the Complaint.

## COUNT III—ALLEGED INFRINGEMENT OF THE '103 PATENT

60.     Paragraph 60 does not contain any allegations of facts, and, therefore, no answer is required.  Yealink incorporates by reference its responses in Paragraphs 1 through 59 as though fully set forth herein.  Otherwise, denied.

61.     Yealink denies each and every allegation in Paragraph 61 of the Complaint.

62.     Yealink denies each and every allegation in Paragraph 62 of the Complaint.

63.     Yealink denies each and every allegation in Paragraph 63 of the Complaint.

64.     Yealink denies each and every allegation in Paragraph 64 of the Complaint.

65.     Yealink denies each and every allegation in Paragraph 65 of the Complaint.

66.     Yealink denies each and every allegation in Paragraph 66 of the Complaint.

67.     Yealink denies each and every allegation in Paragraph 67 of the Complaint.

68.     Yealink denies each and every allegation in Paragraph 68 of the Complaint.

69.     Yealink denies each and every allegation in Paragraph 69 of the Complaint.

## COUNT IV—ALLEGED INFRINGEMENT OF THE '676 PATENT

70.     Paragraph 70 does not contain any allegations of facts, and, therefore, no answer is required.  Yealink incorporates by reference its responses in Paragraphs 1 through 69 as though fully set forth herein.  Otherwise, denied.

71.     Yealink denies each and every allegation in Paragraph 71 of the Complaint.

72.     Yealink denies each and every allegation in Paragraph 72 of the Complaint.

73.     Yealink denies each and every allegation in Paragraph 73 of the Complaint.

74.     Yealink denies each and every allegation in Paragraph 74 of the Complaint.

75.     Yealink denies each and every allegation in Paragraph 75 of the Complaint.

76.     Yealink denies each and every allegation in Paragraph 76 of the Complaint.

77.     Yealink denies each and every allegation in Paragraph 77 of the Complaint.

78.     Yealink denies each and every allegation in Paragraph 78 of the Complaint.

79.     Yealink denies each and every allegation in Paragraph 79 of the Complaint.

## COUNT V—ALLEGED INFRINGEMENT OF THE '237 PATENT

80.     Paragraph 80 does not contain any allegations of facts, and, therefore, no answer is required.  Yealink incorporates by reference its responses in Paragraphs 1 through 79 as though fully set forth herein.  Otherwise, denied.

81.     Yealink denies each and every allegation in Paragraph 81 of the Complaint.

82.     Yealink denies each and every allegation in Paragraph 82 of the Complaint.

83.     Yealink denies each and every allegation in Paragraph 83 of the Complaint.

84.     Yealink denies each and every allegation in Paragraph 84 of the Complaint.

85.     Yealink denies each and every allegation in Paragraph 85 of the Complaint.

86.     Yealink denies each and every allegation in Paragraph 86 of the Complaint.

87.     Yealink denies each and every allegation in Paragraph 87 of the Complaint.

88.     Yealink denies each and every allegation in Paragraph 88 of the Complaint.

89.     Yealink denies each and every allegation in Paragraph 89 of the Complaint.

## COUNT VI—ALLEGED INFRINGEMENT OF THE '951 PATENT

90.     Paragraph 90 does not contain any allegations of facts, and, therefore, no answer is required.  Yealink incorporates by reference its responses in Paragraphs 1 through 89 as though fully set forth herein.  Otherwise, denied.

91.     Yealink denies each and every allegation in Paragraph 91 of the Complaint.

92.     Yealink denies each and every allegation in Paragraph 92 of the Complaint.

93.     Yealink denies each and every allegation in Paragraph 93 of the Complaint.

94.     Yealink denies each and every allegation in Paragraph 94 of the Complaint.

95.     Yealink denies each and every allegation in Paragraph 95 of the Complaint.

96.     Yealink denies each and every allegation in Paragraph 96 of the Complaint.

97.     Yealink denies each and every allegation in Paragraph 97 of the Complaint.

98.     Yealink denies each and every allegation in Paragraph 98 of the Complaint.

99.     Yealink denies each and every allegation in Paragraph 99 of the Complaint.

## RESPONSE TO PRAYER FOR RELIEF

To the extent that the Prayer for Relief section of the Complaint is deemed to allege any facts or entitlements to the relief requested, Yealink denies each and every allegation. Specifically, Yealink denies that Barco has any valid claim and is entitled to any relief whatsoever.

## JURY DEMAND

Yealink admits that Barco has demanded a trial by jury, and Yealink also demands a jury trial.

## II.     ADDITIONAL AND AFFIRMATIVE DEFENSES

Yealink asserts the following additional and affirmative defenses without assuming any burden of proof when such burden would otherwise be on Barco.   Yealink repeats and incorporates by reference each of its answers in paragraphs 1 through 99 and the Response to Prayer for Relief as set forth above with each of the following defenses as if fully set forth

herein.  Further, Yealink specifically reserves all rights to assert additional defenses and affirmative defenses as additional information becomes available.

## FIRST DEFENSE

Barco has failed to plead its claims with sufficient specificity or factual support to place Yealink on notice of the claims Plaintiff is asserting against it, such that Plaintiff failed to state a claim upon which relief can be granted.

## SECOND DEFENSE

Yealink has not infringed and does not infringe any valid and enforceable claim of the '002, '832, '103, '676, '237, '951 Patents, either directly or indirectly, either literally or under the doctrine of equivalents, because the accused instrumentalities do not practice every claimed limitation of any claim of the '002, '832, '103, '676, '237, '951 Patents.

## THIRD DEFENSE

The claims of the '002, '832, '103, '676, '237, '951 Patents are invalid for failure to meet the requirements of one or more sections of Title 35, United States Code, and/or Title 37, Code of Federal Regulations, including but not limited to one or more of 35 U.S.C. §§ 101, 102, 103 and 112.

## FOURTH DEFENSE

Barco's claims against Yealink are barred, in whole or in part, by the doctrines of prosecution history estoppel and disclaimer, including based on the patent applicant's statements, arguments, and acquiescence to the U.S. Patent & Trademark Office ("USPTO")'s examiner during the prosecution of U.S. Patent Application No. 14/344,836, which issued as the '002 Patent, U.S. Patent Application No. 14/278,442, which issued as the '832 Patent, U.S. Patent Application No. 14/725,401, which issued as the '103 Patent, U.S. Patent Application No. 17/121,919, which

issued as the '676 Patent, U.S. Patent Application No. 16/852,790, which issued as the '237 Patent, and U.S. Patent Application No. 16/990,215, which issued as the '951 Patent.

## FIFTH DEFENSE

Yealink has not committed any acts of infringement, willful or otherwise, in this District or elsewhere, and the '002, '832, '103, '676, '237, '951 Patents are invalid, and thus Barco cannot prove that it is entitled to enhanced damages or that this case is otherwise exceptional under 35 U.S.C. § 285.

## SIXTH DEFENSE

Barco's claims against Yealink for recovery are barred, in whole or in part, by 35 U.S.C. § 286.  For the purposes of this defense, the relevant calculation period for damages—as prescribed by statute—cannot be more than six years prior to the filing of the Original Complaint.

## SEVENTH DEFENSE

Barco's claims against Yealink for recovery are barred, in whole or in part, by 35 U.S.C. § 287.

## EIGHTH DEFENSE

Barco is precluded from recovering costs under 35 U.S.C. § 288.

## NINTH DEFENSE

Barco is not entitled to any injunctive relief because, among other reasons, any alleged injury is not immediate or irreparable, and Barco has an adequate remedy at law for any alleged injury.

**TENTH DEFENSE**

Barco's claims against Yealink are barred or limited by the doctrines of patent

exhaustion, implied or express license, acquiescence, unclean hands, laches, estoppel, waiver,

have-made rights, and/or other equitable doctrines.

**ELEVENTH DEFENSE**

To the extent that Barco does not hold all substantial rights in any of the '002, '832, '103,

'676, '237, '951 Patents, Barco lacks standing to assert claims of alleged infringement of these

patents.

**TWELFTH DEFENSE**

To the extent that Barco claims infringement under the Doctrine of Equivalents, Barco's

claims are barred under the Doctrine of Ensnarement, which prohibits Barco from asserting an

infringement theory under Doctrine of Equivalents that encompasses, or "ensnares," the prior art.

**COUNTERCLAIMS**

Yealink (USA) Network Technology Co., Ltd. ("Yealink USA") and Yealink Network

Technology Co., Ltd. ("Yealink China") (collectively "Counterclaimants" or "Yealink") allege

and assert the following counterclaims against Barco, Inc. and Barco NV's (collectively

"Counterclaim Defendants" or "Barco").

**PARTIES**

1.      Counterclaimant Yealink USA was a Georgia corporation with its principal place

of business located at 999 Peachtree Street Ste. 2300, Atlanta, Georgia 30309.  Counterclaim

Yealink China is a company based in Xiamen, China and headquartered at 666 Hu'an Road, Huli

District, Xiamen, Fujian Province, 361009, China.

2.      On information and belief, Counterclaim Defendant Barco, Inc. is a company incorporated under the laws of Delaware, and has a principle place of business at 3059 Premiere Pkwy, Ste. 400, Duluth, Georgia, 30097.  On information and belief, Counterclaim Defendant Barco NV is a company incorporated under the laws of Belgium with its principal operating business located at Beneluxpark 21, BE-8500 Kortrijk, Belgium.

<u>**JURISDICTION AND VENUE**</u>

3.      These Counterclaims arise under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, and the Declaratory Judgement Act, 28 U.S.C. §§ 2201-02.

4.      Subject to Yealink's defenses and denials stated above, this Court has jurisdiction over the subject matter of these Counterclaims under 28 U.S.C. §§ 1331, 1338(a), 1367, and 2201-02.

5.      This Court has personal jurisdiction over Barco because, inter alia, Barco has submitted to the jurisdiction of this Court by purposefully availing itself of the benefits and protections of the laws of this District by filing suit in this District.

6.      Subject to Yealink's defenses and denials stated above, venue for this Counterclaim is proper in this District because Barco has consented to this venue through the filing of a claim of patent infringement against Yealink in this District, in response to which this Counterclaim is being asserted.

<u>**COUNT I (Declaratory Judgement of Noninfringement of the '002 Patent)**</u>

7.      Yealink realleges and incorporates by reference the allegations in Paragraphs 1-6 of its Counterclaims and all of the Defenses and Additional and Affirmative Defenses above as if fully set forth herein.

8.      Although Barco alleges in its Complaint that Yealink has infringed one or more claims of the '002 Patent, Yealink has not infringed and does not infringe any valid and enforceable

claim of the '002 Patent, either directly, indirectly, literally or under the doctrine of equivalents, because the accused instrumentalities do not practice every claimed limitation.

9.      An actual controversy exists with respect to the alleged infringement of the '002 Patent.

10.      Absent a declaration and order as sought by Yealink, Barco will continue to wrongfully assert that Yealink has infringed claims of the '002 Patent, thereby causing Yealink irreparable injury and damage.

11.      A judicial determination of the respective rights of the parties with respect to the claims of the '002 Patent is now necessary and appropriate under 28 U.S.C. §§ 2201 and 2202.

### COUNT II (Declaratory Judgement of Noninfringement of the '832 Patent)

12.      Yealink realleges and incorporates by reference the allegations in Paragraphs 1-11 of its Counterclaims and all of the Defenses and Additional and Affirmative Defenses above as if fully set forth herein.

13.      Although Barco alleges in its Complaint that Yealink has infringed one or more claims of the '832 Patent, Yealink has not infringed and does not infringe any valid and enforceable claim of the '832 Patent, either directly, indirectly, literally or under the doctrine of equivalents, because the accused instrumentalities do not practice every claimed limitation.

14.      An actual controversy exists with respect to the alleged infringement of the '832 Patent.

15.      Absent a declaration and order as sought by Yealink, Barco will continue to wrongfully assert that Yealink has infringed claims of the '832 Patent, thereby causing Yealink irreparable injury and damage.

16.      A judicial determination of the respective rights of the parties with respect to the claims of the '832 Patent is now necessary and appropriate under 28 U.S.C. §§ 2201 and 2202.

**COUNT III (Declaratory Judgement of Noninfringement of the '103 Patent)**

17.     Yealink realleges and incorporates by reference the allegations in Paragraphs 1-16 of its Counterclaims and all of the Defenses and Additional and Affirmative Defenses above as if fully set forth herein.

18.     Although Barco alleges in its Complaint that Yealink has infringed one or more claims of the '103 Patent, Yealink has not infringed and does not infringe any valid and enforceable claim of the '103 Patent, either directly, indirectly, literally or under the doctrine of equivalents, because the accused instrumentalities do not practice every claimed limitation.

19.     An actual controversy exists with respect to the alleged infringement of the '103 Patent.

20.     Absent a declaration and order as sought by Yealink, Barco will continue to wrongfully assert that Yealink has infringed claims of the '103 Patent, thereby causing Yealink irreparable injury and damage.

21.     A judicial determination of the respective rights of the parties with respect to the claims of the '103 Patent is now necessary and appropriate under 28 U.S.C. §§ 2201 and 2202.

**COUNT IV (Declaratory Judgement of Noninfringement of the '676 Patent)**

22.     Yealink realleges and incorporates by reference the allegations in Paragraphs 1-21 of its Counterclaims and all of the Defenses and Additional and Affirmative Defenses above as if fully set forth herein.

23.     Although Barco alleges in its Complaint that Yealink has infringed one or more claims of the '676 Patent, Yealink has not infringed and does not infringe any valid and enforceable claim of the '676 Patent, either directly, indirectly, literally or under the doctrine of equivalents, because the accused instrumentalities do not practice every claimed limitation.

24.     An actual controversy exists with respect to the alleged infringement of the '676 Patent.

25.     Absent a declaration and order as sought by Yealink, Barco will continue to wrongfully assert that Yealink has infringed claims of the '676 Patent, thereby causing Yealink irreparable injury and damage.

26.     A judicial determination of the respective rights of the parties with respect to the claims of the '676 Patent is now necessary and appropriate under 28 U.S.C. §§ 2201 and 2202.

**COUNT V (Declaratory Judgement of Noninfringement of the '237 Patent)**

27.     Yealink realleges and incorporates by reference the allegations in Paragraphs 1-26 of its Counterclaims and all of the Defenses and Additional and Affirmative Defenses above as if fully set forth herein.

28.     Although Barco alleges in its Complaint that Yealink has infringed one or more claims of the '237 Patent, Yealink has not infringed and does not infringe any valid and enforceable claim of the '237 Patent, either directly, indirectly, literally or under the doctrine of equivalents, because the accused instrumentalities do not practice every claimed limitation.

29.     An actual controversy exists with respect to the alleged infringement of the '237 Patent.

30.     Absent a declaration and order as sought by Yealink, Barco will continue to wrongfully assert that Yealink has infringed claims of the '237 Patent, thereby causing Yealink irreparable injury and damage.

31.     A judicial determination of the respective rights of the parties with respect to the claims of the '237 Patent is now necessary and appropriate under 28 U.S.C. §§ 2201 and 2202.

**COUNT VI (Declaratory Judgement of Noninfringement of the '951 Patent)**

32.     Yealink realleges and incorporates by reference the allegations in Paragraphs 1-31 of its Counterclaims and all of the Defenses and Additional and Affirmative Defenses above as if fully set forth herein.

33.     Although Barco alleges in its Complaint that Yealink has infringed one or more claims of the '951 Patent, Yealink has not infringed and does not infringe any valid and enforceable claim of the '951 Patent, either directly, indirectly, literally or under the doctrine of equivalents, because the accused instrumentalities do not practice every claimed limitation.

34.     An actual controversy exists with respect to the alleged infringement of the '951 Patent.

35.     Absent a declaration and order as sought by Yealink, Barco will continue to wrongfully assert that Yealink has infringed claims of the '951 Patent, thereby causing Yealink irreparable injury and damage.

36.     A judicial determination of the respective rights of the parties with respect to the claims of the '951 Patent is now necessary and appropriate under 28 U.S.C. §§ 2201 and 2202.

**COUNT VII (Declaratory Judgement of Invalidity of the '002 Patent)**

37.     Yealink realleges and incorporates by reference the allegations in Paragraphs 1-36 of its Counterclaims and all of the Defenses and Additional and Affirmative Defenses above as if fully set forth herein.

38.     Barco alleges in its Complaint that the '002 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.  However, on information and belief, each claim of the '002 Patent asserted against Yealink is invalid for failing to comply with one or more of the requirements for patentability set forth in 35 U.S.C. § 101 *et seq.*, including but not limited to sections 101, 102, 103, and 112.

39.     An actual controversy exists with respect to the alleged infringement of the '002 Patent and the validity of the claims of the '002 Patent.

40.     Absent a declaration and order as sought by Yealink, Barco will continue to wrongfully assert that Yealink has infringed the '002 Patent, thereby causing Yealink irreparable injury and damage.

41.     A judicial determination of the respective rights of the parties with respect to the invalidity of the claims of the '002 Patent is now necessary and appropriate under 28 U.S.C. §§ 2201 and 2202.

## COUNT VIII (Declaratory Judgement of Invalidity of the '832 Patent)

42.     Yealink realleges and incorporates by reference the allegations in Paragraphs 1-41 of its Counterclaims and all of the Defenses and Additional and Affirmative Defenses above as if fully set forth herein.

43.     Barco alleges in its Complaint that the '832 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.  However, on information and belief, each claim of the '832 Patent asserted against Yealink is invalid for failing to comply with one or more of the requirements for patentability set forth in 35 U.S.C. § 101 *et seq.*, including but not limited to sections 101, 102, 103, and 112.

44.     An actual controversy exists with respect to the alleged infringement of the '832 Patent and the validity of the claims of the '832 Patent.

45.     Absent a declaration and order as sought by Yealink, Barco will continue to wrongfully assert that Yealink has infringed the '832 Patent, thereby causing Yealink irreparable injury and damage.

46.     A judicial determination of the respective rights of the parties with respect to the invalidity of the claims of the '832 Patent is now necessary and appropriate under 28 U.S.C. §§ 2201 and 2202.

### COUNT IX (Declaratory Judgement of Invalidity of the '103 Patent)

47.     Yealink realleges and incorporates by reference the allegations in Paragraphs 1-46 of its Counterclaims and all of the Defenses and Additional and Affirmative Defenses above as if fully set forth herein.

48.     Barco alleges in its Complaint that the '103 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.  However, on information and belief, each claim of the '103 Patent asserted against Yealink is invalid for failing to comply with one or more of the requirements for patentability set forth in 35 U.S.C. § 101 *et seq.*, including but not limited to sections 101, 102, 103, and 112.

49.     An actual controversy exists with respect to the alleged infringement of the '103 Patent and the validity of the claims of the '103 Patent.

50.     Absent a declaration and order as sought by Yealink, Barco will continue to wrongfully assert that Yealink has infringed the '103 Patent, thereby causing Yealink irreparable injury and damage.

51.     A judicial determination of the respective rights of the parties with respect to the invalidity of the claims of the '103 Patent is now necessary and appropriate under 28 U.S.C. §§ 2201 and 2202.

### COUNT X (Declaratory Judgement of Invalidity of the '676 Patent)

52.     Yealink realleges and incorporates by reference the allegations in Paragraphs 1-51 of its Counterclaps and all of the Defenses and Additional and Affirmative Defenses above as if fully set forth herein.

53.     Barco alleges in its Complaint that the '676 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.  However, on information and belief, each claim of the '676 Patent asserted against Yealink is invalid for failing to comply with one or more of the requirements for patentability set forth in 35 U.S.C. § 101 *et seq.*, including but not limited to sections 101, 102, 103, and 112.

54.     An actual controversy exists with respect to the alleged infringement of the '676 Patent and the validity of the claims of the '676 Patent.

55.     Absent a declaration and order as sought by Yealink, Barco will continue to wrongfully assert that Yealink has infringed the '676 Patent, thereby causing Yealink irreparable injury and damage.

56.     A judicial determination of the respective rights of the parties with respect to the invalidity of the claims of the '676 Patent is now necessary and appropriate under 28 U.S.C. §§ 2201 and 2202.

### COUNT XI (Declaratory Judgement of Invalidity of the '237 Patent)

57.     Yealink realleges and incorporates by reference the allegations in Paragraphs 1-56 of its Counterclaims and all of the Defenses and Additional and Affirmative Defenses above as if fully set forth herein.

58.     Barco alleges in its Complaint that the '237 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.  However, on information and belief, each claim of the '237 Patent asserted against Yealink is invalid for failing to comply with one or more of the requirements for patentability set forth in 35 U.S.C. § 101 *et seq.*, including but not limited to sections 101, 102, 103, and 112.

59.     An actual controversy exists with respect to the alleged infringement of the '237 Patent and the validity of the claims of the '237 Patent.

60.     Absent a declaration and order as sought by Yealink, Barco will continue to wrongfully assert that Yealink has infringed the '237 Patent, thereby causing Yealink irreparable injury and damage.

61.     A judicial determination of the respective rights of the parties with respect to the invalidity of the claims of the '237 Patent is now necessary and appropriate under 28 U.S.C. §§ 2201 and 2202.

<u>**COUNT XII (Declaratory Judgement of Invalidity of the '951 Patent)**</u>

62.     Yealink realleges and incorporates by reference the allegations in Paragraphs 1-61 of its Counterclaims and all of the Defenses and Additional and Affirmative Defenses above as if fully set forth herein.

63.     Barco alleges in its Complaint that the '951 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.  However, on information and belief, each claim of the '951 Patent asserted against Yealink is invalid for failing to comply with one or more of the requirements for patentability set forth in 35 U.S.C. § 101 *et seq.*, including but not limited to sections 101, 102, 103, and 112.

64.     An actual controversy exists with respect to the alleged infringement of the '951 Patent and the validity of the claims of the '951 Patent.

65.     Absent a declaration and order as sought by Yealink, Barco will continue to wrongfully assert that Yealink has infringed the '951 Patent, thereby causing Yealink irreparable injury and damage.

66.     A judicial determination of the respective rights of the parties with respect to the invalidity of the claims of the '951 Patent is now necessary and appropriate under 28 U.S.C. §§ 2201 and 2202.

## YEALINK'S PRAYER FOR RELIEF

Wherefore, Yealink respectfully requests that the Court enter an Order and Judgement against Barco, as follows:

a. Granting judgement in favor of Yealink and against Barco on all counts;

b. Dismissing with prejudice Barco's Complaint and all purported causes of action therein against Yealink, denying any and all relief sought by Barco, and ordering that Barco take nothing by reason of its Complaint;

c. Declaring that Yealink has not infringed and is not currently infringing any claim of the '002, '832, '103, '676, '237, '951 Patents;

d. Declaring that the claims of the '002, '832, '103, '676, '237, '951 Patents are invalid;

e. Awarding Yealink its costs and expenses incurred in this action to the extent authorized by applicable law, including its reasonable attorneys' fees under 35 U.S.C. § 285;

f. That Yealink be awarded its costs incurred in this action; and

g. Awarding any other such relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Yealink demands a trial by jury as to all issues so triable.

Dated: March 18, 2024                    Respectfully submitted,

                                         /s/ Natalie A. Bennett
                                         _____

                                         Natalie A. Bennett*
                                         Illinois State Bar No. 6304611
                                         natalie.bennett@morganlewis.com
                                         **Morgan, Lewis & Bockius LLP**
                                         1111 Pennsylvania Avenue, NW
                                         Washington, DC 20004-2541
                                         T: (202) 739-5559
                                         F: (202) 739-3001

                                         Elizabeth M. Chiaviello
                                         Texas State Bar No. 24088913
                                         *elizabeth.chiaviello@morganlewis.com*
                                         **Morgan, Lewis & Bockius LLP**
                                         1717 Main Street, Suite 3200
                                         Dallas, Texas 75201
                                         T. (214) 466-4000
                                         F. (214) 466-4001

                                         Ahren C. Hsu-Hoffman
                                         Texas State Bar No. 24053269
                                         *ahren.hsu-hoffman@morganlewis.com*
                                         **Morgan, Lewis & Bockius LLP**
                                         1400 Page Mill Road
                                         Palo Alto, CA 94304-1124
                                         T. (650) 843-4000
                                         F. (650) 843-4001

                                         *Admitted to practice*

                                         ***Attorneys for Defendants Yealink (USA)
                                         Network Technology Co., Ltd. and Yealink
                                         Network Technology Co., Ltd.***

## **CERTIFICATE OF SERVICE**

I certify that on March 18, 2024, a true and correct copy of the foregoing instrument was electronically filed and served on all counsel of record using the Court's CM/ECF system, in accordance with the Federal Rules of Civil Procedure and Local Rule 5.1.

*/s/ Natalie A. Bennett*
Natalie A. Bennett