UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

|  |  |
|---|---|
| BARCO, INC. and BARCO NV, | ) ) ) |
| Plaintiffs, | ) ) ) Case No. 2:23-cv-00521-JRG-RSP |
| v. | ) ) ) |
| YEALINK (USA) NETWORK TECHNOLOGY CO., LTD., and YEALINK NETWORK TECHNOLOGY CO., LTD. | ) ) ) ) ) ) |
| Defendants. | ) ) |

**PLAINTIFFS' ANSWER TO DEFENDANTS' COUNTERCLAIMS**

Plaintiffs Barco, Inc. and Barco NV (collectively, "Barco" or "Plaintiffs") answer the Counterclaims (ECF 19) filed by defendants Yealink (USA) Network Technology Co., Ltd. ("Yealink USA"), and Yealink Network Technology Co., Ltd. ("Yealink China") (collectively, "Yealink" or "Defendants"). For ease of reference, Plaintiffs repeat the headings employed by Defendants throughout the Counterclaims, but state that because these are not assertions of law or fact, they therefore do not require a response. To the extent that the headings contained in the Counterclaims can be read as allegations that require a response, Plaintiffs deny the allegations.

**PARTIES**

1. Plaintiffs lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 1, and therefore deny them. Plaintiffs admit Yealink China is a company based in Xiamen, China and allegedly headquartered at 666 Hu'an

1

Road, Huli District, Xiamen, Fujian Province, 361009, China. Plaintiffs deny the remaining allegations contained in Paragraph 1.

2. Plaintiffs admit the allegations contained in Paragraph 2.

## JURISDICTION AND VENUE

3. Paragraph 3 asserts a legal conclusion to which no response is required. To the extent a response is required, Plaintiffs admit the allegations contained in Paragraph 3.

4. Paragraph 4 asserts a legal conclusion to which no response is required. To the extent a response is required, Plaintiffs admit the allegations contained in Paragraph 4.

5. Paragraph 5 asserts a legal conclusion to which no response is required. To the extent a response is required, Plaintiffs admit this Court has jurisdiction over this case and denies any additional allegations contained in Paragraph 5.

6. Paragraph 6 asserts a legal conclusion to which no response is required. To the extent a response is required, Plaintiffs admit venue is proper before this Court for this case and denies any additional allegations contained in Paragraph 6.

## COUNT I (Declaratory Judgement of Noninfringement of the '002 Patent)

7. Paragraph 7 contains no facts and therefore there is nothing to admit or deny.

8. Paragraph 8 asserts a legal conclusion to which no response is required. To the extent a response is required, Plaintiffs admit that they allege in their Complaint that Yealink has infringed one or more claims of the '002 Patent. Plaintiffs deny the remaining allegations contained in Paragraph 8.

9. Paragraph 9 asserts a legal conclusion to which no response is required. To the extent a response is required, Plaintiffs admit the allegations contained in Paragraph 9.

10.     Paragraph 10 asserts a legal conclusion to which no response is required.  To the extent a response is required, Plaintiffs admit they assert Yealink has infringed claims of the '002 Patent, but deny the remaining allegations contained in Paragraph 10.

11.     Paragraph 11 asserts a legal conclusion, to which no response is required.  To the extent a response is required, Plaintiffs admit the allegations contained in Paragraph 11.

**COUNT II (Declaratory Judgement of Noninfringement of the '832 Patent)**

12.     Paragraph 12 contains no facts and therefore there is nothing to admit or deny.

13.     Paragraph 13 asserts a legal conclusion to which no response is required.  To the extent a response is required, Plaintiffs admit they allege in their Complaint that Yealink has infringed one or more claims of the '832 Patent.  Plaintiffs deny the remaining allegations contained in Paragraph 13.

14.     Paragraph 14 asserts a legal conclusion to which no response is required.  To the extent a response is required, Plaintiffs admit the allegations contained in Paragraph 14.

15.     Paragraph 15 asserts a legal conclusion to which no response is required.  To the extent a response is required, Plaintiffs admit they assert Yealink has infringed claims of the '832 Patent, but deny the remaining allegations contained in Paragraph 15.

16.     Paragraph 16 asserts a legal conclusion, to which no response is required.  To the extent a response is required, Plaintiffs admit the allegations contained in Paragraph 16.

**COUNT III (Declaratory Judgement of Noninfringement of the '103 Patent)**

17.     Paragraph 17 contains no facts and therefore there is nothing to admit or deny.

18.     Paragraph 18 asserts a legal conclusion to which no response is required.  To the extent a response is required, Plaintiffs admit they allege in their Complaint that Yealink has

infringed one or more claims of the '103 Patent. Plaintiffs deny the remaining allegations contained in Paragraph 18.

19. Paragraph 19 asserts a legal conclusion to which no response is required. To the extent a response is required, Plaintiffs admit the allegations contained in Paragraph 19.

20. Paragraph 20 asserts a legal conclusion to which no response is required. To the extent a response is required, Plaintiffs admit they assert Yealink has infringed claims of the '103 Patent, but deny the remaining allegations contained in Paragraph 20.

21. Paragraph 21 asserts a legal conclusion, to which no response is required. To the extent a response is required, Plaintiffs admit the allegations contained in Paragraph 21.

**COUNT IV (Declaratory Judgement of Noninfringement of the '676 Patent)**

22. Paragraph 22 contains no facts and therefore there is nothing to admit or deny.

23. Paragraph 23 asserts a legal conclusion to which no response is required. To the extent a response is required, Plaintiffs admit they allege in their Complaint that Yealink has infringed one or more claims of the '676 Patent. Plaintiffs deny the remaining allegations contained in Paragraph 23.

24. Paragraph 24 asserts a legal conclusion to which no response is required. To the extent a response is required, Plaintiffs admit the allegations contained in Paragraph 24.

25. Paragraph 25 asserts a legal conclusion to which no response is required. To the extent a response is required, Plaintiffs admit they assert Yealink has infringed claims of the '676 Patent, but deny the remaining allegations contained in Paragraph 25.

26. Paragraph 26 asserts a legal conclusion, to which no response is required. To the extent a response is required, Plaintiffs admit the allegations contained in Paragraph 26.

**COUNT V (Declaratory Judgement of Noninfringement of the '237 Patent)**

27. Paragraph 27 contains no facts and therefore there is nothing to admit or deny.

28. Paragraph 28 asserts a legal conclusion to which no response is required. To the extent a response is required, Plaintiffs admit they allege in their Complaint that Yealink has infringed one or more claims of the '237 Patent. Plaintiffs deny the remaining allegations contained in Paragraph 28.

29. Paragraph 29 asserts a legal conclusion to which no response is required. To the extent a response is required, Plaintiffs admit the allegations contained in Paragraph 29.

30. Paragraph 30 asserts a legal conclusion to which no response is required. To the extent a response is required, Plaintiffs admit they assert Yealink has infringed claims of the '237 Patent, but deny the remaining allegations contained in Paragraph 30.

31. Paragraph 31 asserts a legal conclusion, to which no response is required. To the extent a response is required, Plaintiffs admit the allegations contained in Paragraph 31.

**COUNT VI (Declaratory Judgement of Noninfringement of the '951 Patent)**

32. Paragraph 32 contains no facts and therefore there is nothing to admit or deny.

33. Paragraph 33 asserts a legal conclusion to which no response is required. To the extent a response is required, Plaintiffs admit they allege in their Complaint that Yealink has infringed one or more claims of the '951 Patent. Plaintiffs deny the remaining allegations contained in Paragraph 33.

34. Paragraph 34 asserts a legal conclusion to which no response is required. To the extent a response is required, Plaintiffs admit the allegations contained in Paragraph 34.

35. Paragraph 35 asserts a legal conclusion to which no response is required. To the extent a response is required, Plaintiffs admit they assert Yealink has infringed claims of the '951 Patent, but deny the remaining allegations contained in Paragraph 35.

36. Paragraph 36 asserts a legal conclusion, to which no response is required. To the extent a response is required, Plaintiffs admit the allegations contained in Paragraph 36.

### COUNT VII (Declaratory Judgement of Invalidity of the '002 Patent)

37. Paragraph 37 contains no facts and therefore there is nothing to admit or deny.

38. Paragraph 38 asserts a legal conclusion to which no response is required. To the extent a response is required, Plaintiffs admit that they allege in their Complaint that the '002 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code. Plaintiffs deny the remaining allegations contained in Paragraph 38.

39. Paragraph 39 asserts a legal conclusion to which no response is required. To the extent a response is required, Plaintiffs admit the allegations contained in Paragraph 39.

40. Paragraph 40 asserts a legal conclusion to which no response is required. To the extent a response is required, Plaintiffs admit they assert Yealink has infringed the '002 Patent, but deny the remaining allegations contained in Paragraph 40.

41. Paragraph 41 asserts a legal conclusion, to which no response is required. To the extent a response is required, Plaintiffs admit the allegations contained in Paragraph 41.

### COUNT VIII (Declaratory Judgement of Invalidity of the '832 Patent)

42. Paragraph 42 contains no facts and therefore there is nothing to admit or deny.

43. Paragraph 43 asserts a legal conclusion to which no response is required. To the extent a response is required, Plaintiffs admit that they allege in their Complaint that the '832

Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.  Plaintiffs deny the remaining allegations contained in Paragraph 43.

44.     Paragraph 44 asserts a legal conclusion to which no response is required.  To the extent a response is required, Plaintiffs admit the allegations contained in Paragraph 44.

45.     Paragraph 45 asserts a legal conclusion to which no response is required.  To the extent a response is required, Plaintiffs admit they assert Yealink has infringed the '832 Patent, but deny the remaining allegations contained in Paragraph 45.

46.     Paragraph 46 asserts a legal conclusion, to which no response is required.  To the extent a response is required, Plaintiffs admit the allegations contained in Paragraph 46.

### COUNT IX (Declaratory Judgement of Invalidity of the '103 Patent)

47.     Paragraph 47 contains no facts and therefore there is nothing to admit or deny.

48.     Paragraph 48 asserts a legal conclusion to which no response is required.  To the extent a response is required, Plaintiffs admit that they allege in their Complaint that the '103 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.  Plaintiffs deny the remaining allegations contained in Paragraph 48.

49.     Paragraph 49 asserts a legal conclusion to which no response is required.  To the extent a response is required, Plaintiffs admit the allegations contained in Paragraph 49.

50.     Paragraph 50 asserts a legal conclusion to which no response is required.  To the extent a response is required, Plaintiffs admit they assert Yealink has infringed the '103 Patent, but deny the remaining allegations contained in Paragraph 50.

51.     Paragraph 51 asserts a legal conclusion, to which no response is required.  To the extent a response is required, Plaintiffs admit the allegations contained in Paragraph 51.

## COUNT X (Declaratory Judgement of Invalidity of the '676 Patent)

52. Paragraph 52 contains no facts and therefore there is nothing to admit or deny.

53. Paragraph 53 asserts a legal conclusion to which no response is required. To the extent a response is required, Plaintiffs admit that they allege in their Complaint that the '676 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code. Plaintiffs deny the remaining allegations contained in Paragraph 53.

54. Paragraph 54 asserts a legal conclusion to which no response is required. To the extent a response is required, Plaintiffs admit the allegations contained in Paragraph 54.

55. Paragraph 55 asserts a legal conclusion to which no response is required. To the extent a response is required, Plaintiffs admit they assert Yealink has infringed the '676 Patent, but deny the remaining allegations contained in Paragraph 55.

56. Paragraph 56 asserts a legal conclusion, to which no response is required. To the extent a response is required, Plaintiffs admit the allegations contained in Paragraph 56.

## COUNT XI (Declaratory Judgement of Invalidity of the '237 Patent)

57. Paragraph 57 contains no facts and therefore there is nothing to admit or deny.

58. Paragraph 58 asserts a legal conclusion to which no response is required. To the extent a response is required, Plaintiffs admit that they allege in their Complaint that the '237 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code. Plaintiffs deny the remaining allegations contained in Paragraph 58.

59. Paragraph 59 asserts a legal conclusion to which no response is required. To the extent a response is required, Plaintiffs admit the allegations contained in Paragraph 59.

60. Paragraph 60 asserts a legal conclusion to which no response is required. To the extent a response is required, Plaintiffs admit they assert Yealink has infringed the '237 Patent, but deny the remaining allegations contained in Paragraph 60.

61. Paragraph 61 asserts a legal conclusion, to which no response is required. To the extent a response is required, Plaintiffs admit the allegations contained in Paragraph 61.

### COUNT XII (Declaratory Judgement of Invalidity of the '951 Patent)

62. Paragraph 62 contains no facts and therefore there is nothing to admit or deny.

63. Paragraph 63 asserts a legal conclusion to which no response is required. To the extent a response is required, Plaintiffs admit that they allege in their Complaint that the '951 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code. Plaintiffs deny the remaining allegations contained in Paragraph 63.

64. Paragraph 64 asserts a legal conclusion to which no response is required. To the extent a response is required, Plaintiffs admit the allegations contained in Paragraph 64.

65. Paragraph 65 asserts a legal conclusion to which no response is required. To the extent a response is required, Plaintiffs admit they assert Yealink has infringed the '951 Patent, but deny the remaining allegations contained in Paragraph 65.

66. Paragraph 66 asserts a legal conclusion, to which no response is required. To the extent a response is required, Plaintiffs admit the allegations contained in Paragraph 66.

### PRAYER FOR RELIEF

67. Paragraphs a. through g. of the Prayer for Relief section contained in Defendants' Counterclaims state legal conclusions, to which no response is required. To the extent a response is required, Plaintiffs deny that Defendants are entitled to any of the requested relief.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Counterclaims fail to state a claim upon which relief can be granted.

### Second Affirmative Defense

The Counterclaims are barred by the doctrine of unclean hands.

## RESERVATION OF RIGHTS

Plaintiffs reserve the right to assert additional defenses, or amend these defenses, upon further investigation and discovery.

Dated: April 16, 2024

*/s/ Erik J. Halverson*
Erik J. Halverson* (California Bar No. 333492)
erik.halverson@klgates.com
**K&L GATES LLP**
Four Embarcadero Ctr, Suite 1200
San Francisco, CA 94111
Telephone: (415) 882-8238
*Admitted to practice before this Court*

Melissa Smith (Texas Bar No. 24001351)
**GILLAM & SMITH, LLP**
303 South Washington Avenue
Marshall, Texas 75670
Telephone: +1 903 934 8450
Facsimile: +1 903 934 9257
melissa@gillamsmithlaw.com

Christopher Centurelli (pro hac vice)
christopher.centurelli@klgates.com
Anna E. L'Hommedieu (pro hac vice)
Anna.lhommedieu@klgates.com
Joshua N. Andrews (pro hac vice)
Joshua.Andrews@klgates.com
**K&L GATES LLP**
1 Congress Street, Suite 2900
Boston, MA 02114-2023
Telephone: (617) 261-3100

*Attorneys for Plaintiffs*
*Barco, Inc. and Barco N.V.*

**CERTIFICATE OF SERVICE**

      I hereby certify that on April 16, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

                                                        */s/ Erik J. Halverson*
                                                        Erik Halverson