UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| BARCO, INC. and BARCO NV,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>YEALINK (USA) NETWORK TECHNOLOGY CO., LTD., and YEALINK NETWORK TECHNOLOGY CO., LTD.,<br><br>　　　　Defendants. | Case No. 2:23-cv-00521-JRG-RSP<br><br>JURY TRIAL DEMANDED |

**DEFENDANTS YEALINK (USA) NETWORK TECHNOLOGY CO., LTD. AND YEALINK NETWORK TECHNOLOGY CO., LTD.'S
FIRST AMENDED ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFFS' COMPLAINT FOR PATENT INFRINGEMENT**

Defendants Yealink (USA) Network Technology Co., Ltd. ("Yealink USA") and Yealink Network Technology Co., Ltd. ("Yealink China") (together, "Defendants" or "Yealink") hereby provide this first amended answer ("FAC") to Barco, Inc. and Barco NV's (together, "Plaintiffs" or "Barco") Complaint for Patent Infringement ("Complaint"). Yealink denies the allegations and characterizations in the Complaint unless expressly admitted in the following paragraphs. Furthermore, the section headings included herein are included only for purposes of clarity and organization. Yealink denies any allegations that may be implied by or inferred from the headings contained in the Complaint or FAC.

**I.    ANSWER TO PLAINTIFFS' COMPLAINT**

**NATURE OF THE ACTION**

1. Yealink is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 of the Complaint and, on that basis, denies each and every allegation therein.

2. Yealink denies each and every allegation in Paragraph 2 of the Complaint.

3. Yealink denies each and every allegation in Paragraph 3 of the Complaint.

**PARTIES**

4. Yealink is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 of the Complaint and, on that basis, denies each and every allegation therein.

5. Yealink is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 of the Complaint and, on that basis, denies each and every allegation therein.

6. Yealink admits that Yealink USA is a company organized under the laws of the state of Georgia in 2014, with a principal place of business at 999 Peachtree Street Ste. 2300, Atlanta, Georgia 30309.  Yealink further admits that Yealink USA is a wholly-owned subsidiary of Yealink China.  Yealink denies all other allegations in Paragraph 6 of the Complaint.

7. Yealink admits that Yealink China is a company organized under the laws of China and headquartered at 666 Hu'an Road, Huli District, Xiamen, Fujian Province, 361006, China. Yealink denies all other allegations in Paragraph 7 of the Complaint.

8. Yealink denies each and every allegation in Paragraph 8 of the Complaint.

9. Yealink admits that Yealink China manufactures, sells, and imports certain wireless presentation tools to resellers, distributors, and consumers in the United States, including in Texas. Yealink denies all other allegations in Paragraph 9 of the Complaint.

## JURISDICTION AND VENUE

10. Yealink admits that this action purports to be brought under 35 U.S.C. §§ 271 *et seq*.

11. Yealink admits that this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

12. Yealink admits that Yealink China has a Customer Experience Center located at Suite 160, 5445 Legacy Drive, Plano, TX 75024. Yealink specifically denies that this Court has personal jurisdiction over Yealink USA. Yealink further denies that Yealink USA has conducted infringing activities in this District or elsewhere and denies any remaining allegations in Paragraph 12 of the Complaint.

13. Yealink denies that Yealink USA is subject to personal jurisdiction in this District. Yealink further denies that Yealink USA has its principal place of business in this District. Yealink denies that venue in this District is proper as to Yealink USA. Yealink specifically denies that Yealink USA has conducted acts of infringement in the District or elsewhere and denies any remaining allegations in Paragraph 13 of the Complaint.

14. Yealink does not dispute—for purposes of this action only—that Yealink China is subject to this Court's personal jurisdiction. Yealink admits that Yealink China sells and imports certain wireless presentation tools to resellers, distributors, and consumers in the United States, including in Texas. Yealink denies all other allegations in Paragraph 14 of the Complaint.

15. Yealink denies each and every allegation in Paragraph 15 of the Complaint.

16. Yealink denies each and every allegation in Paragraph 16 of the Complaint.

17. Yealink does not dispute—at this time and for purposes of this action only—that venue as to Yealink China is proper in this District, but does not waive the right to contest the propriety of venue in another action or to seek transfer to a more convenient forum later in this or another action. Yealink specifically denies that it has committed acts of infringement in this District or elsewhere and denies any remaining allegations in Paragraph 17 of the Complaint.

18. Yealink does not dispute this Court's personal jurisdiction over Yealink China for purposes of this action only. Yealink denies all other allegations in Paragraph 18 of the Complaint.

## PATENTS-IN-SUIT

### A. The Asserted Patents

19. Yealink is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 of the Complaint and, on that basis, denies each and every allegation therein.

20. Yealink is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 of the Complaint and, on that basis, denies each and every allegation therein.

21. Yealink is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 of the Complaint and, on that basis, denies each and every allegation therein.

22. Yealink is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 of the Complaint and, on that basis, denies each and every allegation therein.

23. Yealink admits that the '002 Patent is titled "Electronic Tool and Methods With Audio For Meetings" and is issued on September 1, 2020. Yealink further admits that the '237

Patent is titled "Electronic Tool and Methods With Audio For Meetings" and is issued on August 2, 2022.

24. Yealink denies each and every allegation in Paragraph 24 of the Complaint.

25. Yealink admits that Paragraph 25 of the Complaint purports to show a side-by-side comparison of Yealink's product and Barco's device. Yealink specifically denies that Paragraph 25 accurately describes Yealink's product and denies all other allegations in Paragraph 25 of the Complaint.

26. Yealink admits that the '832 Patent is titled "Electronic Tool For Communicating Over A Communication Network" and is issued on October 6, 2020. Yealink further admits that the '103 Patent is titled "Electronic Tool and Methods for Meetings" and is issued on January 26, 2021.

27. Yealink denies each and every allegation in Paragraph 27 of the Complaint.

28. Yealink admits that Paragraph 28 of the Complaint purports to show a side-by-side comparison of Yealink's product and Barco's device. Yealink specifically denies that Paragraph 28 accurately describes Yealink's product and denies all other allegations in Paragraph 28 of the Complaint.

29. Yealink admits that the '676 Patent is titled "Electronic Tool and Methods for Meetings" and is issued on February 22, 2022. Yealink further admits that the '951 Patent is titled "Electronic Tool and Methods For Meetings Between Two Users" and is issued on August 23, 2022.

30. Yealink denies each and every allegation in Paragraph 30 of the Complaint.

31. Yealink admits that Paragraph 31 of the Complaint purports to show a side-by-side comparison of Yealink's product and Barco's device. Yealink specifically denies that Paragraph

31 accurately describes Yealink's product and denies all other allegations in Paragraph 31 of the Complaint.

32. Yealink is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32 of the Complaint and, on that basis, denies each and every allegation therein.

### B. *Yealink's Purported Infringing Products*

33. Yealink admits that it sells and imports certain wireless presentation tools to resellers, distributors, and consumers in the United States, including in Texas. Yealink denies all other allegations in Paragraph 33 of the Complaint.

34. Yealink denies each and every allegation in Paragraph 34 of the Complaint.

*35*. Yealink denies each and every allegation in Paragraph 35 of the Complaint.

### C. *Yealink's Purported Refusal to Cease Infringement of Barco's Patents*

36. Yealink admits that it received a letter from Barco in May 2023 regarding alleged infringement of certain patents. Yealink specifically denies that it has committed unlawful patent infringement and denies any remaining allegations in Paragraph 36 of the Complaint.

37. Yealink admits that in Barco's May 2023 letter to Yealink, Barco identified Yealink's A20-020-TEAMS Video Bar and WPP30 Presentation Pod as allegedly infringing the '002, '832, and '951 Patents. Yealink denies that A20-020-TEAMS Video Bar and WPP30 Presentation Pod infringe the '002, '832, and '951 Patents and denies any remaining allegations in Paragraph 37 of the Complaint.

38. Yealink admits that on August 24, 2023, it received a letter from Barco, which identified Yealink's A20-020-TEAMS Video Bar and WPP30 Presentation Pod as allegedly infringing the '002, '832, '951, '103, '237 Patents. Yealink denies that A20-020-TEAMS Video

6

Bar and WPP30 Presentation Pod infringe the '002, '832, '951, '103, '237 Patents and denies any remaining allegations in Paragraph 38 of the Complaint.

39. Yealink denies each and every allegation in Paragraph 39 of the Complaint.

### **COUNT I—ALLEGED INFRINGEMENT OF THE '002 PATENT**

40. Paragraph 40 does not contain any allegations of facts, and, therefore, no answer is required. Yealink incorporates by reference its responses in Paragraphs 1 through 39 as though fully set forth herein. Otherwise, denied.

41. Yealink denies each and every allegation in Paragraph 41 of the Complaint.

42. Yealink denies each and every allegation in Paragraph 42 of the Complaint.

43. Yealink denies each and every allegation in Paragraph 43 of the Complaint.

44. Yealink denies each and every allegation in Paragraph 44 of the Complaint.

45. Yealink denies each and every allegation in Paragraph 45 of the Complaint.

46. Yealink denies each and every allegation in Paragraph 46 of the Complaint.

47. Yealink denies each and every allegation in Paragraph 47 of the Complaint.

48. Yealink denies each and every allegation in Paragraph 48 of the Complaint.

49. Yealink denies each and every allegation in Paragraph 49 of the Complaint.

### **COUNT II—ALLEGED INFRINGEMENT OF THE '832 PATENT**

50. Paragraph 50 does not contain any allegations of facts, and, therefore, no answer is required. Yealink incorporates by reference its responses in Paragraphs 1 through 49 as though fully set forth herein. Otherwise, denied.

51. Yealink denies each and every allegation in Paragraph 51 of the Complaint.

52. Yealink denies each and every allegation in Paragraph 52 of the Complaint.

53. Yealink denies each and every allegation in Paragraph 53 of the Complaint.

54. Yealink denies each and every allegation in Paragraph 54 of the Complaint.

55. Yealink denies each and every allegation in Paragraph 55 of the Complaint.

56. Yealink denies each and every allegation in Paragraph 56 of the Complaint.

57. Yealink denies each and every allegation in Paragraph 57 of the Complaint.

58. Yealink denies each and every allegation in Paragraph 58 of the Complaint.

59. Yealink denies each and every allegation in Paragraph 59 of the Complaint.

### COUNT III—ALLEGED INFRINGEMENT OF THE '103 PATENT

60. Paragraph 60 does not contain any allegations of facts, and, therefore, no answer is required.  Yealink incorporates by reference its responses in Paragraphs 1 through 59 as though fully set forth herein.  Otherwise, denied.

61. Yealink denies each and every allegation in Paragraph 61 of the Complaint.

62. Yealink denies each and every allegation in Paragraph 62 of the Complaint.

63. Yealink denies each and every allegation in Paragraph 63 of the Complaint.

64. Yealink denies each and every allegation in Paragraph 64 of the Complaint.

65. Yealink denies each and every allegation in Paragraph 65 of the Complaint.

66. Yealink denies each and every allegation in Paragraph 66 of the Complaint.

67. Yealink denies each and every allegation in Paragraph 67 of the Complaint.

68. Yealink denies each and every allegation in Paragraph 68 of the Complaint.

69. Yealink denies each and every allegation in Paragraph 69 of the Complaint.

### COUNT IV—ALLEGED INFRINGEMENT OF THE '676 PATENT

70. Paragraph 70 does not contain any allegations of facts, and, therefore, no answer is required.  Yealink incorporates by reference its responses in Paragraphs 1 through 69 as though fully set forth herein.  Otherwise, denied.

71. Yealink denies each and every allegation in Paragraph 71 of the Complaint.

72. Yealink denies each and every allegation in Paragraph 72 of the Complaint.

73. Yealink denies each and every allegation in Paragraph 73 of the Complaint.

74. Yealink denies each and every allegation in Paragraph 74 of the Complaint.

75. Yealink denies each and every allegation in Paragraph 75 of the Complaint.

76. Yealink denies each and every allegation in Paragraph 76 of the Complaint.

77. Yealink denies each and every allegation in Paragraph 77 of the Complaint.

78. Yealink denies each and every allegation in Paragraph 78 of the Complaint.

79. Yealink denies each and every allegation in Paragraph 79 of the Complaint.

## COUNT V—ALLEGED INFRINGEMENT OF THE '237 PATENT

80. Paragraph 80 does not contain any allegations of facts, and, therefore, no answer is required.  Yealink incorporates by reference its responses in Paragraphs 1 through 79 as though fully set forth herein.  Otherwise, denied.

81. Yealink denies each and every allegation in Paragraph 81 of the Complaint.

82. Yealink denies each and every allegation in Paragraph 82 of the Complaint.

83. Yealink denies each and every allegation in Paragraph 83 of the Complaint.

84. Yealink denies each and every allegation in Paragraph 84 of the Complaint.

85. Yealink denies each and every allegation in Paragraph 85 of the Complaint.

86. Yealink denies each and every allegation in Paragraph 86 of the Complaint.

87. Yealink denies each and every allegation in Paragraph 87 of the Complaint.

88. Yealink denies each and every allegation in Paragraph 88 of the Complaint.

89. Yealink denies each and every allegation in Paragraph 89 of the Complaint.

## COUNT VI—ALLEGED INFRINGEMENT OF THE '951 PATENT

90. Paragraph 90 does not contain any allegations of facts, and, therefore, no answer is required.  Yealink incorporates by reference its responses in Paragraphs 1 through 89 as though fully set forth herein.  Otherwise, denied.

91. Yealink denies each and every allegation in Paragraph 91 of the Complaint.

92. Yealink denies each and every allegation in Paragraph 92 of the Complaint.

93. Yealink denies each and every allegation in Paragraph 93 of the Complaint.

94. Yealink denies each and every allegation in Paragraph 94 of the Complaint.

95. Yealink denies each and every allegation in Paragraph 95 of the Complaint.

96. Yealink denies each and every allegation in Paragraph 96 of the Complaint.

97. Yealink denies each and every allegation in Paragraph 97 of the Complaint.

98. Yealink denies each and every allegation in Paragraph 98 of the Complaint.

99. Yealink denies each and every allegation in Paragraph 99 of the Complaint.

## RESPONSE TO PRAYER FOR RELIEF

To the extent that the Prayer for Relief section of the Complaint is deemed to allege any facts or entitlements to the relief requested, Yealink denies each and every allegation. Specifically, Yealink denies that Barco is entitled to any relief whatsoever.

## II. ADDITIONAL AND AFFIRMATIVE DEFENSES

Yealink asserts the following additional and affirmative defenses without assuming any burden of proof when such burden would otherwise be on Barco. Yealink repeats and incorporates by reference each of its answers in paragraphs 1 through 99 and the Response to Prayer for Relief as set forth above with each of the following defenses as if fully set forth herein. Further, Yealink specifically reserves all rights to assert additional defenses and affirmative defenses as additional information becomes available.

## FIRST DEFENSE

Yealink has not infringed and does not infringe any claim of the '002, '832, '103, '676, '237, '951 Patents, either directly or indirectly, either literally or under the doctrine of equivalents,

because the accused instrumentalities do not practice every claimed limitation of any claim of the '002, '832, '103, '676, '237, '951 Patents.

## SECOND DEFENSE

The claims of the '002, '832, '103, '676, '237, '951 Patents are invalid for failure to meet the requirements of 35 U.S.C. § 112 and/or 35 U.S.C. § 101.

## THIRD DEFENSE

Barco's claims against Yealink are barred, in whole or in part, by 35 U.S.C. § 287.

## FOURTH DEFENSE

Barco is precluded from recovering costs under 35 U.S.C. § 288.

## FIFTH DEFENSE

Barco is not entitled to any injunctive relief because, among other reasons, any alleged injury is not immediate or irreparable, and Barco has an adequate remedy at law for any alleged injury.

Dated: June 7, 2024                           Respectfully submitted,

**DENTONS US LLP**

/s/ *Victor C. Johnson*
Victor C. Johnson
Texas Bar No. 24029640
Forrest D. Gothia
Texas Bar No. 24125250
100 Crescent Court, Suite 900
Dallas, Texas 75201
(214) 259-1876
Email: victor.johnson@dentons.com
(214) 259-1887
Email: forrest.gothia@dentons.com

Stephen Yang (*Pro Hac Vice* granted)
New York State Bar No. 5123492
1221 Avenue of the Americas
New York, New York 10020-1089
(212) 398-4890

Email: stephen.yang@dentons.com

Timothy C. Bickham
DC State Bar No. 45614
Mark Consilvio (*Pro Hac Vice* granted)
Maryland State Bar No. 1312170173
1900 K Street, NW
Washington, DC 20006-1102
(202) 408-6390
Email: timothy.bickham@dentons.com
(202) 408-3938
Email: mark.consilvio@dentons.com

***Attorneys for Defendants Yealink (USA) Network Technology Co., Ltd. and Yealink Network Technology Co., Ltd.***

## CERTIFICATE OF SERVICE

I certify that on June 7, 2024, a true and correct copy of the foregoing document was electronically filed and served on all counsel of record using the Court's CM/ECF system, in accordance with the Federal Rules of Civil Procedure and Local Rule 5.1.

*/s/ Victor C. Johnson*
Victor C. Johnson