# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| **BARCO, INC. and BARCO NV,** § | |
| § | |
| *Plaintiffs*, § | |
| § | |
| v. § | Civil Action No. 2:23-cv-00521-JRG-RSP |
| § | |
| **YEALINK (USA) NETWORK** § | |
| **TECHNOLOGY CO., LTD., and** § | |
| **YEALINK NETWORK** § | |
| **TECHNOLOGY CO., LTD.** § | **JURY TRIAL DEMANDED** |
| § | |
| *Defendants*. § | |

### DEFENDANTS' SUR-REPLY IN OPPOSITION TO PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION TO COMPEL DOCUMENT PRODUCTION AND INTERROGATORY RESPONSES

i

## **TABLE OF CONTENTS**

I. YEALINK HAS ADMITTED LIABILITY, NEGATING THE RELEVANCE OF DISCOVERY RELATING TO DEFENDANTS' R&D AND PRODUCT DEVELOPMENT .................................................................................................. 1

    A. Yealink Admitted Infringement of Each Patent for Each Product as Alleged in the Complaint.................................................................................................. 1

    B. Barco's Alleged Discovery Issue of Willful Infringement is Newly Presented Before this Court in Barco's Reply and Not Properly Discussed Between the Parties Prior .................................................................................................. 2

II. BARCO MISSTATES THIS COURT'S LOCAL RULE CV-7 MEET AND CONFER REQUIREMENTS.............................................................................. 3

III. YEALINK HAS CONTINUALLY FOLLOWED THIS COURT'S DOCKET CONTROL AND DISCOVERY ORDERS...................................................... 4

IV. CONCLUSION ....................................................................................................... 5

Barco is artificially manufacturing an "impasse", where none exists, and are inflating costs and burdens on this Court and the parties. The earliest Asserted Patent issued in 2020, and Yealink has produced financial information (sales and revenue) as far back as 2018. Yealink has removed the infringement issue from the case. Discovery should be streamlined and focused on the remaining issues: invalidity and damages. Yet, Barco requests the Court compel production on technical documents—for products developed prior to the patents' issuance—when such discovery is not reasonably tied to the remaining issues in the case.

Yealink is in compliance with the Discovery Order and will continue to abide by their discovery obligations. Barco's proposed Reply in Support (Dkt. 50) ("Reply") mistakenly states Yealink produced documents only *after* Barco filed its Motion to Compel (Dkt. 45) ("Motion")[1]—to the contrary, Barco filed its Motion hours *after* Yealink served its first, of multiple, document productions.[2] Barco's Motion is moot and, respectfully, should be denied.

## I. YEALINK HAS ADMITTED LIABILITY, NEGATING THE RELEVANCE OF DISCOVERY RELATING TO YEALINK'S R&D AND PRODUCT DEVELOPMENT

### A. Yealink Admitted Infringement of Each Patent for Each Product as Alleged in the Complaint

To streamline the case, Yealink admitted infringement of each patent for each product as alleged in Barco's Complaint (the WPP30 and the A20-020-TEAMS; the "Accused Products"). This negates any relevance of technical documents. However, Barco asserts such discovery is still relevant because Yealink did not specifically list out and concede every claim Barco asserts in its

---

[1] *See* Dkt. 50, pg. 1.
[2] Yealink served Production Volume 2, Yealink_00000157-00002152 on September 6, 2024, at **2:47PM CDT**. Yealink received the CM/ECF system's automated email of Barco's filing of its Motion to Compel on September 6, 2024, at **5:56 PM CDT** ("The following transaction was entered by Smith, Melissa on 9/6/2024 5:56 PM CDT and filed on 9/6/2024").

1

Infringement Contentions. Barco's argument relies on an entirely wrong principle of patent law.

Basic principles of damages law hold that whether a party infringes a single claim or multiple claims in a patent, there is only a single recovery. Therefore, it is not relevant whether Yealink has not admitted infringement on all the patent claims listed in Barco's contentions. "[D]ouble recovery for the same injury is inappropriate." *Aero Prods. Int'l, Inc. v. Intex Rec. Corp.*, 466 F.3d 1000, 1017, 1019-20 (Fed. Cir. 2006) ("even though damages are claimed based upon separate statutes *or causes of action*, when the claims arise out of the same set of operative facts, as is the case here, there may be only one recovery."); *Catalina Lighting v. Lamps Plus*, 295 F.3d 1277, 1291 (Fed. Cir. 2002) (patent owner is "entitled to damages for each infringement, but once it receives profits . . . for each sale, [party] is not entitled to a further recovery from the same sale."); *TiVo, Inc. v. Echostar Communs. Corp.*, 516 F.3d 1290, 1312 (Fed. Cir. 2008) (affirming damages calculation at trial because it was not predicated on the infringement of particular claims but by particular devices); *Alfred E. Mann Found. for Sci. Research v. Cochlear Corp.*, 841 F.3d 1334, 1352-53 (Fed. Cir. 2016) (finding royalty base was the "same as to any of the four claims, such that infringement of any claim would produce the same damages calculation.").

Yealink's concession of infringement of each *patent* renders moot any issue of infringement—there is no further need to burden the Court with expansive discovery which would likely lead to further disputes and motion practice.

### B. Barco's Alleged Discovery Issue of Willful Infringement is Newly Presented Before this Court in Barco's Reply and Not Properly Discussed Between the Parties Prior

Barco attempts to use the newly presented issue of willful infringement as its sword to gain broad and full discovery into "all…development design and operation" (technical) documentation. *See* Dkt. 50, pg. 2. Barco overexaggerates the necessity of the unbounded discovery it seeks. There

2

is no just reason for the parties to engage in discovery on Yealink's research and design process of products that pre-date the Asserted Patents.

This issue was not in Barco's Motion. The parties held a meet-and-confer on September 25 to discuss Yealink's opposition to Barco's Motion for Leave to file its Reply. During, Barco asked Yealink whether it would admit to willful infringement. After Yealink responded in the negative, Barco stated its position that all discovery remains relevant and filed its Reply.

Further, the issue of willful infringement is a narrow topic in this case. The earliest Asserted Patent issued on September 1, 2020 (U.S. Patent No. 10,762,002). Barco admits in its Interrogatory Responses that Barco did not mark its products until October 2023 (a single patent was allegedly marked as of June 29, 2021). Barco's ROG Response No. 4. Further, Barco did not provide actual notice to Yealink until May 2023 ('002, '832, and '951 Patents) and August 2023 ('103 and '237 Patents).[3] Dkt. 1, ¶¶ 36-38. Moreover, Barco does not allege or provide any substantiation that Yealink copied Barco's products during development. Instead, its willful infringement allegations rest on Barco's notices (stated above) that it provided to Yealink, which occurred well after Yealink's products were developed.

There are far less costly and less burdensome discovery procedures for seeking information on this narrow issue, which the parties have ample opportunity to discuss in the four months remaining in fact discovery. There is no further need to burden the Court with expansive discovery such as that sought by Barco, which would likely lead to further disputes and motion practice. The issue is premature for this Court's involvement and should be denied to allow the parties to discuss the appropriate path forward.

**II.   BARCO MISSTATES THIS COURT'S LOCAL RULE CV-7 MEET AND CONFER**

---

[3] Actual notice of the '237 Patent was not provided until the filing of this case.

**REQUIREMENTS**

It is impossible Barco could have concluded "in good faith" that discussions had reached an impasse. To the contrary, Yealink did not believe there was a basis for the Barco's Motion. *See* Dkt. 48, Ex. A. Yet, Barco filed the Motion *after* Yealink produced responsive documents.[4]

Barco's Reply asserts that Yealink's admitted infringement does not cover each claim Barco asserts. The parties held a meet-and-confer on September 25 in which they briefly discussed the issue—however, Barco declares an impasse and files its Reply hours afterwards. Yealink stated that they are open to discussing whether other specific patent claims can be included in the admission. Now that Barco has Yealink's Sur-Reply with supporting authorities stated above, the parties can discuss the issue without the Court's intervention.

The same is true of "redacted information" in Yealink's production of documents. Not once has Barco held any meet-and-confer regarding this issue, but solely an email sent to Yealink's counsel *after* it filed its Motion. Further, in the September 25 meet-and-confer, Barco's counsel not once mentioned the issue.

### III. YEALINK HAS CONTINUALLY FOLLOWED THIS COURT'S DOCKET CONTROL AND DISCOVERY ORDERS

The deadline for substantial completion of document production and for the parties to exchange privilege logs is January 28, 2025. *See* Dkt. 23. This Court requires "good faith efforts to produce all required documents as soon as they are available." *Id.* Regarding document production, the Discovery Order (Dkt. 24) states "[w]ithout awaiting a discovery request" while the Docket Control Order (Dkt. 23) sets a deadline of January 28, 2025, a date which is almost

---

[4] As Barco admits in its Motion, Yealink consistently updated Barco on its timeline of document preparations, which, while altered by a few weeks but notified, were largely followed according to plan. *See* Dkt. 45, § 2.B; Dkt. 48, Ex. A.

4

five months away from the date Barco filed its Motion.

Further, FRCP 33(d) specifically allows answering interrogatories by "specifying the records that must be reviewed." Accordingly, Yealink responded that it will produce the documents sought. At the time of response, Yealink did not have relevant documents to produce. FRCP 26(e) explicitly allows supplementation "in a timely manner", which Yealink has, and will continue to do. Yealink is following all applicable rules and schedules.

## IV.   CONCLUSION

Yealink respectfully requests the Court deny Barco's attempt to engage in costly and highly burdensome discovery on issues that are no longer in this case. Yealink will continue to follow all applicable rules and schedules as they attempt to work with Barco to resolve issues between the parties, without seeking the Court's intervention. Further, Yealink will continue to conduct discovery in good faith. This Motion should be denied in its entirety.

Date: September 27, 2024

**DENTONS US LLP**

By: */s/ Victor C. Johnson*
Victor C. Johnson
Texas Bar No. 24029640
Forrest D. Gothia
Texas Bar No. 24125250
100 Crescent Court, Suite 900
Dallas, Texas 75201
Email: victor.johnson@dentons.com
(214) 259-1876
Email: forrest.gothia@dentons.com
(214) 259-1887

Stephen Yang (*pro hac vice* granted)
1221 Avenue of the Americas
New York, New York 10020
Email: Stephen.yang@dentons.com
(212) 398-4890

Timothy C. Bickham
DC State Bar No. 45614
1900 K Street, NW
Washington, DC 20006
Email: Timothy.bickham@dentons.com
(202) 408-6390
Email: mark.consilvio@dentons.com
(202) 408-3938

***Attorneys for Defendants Yealink (USA) Network Technology Co., Ltd. and Yealink Network Technology Co., Ltd.***

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served via this Court's CM/ECF system to counsel for Barco on September 27, 2024.

 */s/ Victor C. Johnson*
Victor C. Johnson

6