# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

|  |  |
|---|---|
| BARCO, INC. and BARCO NV,<br><br>　　　　　　Plaintiffs,<br><br>v.<br><br>YEALINK (USA) NETWORK<br>TECHNOLOGY CO., LTD., and<br>YEALINK NETWORK<br>TECHNOLOGY CO., LTD.<br><br>　　　　　　Defendants. | )<br>)<br>)<br>)<br>)  Case No. 2:23-CV-0521-JRG-RSP<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## P.R. 4-3 JOINT CLAIM CONSTRUCTION STATEMENT

Pursuant to Docket Control Order (Dkt. 23) and Patent Rule 4-3, Plaintiffs Barco, Inc. and Barco NV (collectively, "Barco") and Defendants Yealink (USA) Network Technology Co., Ltd. and Yealink Network Technology Co., Ltd ("Defendants" or "Yealink") submit their Joint Claim Construction and Prehearing Statement. The claim construction hearing scheduled for March 11, 2025 will address the Parties' proposed construction for the six patents asserted in this case: U.S. Patent Nos. 10,762,002 ("the '002 Patent"); 10,795,832 ("the '832 Patent"); 10,904,103 ("the '103 Patent"); 11,258,676 ("the '676 Patent"); 11,403,237 ("the '237 Patent"); and 11,422,951 ("the '951 Patent") (collectively, the "Asserted Patents").

### A.　Barco's Position

Barco submits that no claim construction is necessary. Yealink has admitted infringement of each Asserted Patent, including:

- Claim 1 of the '002 Patent,

- Claim 1 of the '832 Patent,
- Claim 1 of the '103 Patent,
- Claim 1 of the '676 Patent,
- Claim 1 of the '237 Patent, and
- Claim 1 of the '951 Patent.

These admittedly infringed claims contain nearly all of the terms Yealink now seeks to construe including "the at least one peripheral device" (found in Claim 1 of the '951 Patent and the '103 Patent); "the actuator" (found in Claim 1 of the '832 Patent, the '951 Patent, and the '103 patent); "a peripheral device" (found in Claim 1 of the '832 Patent and the '676 Patent); "the peripheral device" (found in Claim 1 of the '832 Patent, the '002 Patent, and the '676 Patent); and "the input device" (found in Claim 1 of the '951 Patent).

Barco believes Yealink's efforts to construe terms used in admittedly infringed claims is unnecessary and an improper use of the Court's time and effort. Terms found within the admittedly infringed are clear on their face in view of the specification and can simply be understood to have their ordinary and customary meaning. These terms include all of the terms Yealink seeks to construe: the three peripheral device terms, the input device, the audio device, and the actuator. all of the allegedly means-plus-function terms that Yealink seeks to construe.

The only term not found in an admittedly infringed claims, "the actuator", is term Yealink contends is indefinite based solely on allegedly antecedent basis defects. For this term and the other antecedent basis terms (all of Yealink's identified terms), Yealink does not propose any construction. Rather, it only opines that the claim is invalid as indefinite. The Asserted Patents however, make clear the meaning of these allegedly indefinite terms, and under Federal Circuit precedent, even without "explicit antecedent basis, 'if the scope of a claim would be reasonably

2

ascertainable by those skilled in the art, then the claim is not indefinite.'" *Energizer Holdings, Inc. v. Int'l Trade Comm'n*, 435 F.3d 1366, 1370–71 (Fed. Cir. 2006); *see also Microprocessor Enhancement Corp. v. Texas Instruments Inc.*, 520 F.3d 1367, 1376 (Fed. Cir. 2008).

### B.  Yealink's Position

Yealink disagrees that claim construction is unnecessary simply because Yealink admitted infringement of one claim from each Asserted Patent in an effort to streamline this case. Issues relating to the invalidity of the Asserted Patents, such as indefiniteness, are still in the case. As the Supreme Court held in *Commil USA, LLC v. Cisco Sys.*, 575 U.S. 632, 644 (2015), "invalidity is an affirmative defense that can preclude enforcement of a patent against otherwise infringing conduct." In other words, "invalidity … is a defense to liability." *Id.* Yealink has maintained its invalidity affirmative defense in this case, making clear that the Asserted Patents are "invalid for failure to meet the requirements of 35 U.S.C. § 112 and/or 35 U.S.C. § 101" in its operative Second Amended Answer. (Dkt. 47, pg. 18). Yealink's admission does not affect the invalidity of Barco asserted claims. Further, the claim terms Yealink proposes for construction are also necessarily present in the asserted dependent claims, which Barco insists still remain at issue in this case. (*See, e.g.*, Dkt. 50 at 2). Therefore, claim construction remains necessary to determine each claim's appropriate scope and so the Court can properly assess Yealink's invalidity defense.

### I.  P.R. 4-3(1) Agreed Claim Constructions

Exhibit A provides the Parties' agreed constructions.

### II.  P.R. 4-3(2) Proposed Construction for Terms in Dispute

Exhibit B provides the Parties' proposed disputed constructions with intrinsic and extrinsic evidence supporting their respective positions. The Parties reserve the right to rely upon any intrinsic or extrinsic evidence identified by any other Party, and any evidence obtained through

claim construction discovery. In addition, each Party reserves the right to amend, correct, or supplement its claim construction positions and supporting evidence in response to any change of position by any other party, or for other good cause.

### III.     P.R. 4-3(3) Anticipated Length of Time for Claim Construction Hearing

The Parties propose that each side receive one hour for oral argument on claim construction, although both expect that additional terms can be negotiated to agreed constructions between now and the hearing such that the entire two hours will not be necessary.

### IV.     P.R. 4-3(4) Anticipated Witnesses at the Claim Construction Hearing

#### A.     Barco's Position

Barco does not believe live witness testimony is necessary for claim construction.  Pursuant to P.R. 4-3(4), Barco reserves the right to call Michael Brogioli, Ph.D. to testify, consistent with his expert declaration. Dr. Brogioli may testify regarding the general subject matter of the Asserted Patents, the state of the art, the prosecution history, and including how a person of ordinary skill in the art many understand a particular disputed claim term or any theory of invalidity, for example, based on indefiniteness, that the Court may permit Yealink to advance.

#### B.     Yealink's Position

Pursuant to P.R. 4-3(a)(4), Yealink expects Kevin Almeroth, Ph.D. to testify as an expert that Yealink's proposed constructions and indefiniteness positions for each proposed term are correct in view of the intrinsic evidence, extrinsic evidence, and the perspective of a POSITA. Further, Yealink expects Dr. Almeroth to testify regarding the general subject matter of the Asserted Patents, the state of the art, the prosecution history, and including how a POSITA would understand the disputed claim terms and theories of invalidity.

Dated: December 17, 2024

/s/ Melissa R. Smith
Melissa R. Smith (Texas Bar No. 24001351)
**GILLAM & SMITH, LLP**
303 South Washington Avenue
Marshall, Texas 75670
Telephone: +1 903 934 8450
Facsimile: +1 903 934 9257
melissa@gillamsmithlaw.com

Christopher Centurelli (pro hac vice)
christopher.centurelli@klgates.com
Anna E. L'Hommedieu (pro hac vice)
Anna.lhommedieu@klgates.com
Joshua N. Andrews (pro hac vice)
Joshua.Andrews@klgates.com
**K&L GATES LLP**
1 Congress Street, Suite 2900
Boston, MA 02114-2023
Telephone: (617) 261-3100

Erik J. Halverson* (California Bar No. 333492)
erik.halverson@klgates.com
**K&L GATES LLP**
Four Embarcadero Ctr,
Suite 1200
San Francisco, CA 94111
Telephone: (415) 882-8238

*Admitted to practice before this Court

*Attorneys for Plaintiffs*
*Barco, Inc. and Barco N.V.*

/s/ Victor C. Johnson
Victor C. Johnson (Texas Bar No. 24029640)
Email: victor.johnson@dentons.com
Forrest D. Gothia (Texas Bar No. 24125250)
Email: forrest.gothia@dentons.com
**DENTONS US LLP**
100 Crescent Court, Suite 900
Dallas, Texas 75201

Stephen Yang (pro hac vice)
Email: stephen.yang@dentons.com
**DENTONS US LLP**

5

        1221 Avenue of the Americas
        New York, New York 10020-1089
        (212) 398-4890

        Timothy C. Bickham (pro hac vice)
        Email: timothy.bickham@dentons.com
        **DENTONS US LLP**
        1900 K Street, NW
        Washington, DC 20006-1102

        ***Attorneys for Defendants Yealink (USA) Network Technology Co., Ltd. and Yealink Network Technology Co., Ltd.***

## CERTIFICATE OF SERVICE

I hereby certify that on December 17, 2024, all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system pursuant to Local Rule CV-5(a)(3).

        */s/ Melissa R. Smith*
        Melissa R. Smith