# EXHIBIT A

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| **BARCO, INC. and BARCO NV,** | § § § | |
| *Plaintiffs*, | § § | |
| v. | § § | Civil Action No. 2:23-cv-00521-JRG-RSP |
| **YEALINK (USA) NETWORK TECHNOLOGY CO., LTD., and YEALINK NETWORK TECHNOLOGY CO., LTD.** | § § § § § § | **JURY TRIAL DEMANDED** |
| *Defendants*. | § § | |

## DECLARATION OF STEPHEN YANG

I, Stephen Yang, declare as follows:

1. I am an attorney at Dentons US LLP, and counsel for Defendants Yealink (USA) Network Technology Co., Ltd. and Yealink Network Technology Co., Ltd. (together, "Yealink").

2. Since about November 15, 2024, I had been speaking with Mr. Erik Halverson, counsel for Plaintiffs Barco, Inc. and Barco NV (together, "Barco") in this case, about potential ways the parties can narrow the issues remaining in this case. Mr. Halverson informed me during our discussions that Barco is willing to forgo additional technical fact discovery if Yealink would stipulate to the infringement of one asserted dependent claim from U.S. Patent Nos. 11,422,951, 11,258,676, 11,403,237, and 10,762,002 that Yealink did not challenge in its IPR petitions.

3. On December 11, 2024, Mr. Halverson and I, and other counsel, spoke during a meet-and-confer. Mr. Halverson stated that Barco would like Yealink to admit infringing claim 12 of the '951 patent, claim 6 of the '676 patent, claim 2 or 3 of the '237 patent, and claim 6 of the '002 patent. On January 22, 2025, Mr. Halverson again stated "to the extent Yealink admits infringement of at least one claim from each Asserted Patent not challenged in IPR, we can forgo any additional technical discovery and proceed to trial on just the damages and willfulness issues."

4. On February 11, 2025, I called Mr. Halverson. We spoke for 12 minutes and 52 seconds, during which I informed him that Yealink agrees to Barco's proposal and will stipulate to the infringement of these dependent claims, but may propose another claim for the '002 patent that was not challenged in Yealink's IPR petition. Mr. Halverson agreed, and stated that in return, Barco will not no longer seek additional technical discovery, and may also not seek further discovery on willful infringement. Mr. Halverson and I also agreed that most of the issues in Barco's January 29 letter are moot, and that each side would likely need only one to two fact depositions. Finally, we agreed that I will confirm the specific dependent claims in an email.

5. On February 12, I responded to Mr. Halverson's email regarding our conversation, stating "I am still in transit, but Yealink's commitment regarding the dependent claims have not changed." Early on February 14, I confirmed the list of dependent claims for this agreement:

> Hi Erik,
>
> It was good to speak with you on Tuesday. As discussed, for the purposes of this litigation, Yealink is prepared to stipulate to the infringement of the following dependent claims, contingent upon Barco's agreement to cease seeking technical discovery:
>
> - Claim 12 of the '951 patent
> - Claim 6 of the '676 patent
> - Claim 3 of the '237 patent
> - Claim 5 of the '002 patent
>
> This stipulation is conditioned on Barco's agreement to no longer seek technical discovery, including depositions and document production related to technical aspects of Yealink's products, and inspection of Yealink's source code. Based on our discussion, we also understand that Barco would no longer seek discovery on willful infringement.
>
> We can schedule a call early next week to discuss memorializing this agreement, including any necessary amendments to the current DCO.

6. Before Barco filed its second motion to compel, the parties did not meet and confer. After Barco sent its January 29 letter, Mr. Halverson asked to meet and confer within the next two days. My colleagues and I were not available then. I also explained on February 4 that Yealink was away on break but was working to investigate Barco's issues in its letter, and that Yealink would respond to Barco's letter that week and would be available to meet and confer after.

7. On February 7, I sent a letter to Mr. Halverson responding to his January 29 letter. I also told Mr. Halverson that Yealink is available to meet and confer, but requested clarification on which issues Barco contests still remain in dispute. Barco did not provide any clarification.

8. Separately, on January 30, Mr. Halverson identified 26 Yealink individuals Barco intends to depose. This list of individuals includes those whose only relevance, according to Mr. Halverson, was being "the participant in the Settlement discussion of Thursday, October 26, 2023." Mr. Halverson also identified a Vice President of Yealink, whose only apparent relevance was being "the signatory of the HDMI license," a ten-year old standard license on HDMI adopters.

I declare under the penalty of perjury that the forgoing is true and correct.

Executed on February 27, 2025 in New York, New York.

_____
Stephen Yang