# EXHIBIT B

Case 2:23-cv-00521-JRG-RSP   Document 81-2   Filed 02/27/25   Page 1 of 4 PageID #: 4987

**Stephen Yang**
Partner

stephen.yang@dentons.com
D   +1 212-398-4890

Dentons US LLP
1221 Avenue of the Americas
New York, New York 10020
United States

dentons.com

February 7, 2025

***VIA EMAIL*** *(erik.halverson@klgates.com)*
Erik Halverson
K&L Gates LLP
4 Embarcadero Center
Suite 1200
San Francisco, California 94111

Re:   *Barco, Inc. et al v. Yealink (USA) Network Technology Co., Ltd. et al.*, Case No. 2:23-cv-00521-JRG-RSP

Dear Erik:

We write in response to your January 29, 2025 letter, in which you raised a number of perceived discovery deficiencies. As an initial matter, we thank you for your patience while Yealink, who had been on a Chinese New Year's break for the past week and half, investigated the alleged deficiencies you had raised.

You refer in your letter to the Court's November 15, 2024 Order, and effectively demand that Yealink produce ***all*** of its documents relating to the "development, testing, and operation" of its products, and ***all*** of its technical documents relating to the sales documents between 2020 and 2025.[1] *See* Halverson Jan. 29 letter at 1 ("If there are additional documents, please immediately produce them."; "If there are additional sales documents, including sales summaries, please immediately produce them."). The Court's November 15 Order, however, did not go so far.

Regarding the technical documents, the Court ordered Yealink to produce "*sufficient* technical documentation to understand the design and [] the development of Yealink's accused products." D.I. 60 at 1. Yealink complied with this Order and produced its technical documents on December 9, 2024, and supplemented on the same day its response to Barco's interrogatory No. 8 which is directed to Yealink's development of its accused products. Barco has had these documents and supplemented interrogatory responses for almost two months, but has not alleged, and still does not allege in your letter, that Yealink's produced documents are not sufficient for Barco to understand the design and development of Yealink's accused products. Nor has Barco alleged that Yealink's supplemented interrogatory responses are deficient. It is not productive, nor consistent with Rule 26, for Barco to simply demand that Yealink keep producing more documents. If Barco

---

[1] Even though as you know, Yealink has pulled its WPP20 and WPP30 dongle products out of the U.S. market by mid-2024 and thus, can no longer infringe Barco's patents which are directed to a communications *system* and only the dongle product. Further, as you are aware, Barco has not marked its products with the asserted patents until June 29, 2021 (the '103 patent) and October 19, 2023 (all remaining asserted patents).

has a specific request for relevant documents that are reasonably calculated to lead to the discovery of admissible evidence, we are happy to consider such request.

Likewise, regarding Yealink's sales documents, you acknowledge in your letter that Yealink has produced its sales invoices. Yealink has also supplemented its response to Barco's interrogatory No. 3, and provided detailed U.S. sales data of its accused products from at least January 1, 2019 to the present. Consequently, Yealink has complied with the Court's November 15, 2024 Order. Barco has not alleged that Yealink's sales data has been deficient. Further, regarding your current broad demand of "accounting software printouts or summary documents of sales invoices used for reporting purposes to management, ownership, or board members that reflect sales of the Accused Products between 2020 and 2025," we note that Barco itself does not appear to believe these documents are relevant, as Barco – who carries the burden to establish damages – itself has not produced these documents. Indeed, it appears that Barco has produced only two Excel spreadsheets relating to its sales data, BARCO_0052338 and BARCO_0066400. We do not see in Barco's document productions any invoices of Barco's product sales similar to those Yealink has produced. At this point, we do not agree Yealink's production of its sales documents has been deficient.

Indeed, Barco has not alleged any prejudice by any such perceived deficiencies.

Regarding the redactions in Yealink's sales invoices, we clarify that these redactions are for Yealink's products that have no relation at all to the accused products or the asserted patents. As the redacted information has no relevance to this case, we believe these redactions are proper.

Regarding YEALINK_00011303, the HDMI license, we thank you for pointing out that it appears incomplete. As you can see, this particular agreement is over 10 years old, and is a standard license involving HDMI Licensing, LLC. The produced agreement is complete with the terms and the respective signatures. While Yealink does not believe this standard license is relevant to the claims and defenses at issue in this case (indeed, to the extent Barco has executed the same or similar license agreement, it has not produced it), Yealink will nevertheless search for the complete version of this particular agreement and if it can locate it, produce it right away.

We also confirm that Yealink is not aware of any other license agreements concerning its accused products. In your letter, you demand that Yealink also produce additional license agreements relating to the "technology at issue."  This appears to be a new request from Barco, and it is not clear what you meant by "technology at issue." Nevertheless, Yealink is not aware of any such license agreements, but will conduct a further search to confirm.

Regarding your demand for preliminary market research documents related to Yealink's WPP20 product, we do not understand that these documents, even if they exist, are relevant to the claims and defenses at issue in this case. As Yealink made clear in its supplemented response to Barco's interrogatory No. 8, development of the WPP20 product started in 2017 and the WPP20 was sold beginning in April 2018. The patents asserted in this case, however, did not issue until 2020 or later, and Barco did not mark its products with the asserted patents until June 2021 and

October 2023. You also did not articulate why such documents would be relevant. In any case, if you do not agree, we are happy to consider your position.

Regarding your demand for documents that "refer to Barco or any of Barco's patents, patent applications or products," Yealink has not located any such documents to produce.

As for source code, Yealink is looking into your request to evaluate the feasibility and logistics of production. As we had explained before, such production would be extremely burdensome and complicated, especially as Barco insists this production must take place in the U.S. At the same time, we had asked before whether Barco believes the technical documents Yealink produced so far, which include schematics and various reports of Yealink's accused products, are insufficient but received no clear answer. As referenced above, Barco also has not made such allegation. If Barco does not agree, please explain so we can consider Barco's position.

As for your request for samples, you had previously requested five samples of each accused product, which is overly burdensome. Yealink will consider Barco's current request for only one sample of each accused product, and will revert back soon.

Regarding your continued demand that Yealink supplement its response to Barco's interrogatory No. 12, we have already explained why your demand is flawed. *See, e.g.*, Jan. 27, 2025 email from S. Yang. Once again, that Barco failed to serve proper RFAs is not a basis for Yealink to "immediately" supplement its contention interrogatory responses. Further, we note that Barco itself has not fully answered Yealink's contention interrogatories, even on issues where Barco bears the burden. *See, e.g.*, Barco's response to Yealink's interrogatory No. 13 ("State the factual basis for Barco's contention that it is entitled to an injunction as a result of the alleged patent infringement by Yealink). Similarly, Barco has not properly answered Yealink's interrogatory No. 16 relating to Yealink's invalidity contentions. In any case, as we have made clear many times already, Yealink will timely supplement its interrogatory responses in accordance with its discovery obligations, and expects the same from Barco.

Finally, we do not understand your claim that Yealink's interrogatory responses are improper simply because it contains the sentence "Yealink's investigation of relevant information and documents is ongoing." This is a truthful statement and consistent with Rule 26 and Yealink's discovery obligations. We also note that fact discovery has not closed. Further, you broadly and vaguely claim that Yealink's interrogatory responses are deficient, but do not explain how or why. If you wish to further explain your position, we are happy to consider.

Best regards,

Stephen Yang

CC:   Counsel of record (via email)