# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| BARCO, INC. and BARCO NV, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> YEALINK (USA) NETWORK ) <br> TECHNOLOGY CO., LTD., and ) <br> YEALINK NETWORK ) <br> TECHNOLOGY CO., LTD. ) <br> ) <br> Defendants. ) | Case No. 2:23-CV-00521-JRG-RSP |

## **OPPOSED MOTION TO MODIFY DOCKET CONTROL ORDER**

Plaintiffs Barco, Inc. and Barco NV ("Barco" or "Plaintiffs") moves to amend the Docket Control Order to allow for the deposition of one expert witness two business days after the close of expert discovery due to pre-existing international travel.

Pursuant to the Docket Control Order (Dkt. 23) and the First Amended Docket Control Order (Dkt. 69) entered by this Court (Dkt. 70), the current deadline for the completion of expert discovery is May 23, 2025.

Dr. Brogioli's report was timely served by agreement of the parties.

On April 29, 2025, Counsel for the parties conferred regarding deposition scheduling. Counsel for Barco indicated Dr. Brogioli was not available for deposition the week of May 19, 2025. Counsel for Yealink indicated that it may be fine to take a deposition outside the court's expert discovery period. Counsel for Barco indicated that it would follow up with Dr. Brogioli

regarding his availability and would confirm via email whether Dr. Brogioli's schedule had changed.

On May 1, 2025, Counsel for Barco followed up via email indicated that Dr. Brogioli was traveling internationally the week of May 19 and again indicated that he would be available for deposition on either May 28 or May 29, in Austin, Texas. On May 2, 2025, Counsel for Defendants Yealink Network Technology Co., Ltd. and Yealink (USA) Network Technology Co., Ltd. ("Yealink" or "Defendants") refused to agree to take Dr. Brogioli's deposition, and demanded that Barco "must make Dr. Brogioli available for deposition no later than May 23rd."

Counsel for Barco indicated that it was willing to seek leave to move other dates to accommodate Yealink's concerns with taking Dr. Brogioli's deposition shortly after the close of fact discovery; Counsel for Yealink refused to agree to a joint motion to modify the DCO with regard to expert discovery or the June dates related to summary judgment and *Daubert* briefing.

Rule 26(b)(4)(a) states "A party *may* depose any person who has been identified as an expert whose opinions may be presented at trial. If Rule 26(a)(2)(B) requires a report from the expert, the deposition *may* be conducted only after the report is provided." Rule 26 does not require the deposition of an expert. However, in an effort to ensure that Yealink has the opportunity to depose Dr. Brogioli, it now seeks to modify the DCO to extend the close of expert discovery to accommodate Dr. Brogioli's long-planned international travel.

Barco offered to further seek leave to amend the DCO to provide additional time for the parties to prepare and respond to dispositive motions and *Daubert* challenges; Yealink declined the offer. As a result, any prejudice tied to a two-business day extension has been mitigated.

Moreover, Counsel for Barco asked whether counsel for Yealink intended to depose Dr. Brogioli when Dr. Brogioli was available, and Counsel for Yealink indicated it did not expect to

appear in Austin, Texas where Dr. Brogioli resides on the date that Dr. Brogioli is available. With regard to depositions of Yealink's experts, Counsel for Barco agreed to travel to Yealink's witnesses to conduct the depositions or to conduct them remotely. Counsel for Yealink agreed to take the deposition of Barco's economic expert at the location the economic expert was made available. Accordingly, any prejudice tied to Dr. Brogioli's availability and location is minimal.

"A party seeking to modify the Court's Docket Control Order must show 'good cause.'" *Seven Networks, LLC v. Google LLC*, No. 2:17-CV-00442-JRG, 2018 WL 4501952, at *4 (E.D. Tex. July 11, 2018) (quoting FED. R. CIV. P. 16(b)). In evaluating good cause, "the Eastern District of Texas considers (1) the explanation for the party's failure to meet the deadline, (2) the importance of what the Court is excluding, (3) the potential prejudice if the Court allows the thing that would be excluded, and (4) the availability of a continuance to cure such prejudice." *Id.*

First, Dr. Brogioli was traveling internationally and was unavailable to be deposed the week of May 20. Yealink did not ask for any availability of Dr. Brogioli earlier in May, despite having had his opening expert report since Monday, April 28. 2025. There was ample time before the week of May 20 to request his availability. The next date available upon Dr. Brogioli's return from his travel was May 28, and that is the day Dr. Brogioli was made available.

Second, Dr. Brogioli, as an expert witness, is expected to provide important testimony regarding indirect infringement, a point Yealink now appears to contest. *Cf.* Third Amended Answer (Dkt. 85) (admitting infringement of all asserted claims). Dr. Brogioli also is expected to provide important testimony in support of the damages at issue in this case. As a result, it is expected that Yealink would want to take his deposition.

Third, as discussed above, any prejudice is minimal at best, and Barco has done everything in its power to mitigate that prejudice. Yealink has not taken any efforts to mitigate any prejudice.

Fourth, a trial continuance is not necessary, a brief extension of two business days is certainly available in the schedule. Moreover, Barco offered to seek leave to further modify the forthcoming summary judgment date and Yealink declined.

Based on the factors that govern modification of the DCO in this case, Barco respectfully requests that the Court grant this motion and extend the deadline for expert discovery to May 28, 2025.

Dated: May 20, 2025                                 Respectfully submitted,

*s/ Erik J. Halverson*
Melissa Smith (Texas Bar No. 24001351)
Andrew t. Gorham
**GILLAM & SMITH, LLP**
303 South Washington Avenue
Marshall, Texas 75670
Telephone: +1 903 934 8450
Facsimile: +1 903 934 9257
melissa@gillamsmithlaw.com
tom@gillamsmithlaw.com

Christopher Centurelli (*pro hac vice*)
christopher.centurelli@klgates.com
Anna E. L'Hommedieu (*pro hac vice*)
Anna.lhommedieu@klgates.com
Joshua N. Andrews (*pro hac vice*)
Joshua.Andrews@klgates.com
**K&L GATES LLP**
1 Congress Street, Suite 2900
Boston, MA 02114-2023
Telephone: (617) 261-3100

Erik J. Halverson (Bar No. 333492CA)
erik.halverson@klgates.com
**K&L GATES LLP**
Four Embarcadero Center,
Suite 1200
San Francisco, CA 94111
Telephone: (415) 882-8238

*Attorneys for Plaintiffs*
*Barco, Inc. and Barco N.V.*

Case 2:23-cv-00521-JRG-RSP   Document 101   Filed 05/20/25   Page 5 of 6 PageID #: 5153

**CERTIFICATE OF SERVICE**

I hereby certify that on May 20, 2025, all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system pursuant to Local Rule CV-5(a)(3).

*/s/ Melissa R. Smith*
Melissa R. Smith

**CERTIFICATE OF CONFERENCE**

The undersigned hereby certifies that on May 20, 2025, counsel for the parties conferred to discuss the substance of this Motion pursuant to Local Rule CV-7(h). Counsel for Defendants indicated it opposed the request and demanded that Dr. Brogioli be made available before May 23. 2025. Counsel for Defendants offered to modify other dates in the schedule to account for Dr. Brogioli's international travel and Counsel for Plaintiffs declined, indicating that they wanted to keep the current dates.

*/s/ Erik J. Halverson*
Erik Halverson

**CERTIFICATE OF CONFERENCE**

On April 29, 2025, Counsel for the parties conferred regarding deposition scheduling. Counsel for Barco indicated Dr. Brogioli was not available for deposition the week of May 19, 2025. Counsel for Yealink indicated that it may be fine to take a deposition outside the Court's expert discovery period, so long as Barco's damages expert was made available by May 23, 2025. Counsel for Barco indicated that it would follow up with Dr. Brogioli regarding his availability and would confirm via email whether Dr. Brogioli's schedule had changed.

*/s/ Joshua Andrews*
Joshua Andrews