**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| BARCO, INC. and BARCO NV, § <br> § <br> *Plaintiffs*, § <br> § <br> v. § <br> § <br> YEALINK (USA) NETWORK § <br> TECHNOLOGY CO., LTD., and § <br> YEALINK NETWORK § <br> TECHNOLOGY CO., LTD. § <br> § <br> *Defendants*. § | Civil Action No. 2:23-cv-00521-JRG-RSP <br><br><br> JURY TRIAL DEMANDED |

**<u>DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT</u>**

**TABLE OF CONTENTS**

| | | |
|---|---|---|
| I. | INTRODUCTION | 1 |
| II. | STATEMENT OF ISSUES | 1 |
| III. | STATEMENT OF UNDISPUTED MATERIAL FACTS | 1 |
| IV. | LEGAL STANDARD | 4 |
| | A. Summary Judgment | 4 |
| | B. 35 U.S.C. § 287 Requires Patentee to Provide Notice | 4 |
| V. | BARCO DID NOT PROVIDE CONSTRUCTIVE NOTICE OF THE ASSERTED PATENTS | 6 |
| VI. | CONCLUSION | 10 |

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Anderson v. Liberty Lobby, Inc.*,
  477 U.S. 242 (1986)......................................................................................................................4

*Artic Cat Inc. v. Bombardier Rec. Prods. Inc.*,
  876 F.3d 1350 (Fed. Cir. 2017).....................................................................................................4

*Celotex Corp. v. Catrett*,
  477 U.S. 317 (1986)......................................................................................................................4

*ContentGuard Holdings, Inc. v. Amazon.com, Inc.*,
  2015 U.S. Dist. LEXIS 179390 (E.D. Tex. Aug. 10, 2015) .................................................5

*Crown Packaging Tech., Inc. v. Rexam Beverage Can Co.*,
  559 F.3d 1308 (Fed. Cir. 2009)................................................................................................4, 5

*Dillon v. Rogers*,
  596 F.3d 260 (5th Cir. 2010) .......................................................................................................4

*Entropic Commc'ns, LLC v. Charter Commc'ns, Inc.*,
  2023 U.S. Dist. LEXIS 220036 (E.D. Tex. Nov. 16, 2023) ...........................................5, 6

*Jones v. Lowndes Cnty.*,
  678 F.3d (5th Cir. 2012) .............................................................................................................4

*Netlist, Inc. v. Micron Tech., Inc.*,
  2024 U.S. Dist. LEXIS 18840 (E.D. Tex. Jan. 11, 2024)......................................................5

*Nike Inc. v. Wal-Mart Stores, Inc.*,
  138 F.3d 1437 (Fed. Cir. 1998).....................................................................................................9

*Pipp Mobile Storage Sys. v. Innovative Growers Equip., Inc.*,
  2022 U.S. Dist. LEXIS 8469 (N.D. Ill. Jan. 18, 2022) .........................................................7

TABLE OF EXHIBITS

| EXHIBIT | DESCRIPTION |
| --- | --- |
| Exhibit A | Cease And Desist Letter Dated May 17, 2023 (Barco_0000001- BARCO_0000041) |
| Exhibit B | Cease And Desist Letter Dated August 23, 2023 (Barco_00052328) |
| Exhibit C | Plaintiff's Disclosures of Asserted Claims and Infringement Contentions Dated, March 11 2024 |
| Exhibit D | Plaintiff's First Amended Disclosures of Asserted Claim and Infringement Contentions, Dated December 12, 2024 |
| Exhibit E | Second Amended Disclosures of Asserted Claims and Infringement Contentions, Dated December 16, 2024 |
| Exhibit F | Plaintiffs' Responses and Objections to Defendants' Second Set of Interrogatories (Nos. 9-16), dated January 27, 2025 |
| Exhibit G | Barco's ClickShare "Button" Products (BARCO_0053943-BARCO_0053951) |
| Exhibit H | Excerpts from the Deposition of Erwin Six, dated April 25, 2025 |
| Exhibit I | BARCO_0053974- BARCO_0053976 |
| Exhibit J | Barco's Patent List (BARCO_0053969-BARCO_0053973) |
| Exhibit K | Barco's Patent List (BARCO_0053964-BARCO_0053968) |
| Exhibit L | Barco's "Download list (Updated 2023-10-19) (BARCO_0053958-BARCO_0053963) |
| Exhibit M | Declaration of Mina Ching (YEALINK_0014418-YEALINK_0014460) |
| Exhibit N | Excerpts from the Deposition of William B. Scally, dated May 23, 2025 |
| Exhibit O | Pictures of ClickShare Button (YEALINK_00014474) |
| Exhibit P | Pictures of ClickShare Button (YEALINK_00014475) |
| Exhibit Q | ClickShare Button's Package (YEALINK_00014468) |
| Exhibit R | ClickShare new button Base Unit dependency (YEALINK_00014326) |
| Exhibit S | ClickShare Button and Base Unit packages (BARCO_0053357-BARCO_0053460) |
| Exhibit T | Expert Report of William B. Scally, CFA, dated April 28, 2025 |

## I.  INTRODUCTION

Yealink (USA) Network Technology Co., Ltd. and Yealink Network Technology Co., Ltd. (together, "Yealink") respectfully move for partial summary judgment finding plaintiffs did not provide constructive notice of the Asserted Patents.

Plaintiffs Barco, Inc., and Barco NV (together, "Barco") are not entitled to damages for alleged infringement of the Asserted Patents prior to May 17, 2023, because Barco did not comply with 35 U.S.C. § 287(a)'s constructive notice provision. Thus, the Court should grant this Motion for Summary Judgment ("Motion").

## II.  STATEMENT OF ISSUES

1. Whether to grant summary judgment that no constructive notice of the Asserted Patents was provided, as provided by 35 U.S.C. § 287.

## III.  STATEMENT OF UNDISPUTED MATERIAL FACTS

1. On May 17, 2023, Barco sent a letter to Yealink ("First Notice Letter") which stated Yealink's "A20-020-TEAMS Video Bar and WPP30 Presentation Pod products" infringe *at least* the following Barco patents: US 11,422,951 B2; US 10,795,832 B2, and US 10,762,002 B2." Ex. A. This letter did not list any other product or patent.

2. On August 23, 2023, Barco sent a second letter to Yealink ("Second Notice Letter") which "identified two additional patents that are infringed by Yealink's [A20-020-TEAMS Video Bar and WPP30 Presentation Pod], U.S. Patent No [sic] 10,904,103 and 11,402,237." Ex. B. This letter did not list any other product or patent not already identified.

3. On November 14, 2023, Barco filed the Complaint in this case, accusing Yealink of direct and indirect infringement. Dkt. 1, ¶¶ 35, 41, 48, 51, 58, 61, 68, 71, 78, 81, 88, 91, 98.

1

4. Barco asserted against Yealink U.S. Patent Nos. 10,762,002 (the "'002 Patent"); 10,795,832 (the "'832 Patent"); 10,904,103 (the "'103 Patent"), 11,258,676 (the "'676 Patent"); 11,403,237 (the "'237 Patent"); and 11,422,951 (the "'951 Patent") (together, the "Asserted Patents"). *Id.* at ¶¶1, 41, 51, 61, 71, 81, 91.

5. On March 11, 2024, Barco filed its initial Disclosure of Asserted Claims and Infringement Contentions, which asserted claims 1–23 of the '002 Patent; 1–4, 6–8, and 13–19 of the '832 Patent; 1–2, 4–8, and 12–21 of the '103 Patent; 1–20 of the '676 Patent; 1–20 of the '237 Patent; and 1–21 of the '951 Patent (together, the "Initial Asserted Claims"). Ex. C, § I(A)(i)–(vi).

6. On December 11, 2024, Barco amended its asserted claims to assert claims 1–7 and 10 of the '002 Patent; 1–4, 6–8, 13–14, and 16–19 of the '832 Patent; 1–2, 16–17, and 19–20 of the '103 Patent; 1–20 of the '676 Patent; 1–5, 7–8, and 19 of the '237 Patent; and 1–21 of the '951 Patent (together, the "Second Asserted Claims"). Ex. D, § I(A)(i)–(vi).

7. On December 16, 2024, Barco amended its asserted claims to assert claims 1–7 and 10 of the '002 Patent; 1–4, 6–8, 13–14, and 16–19 of the '832 Patent; 1–2, 16–17, and 19–20 of the '103 Patent; 1–20 of the '676 Patent; 1–5, 7–8, and 19 of the '237 Patent; and 1–15 and 17–21 of the '951 Patent (together, the "Final Asserted Claims"). Ex. E, § I(A)(i)–(vi).

8. Claim 21 of the '002 Patent is an apparatus claim for "A peripheral device…." Dkt. 1, Ex. 1, at Cl. 21.

9. Claim 1 of the '832 Patent is an apparatus claim for "A peripheral device…." Dkt. 1, Ex. 2, at Cl. 1.

10. Claim 1 of the '103 Patent is an apparatus claim for "A computer peripheral device…." Dkt. 1, Ex. 3, at Cl. 1.

11. Claim 16 of the '676 Patent is an apparatus claim for "An electronic meeting tool…the tool comprising:…at least one peripheral device…." Dkt. 1, Ex. 4, at Cl. 16.

12. Claim 18 of the '237 Patent is an apparatus claim for "A peripheral device…." Dkt. 1, Ex. 5, at Cl. 18.

13. Claim 1 of the '951 Patent is an apparatus claim for "An electronic meeting tool…comprising:…at least one peripheral device…." Dkt. 1, Ex. 6, at Cl. 1.

14. Barco's ClickShare "Button" product practices each Asserted Patent. *See* Ex. F; Ex. G, at BARCO_0053951.

15. Barco virtually marks its patents, referring customers to a website which provides patent information. Ex. H, at 150:3-9 ("we refer there [sic] towards our website where [patent] information can be found"); Ex. I.

16. Barco uses a single website to constructively mark its patents. Ex. H ("Q: So this exhibit here, Exhibit [I], is the only website where Barco marked its patents, correct? A: Yes."); Ex. I.

17. Barco's "Download list (Updated 2021-01-19)" patent list does not list any Asserted Patent's patent number. Exs. I and J.

18. Barco's "Download list (Updated 2021-06-29)" patent list does not list any Asserted Patent's patent number. Exs. I and K.

19. Barco's "Download list (Updated 2023-10-19)" does list the Asserted Patent's numbers. However, it was not available on October 19, 2023. See Ex. I; Ex. L at BARCO_0053963. Instead, it became available sometime after the complaint was filed. Compare Ex. M at YEALINK_00014443 with Ex. M at YEALINK_00014446 (WayBack Machine screen

3

grabs demonstrating that "Download list (Updated 2023-10-19)" was not posted until between December 10, 2023, and January 18, 2024).

20. Barco's damages expert, Mr. William B. Scally, begins his analysis of alleged recoverable damages in May of 2023, which is when Barco first notified Yealink of alleged infringement in the First Notice Letter. Ex. N, at 30:3–7; Ex. A; Ex. T, pg. 12 (chart stating, "Damages Start Period" and beginning in "2023.05"), and Exhibit 3 – Dispute Timeline, Note [3].

## IV.   LEGAL STANDARD

### A.   Summary Judgment

Summary judgment is proper where a movant "shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law," such as "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The Court must "construe all facts and inferences in the light most favorable to the nonmoving party." *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010) (internal quotes omitted). However, a non-movant's "[c]onclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation" does not preclude summary judgment. *Jones v. Lowndes Cnty.*, 678 F.3d, 344, 348 (5th Cir. 2012) (internal quotes omitted). The "mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986).

### B.   35 U.S.C. § 287 Requires Patentee to Provide Notice

A "patentee who makes or sells a patented article must mark his articles [providing constructive notice] or notify infringers of his patent [providing actual notice] in order to recover

4

damages." *Artic Cat Inc. v. Bombardier Rec. Prods. Inc.*, 876 F.3d 1350, 1365 (Fed. Cir. 2017) (additions in original). A "party that does not mark a patented article is not entitled to damages for infringement prior to actual notice." *Crown Packaging Tech., Inc. v. Rexam Beverage Can Co.*, 559 F.3d 1308, 1316 (Fed. Cir. 2009); *see also* 35 U.S.C. § 287(a).

> To provide constructive notice, patentees and licensees must
>
>> fix[] thereon [the patented article] the word 'patent' or the abbreviation 'pat.', together with the number of the patent, or by fixing thereon the word 'patent' or the abbreviation 'pat.' together with an address of a posting on the Internet, accessible to the public without charge for accessing the address, that associates the patented article with the number of the patent.

35 U.S.C. § 287(a). The alleged infringer "bears an initial burden of production to articulate the products it believes are unmarked 'patented articles' subject to § 287. To be clear, this is a low bar. The alleged infringer's burden is a burden of production, not one of persuasion or proof." *Netlist, Inc. v. Micron Tech., Inc.*, 2024 U.S. Dist. LEXIS 18840, at *13 (E.D. Tex. Jan. 11, 2024) (internal citations omitted). The "patentee [then] bears the burden of proving it complied with the marking requirement." *Id.*

Where "*both apparatus and method claims … were asserted*," constructive notice requires "mark[ing patentee's] product pursuant to section 287(a) in order to recover damages under its method claims" prior to any actual notice. *Crown Packaging Tech., Inc. v. Rexam Bev. Can Co.*, 559 F.3d 1308, 1317 (Fed. Cir. 2009) (emphasis in original) (quoting *American Medical Sys. v. Medical Eng'g Corp.*, 6 F.3d 1523, 1538-39 (Fed. Cir. 1993)). When both apparatus and method claims are originally asserted, *only* when "the apparatus claims are quickly withdrawn, marking is not required." *Entropic Commc'ns, LLC v. Charter Commc'ns, Inc.*, 2023 U.S. Dist. LEXIS 220036, at *7 (E.D. Tex. Nov. 16, 2023); *see also ContentGuard Holdings, Inc. v. Amazon.com, Inc.*, 2015 U.S. Dist. LEXIS 179390, at *13–15 (E.D. Tex. Aug. 10, 2015).

## V. BARCO DID NOT PROVIDE CONSTRUCTIVE NOTICE OF THE ASSERTED PATENTS

No genuine issue of material fact exists that Barco did not provide constructive notice of the Asserted Patents prior to filing the Complaint. Thus, Barco failed to satisfy its burden to prove constructive notice to recover *any* damages prior to actual notice of infringement.

### 1. *Barco Asserted Apparatus Claims and Thus Must Mark its Products to Enjoy § 287(a)'s Constructive Notice Provision*

Barco initially asserted both method *and apparatus* claims. *Compare* Ex. C *with* Dkt. 1, Ex. 1 ('002 Patent, claim 21 – "A peripheral device"), Ex. 2 ('832 Patent, claim 1 – "A peripheral device"), Ex. 3 ('103 Patent, claim 1 – "A computer peripheral device"), Ex. 4 ('676 Patent, claim 16 – "An electronic meeting tool"), Ex. 5 ('237 Patent, claim 18 – "A peripheral device"), Ex. 6 ('951 Patent, claim 1 – "An electronic meeting tool"). Further, Barco charted each of the apparatus claims in its infringement contentions, Ex. C (excerpted for each claim listed above), which was served to Yealink on March 11, 2024, nearly four months after the Complaint. *See* Ex. C and Dkt. 1.

Barco did not withdraw the asserted apparatus claims until over a year after filing the Complaint, on December 11, 2024.[1] Ex. D. In *Entropic Commc'ns, LLC*, Entropic filed its infringement contentions "just two months after suit was filed," which withdrew Entropic's assertion of apparatus claims. *Entropic Commc'ns, LLC*, 2023 U.S. Dist. LEXIS 220036, at *8. The court relied on Entropic's "sufficiently quick[]" withdrawal of apparatus claims to hold that marking was not required for the method claims in that case. *Id.*

Barco cannot enjoy the "sufficiently quick[]" withdrawal exception here because Barco continued to assert the apparatus claims until over a year after the Complaint and nine months after

---

[1] Barco only dropped the apparatus claims from the '002 and '237 Patents, but have continued to assert the apparatus claims of the remaining Asserted Patents.

6

they served their initial infringement contentions. *See* Ex. D (withdrawing asserted apparatus claims from the '002 and '237 Patents. Thus, Barco is required to mark the Asserted Patents to obtain § 287(a)'s constructive notice benefit to recover any damages prior to actual notice. For the reasons stated below, Barco did not.

    2. *Barco Did Not Constructively Mark the Asserted Patents Until At Least After the Filing of the Complaint*

Barco virtually marks its patents by providing patent lists on the internet. *See* Ex. H, at 150:23–151:3; at 152:11–153:23; Ex. I. Barco's ClickShare line of products, including the Button (all versions) and Base Units, are unmarked "patented article[s]." Barco admits the ClickShare products practice the Asserted Patents. *See* Ex. F (Barco charting its Clickshare Button to one claim from each of the Asserted Patents); Ex. G, at BARCO_0053951 (referencing its ClickShare products, and its ClickShare Button separately, as associated with each of the Asserted Patents, as posted on July 12, 2024).

First, Barco failed to provide constructive notice because the Asserted Patents, specifically, were never listed on any patent list on Barco's patent webpage (Ex. I) until *after* the filing of the Complaint. The '002 Patent is the earliest issued Asserted Patent and issued on September 1, 2020. Dkt. 1, Ex. 1. However, neither Barco's "Download list (Updated 2021-01-19)" or the "Download list (Updated 2021-06-29)" patent lists include any Asserted Patent's issued patent number.[2] *See* Ex. I, Ex. J, Ex. K. Barco's Fed. R. Civ. P. 30(b)(6) witness's, Mr. Erwin Six, testimony confirmed

---

[2] Ex. J and Ex. K include U.S. Application No. 2015/0263905 A1, which is the pre-issued application for the '103 Patent. However, notification of a patent application "is not relevant to a patentee's ability to recover damages after the patent's issuance under 35 U.S.C. § 287(a)." *Pipp Mobile Storage Sys. v. Innovative Growers Equip., Inc.*, 2022 U.S. Dist. LEXIS 8469, at *8 (N.D. Ill. Jan. 18, 2022).

Further, a patent application fails to satisfy the statutory text of 35 U.S.C. § 287(a). That statute requires the virtual marking to "associate[] the patented article with the number of the ***patent***." § 287(a). A patent application is not a patent.

7

that these two patent lists did not contain any Asserted Patent's issued patent number. *See* Ex. H, at 157:7–159:17.

Instead, Barco did not list, or associate with a product, any Asserted Patent until the "Download list (Updated 2023-10-19)" patent list was made available to the public on the internet. Mr. Six confirms this patent list was the first time any Asserted Patent was listed. *See* Ex. H, at 160:2–162:23 (answering that Ex. L (Exhibit 26 of the deposition) was the first time that any Asserted Patent appeared in Barco's patent lists). *Compare* Exs. J and K *with* Ex. L.

However, contrary to its name, the "Download list (Updated 2023-10-19)" was not available on October 19, 2023. *See* Ex. I; Ex. L at BARCO_0053963. Instead, it was not available on Barco's website until at least December 10, 2023—nearly a month after Barco filed the Complaint. *Compare* Ex. M at YEALINK_00014443 *with* Ex. M at YEALINK_00014446 (WayBack Machine screen grabs demonstrating that "Download list (Updated 2023-10-19)" was not posted until between December 10, 2023, and January 18, 2024). Thus, there is no genuine issue of material fact that Barco did not satisfy § 287(a)'s constructive notice provision prior to the filing of the Complaint.[3]

Second, Barco failed to provide constructive notice because it failed to mark the Asserted Patents on "substantially all" of the patented articles. Mr. Six testified that Barco has "package[s] with either a base unit and two buttons or with one button," (Ex. H, at 165:6-8) and that Barco marks their patents with "stickers on the boxes" and "in the manuals of our products" (Ex. H, at 150:3-9). But this *only* applies when the ClickShare Button is sold *as a package*.

---

[3] It is noteworthy that Barco's damages expert, Mr. Scally, chooses the First Notice Letter date as the beginning of the damages period, instead of when Barco "arguably ha[d] protection of its intellectual property rights" in September 2020. *See* Ex. N, at 28:17–30:22. *See also* Ex. 2.6, pg. 7 and Exhibit 2 (Mr. Scally does not include the U.S. patent application in his patent count analysis for June 29, 2021).

8

Mr. Six confirmed that the physical ClickShare Button is not marked – "Q: Mr. Six, has Barco ever marked its patents on the button itself? A: ***Not as I recall, no***." *See* Ex. H, at 163:1–164:10; *see also* Ex. O; Ex. P (pictures of ClickShare Button demonstrating no visible patent mark). Moreover, the individually sold ClickShare Button's package does not mark the Asserted Patents, as confirmed by Mr. Six. *See* Ex. H, at 164:14-165:23; at 166:1-24 and 168:4–169:8; at 170:7–171:4 and 171:17–172:7. Nor does the individually sold ClickShare Button's package contain any user manual which may, or may not, contain sufficient patent marking. *See* Ex. Q (demonstrating the contents of the individually sold ClickShare Button's package do not include a "manual"); *see also* Ex. H, at 169:20–170:5; Ex. R. Thus, the ClickShare Button's package only directs the consumer to various Barco's technical webpages. Thereafter, the consumer must hunt to find Barco's marking webpage. *See* Ex. H, at 168:13-16, 169:20–170:5; Ex. R

Barco allegedly marks the combined ClickShare Button and Base Unit packages with Barco's patents. *See* Ex. S, at BARCO_0053359. But Barco has not, and cannot, prove that "substantially all" patented articles were marked. *See Nike Inc. v. Wal-Mart Stores, Inc.*, 138 F.3d 1437, 1446 (Fed. Cir. 1998) (quoting *American Medical Sys. v. Medical Eng'g Corp.*, 6 F.3d 1523, 1538 (Fed. Cir. 1993)) ("compliance with the marking statute [is] not achieved until the patentee 'consistently marked substantially all' of the patent products, and was no longer distributing unmarked products").

Mr. Six's testimony demonstrates that the ClickShare Buttons, at least when sold individually, do not provide patent marking that sufficiently satisfies § 287(a). Further, Barco has provided no evidence regarding the quantity of unmarked ClickShare Buttons sold, or whether Barco has discontinued distribution of unmarked ClickShare Buttons. "The patentee bears the

9

burden of proving compliance [with the marking statute]." *Nike Inc.*, 138 F.3d at 1446. Barco has not.

Thus, the Court should enter summary judgment that Barco did not provide constructive notice of the Asserted Patents prior to filing of the Complaint.

## VI.   CONCLUSION

No genuine issue of material fact exists that Barco failed to satisfy the notice requirements of 35 U.S.C. § 287(a). It is a simple requirement to satisfy, yet should continue to be strictly enforced. Thus, this Court should find that Barco did not provide constructive notice of the Asserted Patents and precludes Barco from recovering any damages for infringement prior to actual notice.

Date: June 17, 2025

**DENTONS US LLP**

By: /s/ *Victor C. Johnson*
Victor C. Johnson
Texas Bar No. 24029640
Forrest D. Gothia
Texas Bar No. 24125250
100 Crescent Court, Suite 900
Dallas, Texas 75201
Email: victor.johnson@dentons.com
(214) 259-1876
Email: forrest.gothia@dentons.com
(214) 259-1887

Stephen Yang (*pro hac vice* granted)
1221 Avenue of the Americas
New York, New York 10020
Email: Stephen.yang@dentons.com
(212) 398-4890

Timothy C. Bickham
DC State Bar No. 45614
Kevin R. Greenleaf
1900 K Street, NW
Washington, DC 20006
Email: Timothy.bickham@dentons.com

10

(202) 408-6390
Email: Kevin.greenleaf@dentons.com
(202) 408-6390

***Attorneys for Defendants Yealink (USA) Network Technology Co., Ltd. and Yealink Network Technology Co., Ltd.***

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served via email to counsel for Plaintiffs on June 17, 2025.

*/s/ Victor Johnson*
Victor C. Johnson

## CERTIFICATE OF AUTHORIZATION TO SEAL

I hereby certify that pursuant to Local Rule CV-5(a)(7), the foregoing document was filed under seal pursuant to the Court's Protective Order entered in this matter (Dkt. 30).

*/s/ Victor C. Johnson*
Victor C. Johnson

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that on June 13, 2025, counsel for the parties conferred to discuss the substance of this Motion pursuant to Local Rule CV-7(h). Counsel for Plaintiffs indicated that it opposed the request.

*/s/ Victor C. Johnson*
Victor C. Johnson