# Exhibit E

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| BARCO, INC. and BARCO NV, | ) <br> ) <br> ) |
| Plaintiffs, | ) <br> ) Case No. 2:23-CV-0521-JRG-RSP <br> ) |
| v. | ) <br> ) |
| YEALINK (USA) NETWORK TECHNOLOGY CO., LTD., and YEALINK NETWORK TECHNOLOGY CO., LTD. | ) <br> ) <br> ) <br> ) <br> ) |
| Defendants. | ) <br> ) |

**PLAINTIFFS' SECOND AMENDED DISCLOSURE OF ASSERTED CLAIMS AND INFRINGEMENT CONTENTIONS**

Pursuant to Local Patent Rules 3-1 and 3-2, Plaintiffs Barco, Inc. and Barco NV (collectively, "Barco" or "Plaintiffs") hereby provide defendants Yealink (USA) Network Technology Co., Ltd. ("Yealink USA"), and Yealink Network Technology Co., Ltd. ("Yealink China") (collectively, "Yealink" or "Defendants") its Second Amended Disclosure of Asserted Claims and Infringement Contentions.  This Second Amended Disclosure is made to narrow the number of claims asserted in the case, in an effort to streamline the dispute between the parties. The removal of any claims or patents from the case is not an acquiescence to any theory of non-infringement or invalidity advanced by Defendants, and is made without prejudice against those claims.

Barco presents these Infringement Contentions regarding Yealink's infringement of U.S. Patent Nos. 10,762,002 B2 (the "'002 Patent"); 10,795,832 B2 (the "'832 Patent"); 10,904,103 (the "'103 Patent"); 11,258,676 (the "'676 Patent"); 11,403,237 (the "'237 Patent"); and

11,422,951 B2 (the "'951 Patent") (collectively, the "Asserted Patents").  Barco makes these disclosures based on the limited information available at the early stage of this litigation.  Because full discovery of Yealink has not yet occurred, Barco reserves the right to amend or supplement these disclosures—including to supplement its infringement contentions pursuant to P.R. 3-6—with additional information obtained in the course of discovery or further investigation concerning Yealink's products.

## I. BARCO'S P.R. 3-1 DISCLOSURES

### A. P.R. 3-1(a): Infringed Claims

Subject to ongoing discovery and investigation, Barco asserts that Yealink infringes literally and/or under the doctrine of equivalents:

i. Claims 1-7 and 10 of the '002 Patent directly under 35 U.S.C. §§ 271(a) by making, using, offering to sell, selling, and/or importing Yealink's WPP30 Presentation Pod and similarly operating devices such as, but not limited to, WPP20, which when used with a connected device, infringes systems claimed in the '002 Patent.  Additionally, Yealink indirectly infringes under 35 U.S.C. § 271(b) and (c) by inducing and/or contributing to the infringement of its customers, wherein the underlying infringement is the customers' use of Yealink's WPP30 Presentation Pod.

ii. Claims 1-4, 6-8, and 13-14, 16-19 of the '832 Patent directly under 35 U.S.C. §§ 271(a) by, making, using, offering to sell, selling, and/or importing Yealink's WPP30 Presentation Pod and similarly operating devices such as, but not limited to, WPP20. Additionally, Yealink indirectly infringes under 35 U.S.C. § 271(b) and (c) by inducing and/or contributing to the infringement of its customers, wherein the underlying infringement is the customers' use of Yealink's WPP30 Presentation Pod.

iii. Claims 1, 2, 16-17, and 19-20 of the '103 Patent directly under 35 U.S.C. §§ 271(a) by making, using, offering to sell, selling, and/or importing Yealink's WPP30 Presentation Pod and similarly operating devices such as, but not limited to, WPP20. Additionally, Yealink indirectly infringes under 35 U.S.C. § 271(b) and (c) by inducing and/or contributing to the infringement of its customers, wherein the underlying infringement is the use of Yealink's WPP30 Presentation Pod with Yealink's Meeting Bar A20-020-TEAMS Video Bar, Yealink's Room Cast, or Yealink's Meeting Board.

iv. Claims 1-20 of the '676 Patent directly under 35 U.S.C. §§ 271(a) by making, using, offering to sell, selling, and/or importing Yealink's A20-020-TEAMS Video Bar or Yealink's Meeting Board on Android and Yealink's WPP30 Presentation Pod and similarly operating devices such as, but not limited to, WPP20. Additionally, Yealink indirectly infringes under 35 U.S.C. § 271(b) and (c) by inducing and/or contributing to the infringement of its customers, wherein the underlying infringement is the use of Yealink's WPP30 Presentation Pod with Yealink's A20-020-TEAMS Video Bar or Yealink's Meeting Board.

v. Claims 1-5, 7-8, and 19 of the '237 Patent directly under 35 U.S.C. §§ 271(a) by making, using, offering to sell, selling, and/or importing Yealink's WPP30 Presentation Pod and similarly operating devices such as, but not limited to, WPP20. Additionally, Yealink indirectly infringes under 35 U.S.C. § 271(b) and (c) by inducing and/or contributing to the infringement of its customers, wherein the underlying infringement is the use of Yealink's WPP30 Presentation Pod.

vi. Claims 1-15 and 17-21 of the '951 Patent directly under 35 U.S.C. §§ 271(a) by making, using, offering to sell, selling, and/or importing Yealink's WPP30 Presentation Pod and

321747017.1

similarly operating devices such as, but not limited to, WPP20, along with Yealink's A20-020-TEAMS Video Bar, Yealink's Room Cast, or Yealink's Meeting Board. Additionally, Yealink indirectly infringes under 35 U.S.C. § 271(b) and (c) by inducing and/or contributing to the infringement of its customers, wherein the underlying infringement is the use of Yealink's WPP30 Presentation Pod and A20-020-TEAMS Video Bar, Yealink's Room Cast, or Yealink's Meeting Board on Android.

### B. P.R. 3-1(b): Accused Instrumentality

Subject to ongoing discovery and investigation, and based on present information and belief, Barco contends that the Asserted Claims of the Patents-in-Suit are infringed by Yealink's products as identified in the charts attached hereto as Exhibits A-1 to F-1[1], respectively, ("Accused Instrumentalities"). Specifically, Barco has identified Yealink's A20-020-TEAMS Video Bar, Yealink's Room Cast, Yealink's Meeting Board on Android and WPP30 Presentation Pod, and any similarly situated products, as Accused Instrumentalities that infringe the identified Asserted Claims of the Patent-in-Suit based on the current information available to Barco. Barco reserves the right to supplement its infringement contentions to identify additional products and/or services, if necessary, when it is provided with non-public documents from third parties and/or Yealink via the discovery process.

### C. P.R. 3-1(c): Infringement Charts

Subject to ongoing discovery and investigation, and based on present information and belief, Barco contends that each element of each identified Asserted Claim of the Patents-in-Suit is found within each Accused Instrumentality as shown in the infringement charts (Exhibits A-1

---

[1] Barco has not provided updated Exhibits herewith. The evidence contained in the prior-served infringement charts still applies and those Exhibits are incorporated herewith, with the exception of the claims that are no longer asserted in this action.

to F-3) incorporated herein in their entirety. Barco's identification in the claim charts is exemplary and based upon public information currently available to Barco.

Barco reserves the right to amend its asserted claims and infringement contentions pursuant to P.R. 3-6 as discovery progresses and additional information is gathered.

### D. P.R. 3-1(d): Literal Infringement and Infringement Under the Doctrine of Equivalents

Subject to ongoing discovery and investigation, and based on available information obtained to date, Barco hereby contends that each element of each asserted claim is literally present in each of the Accused Instrumentalities as specifically shown in Exhibits A-1 to F-3 unless otherwise stated in those exhibits. As stated above, discovery is necessary to further develop Barco's infringement positions—either literal or under the doctrine of equivalents—and the Court has yet to issue a claim construction order. Pursuant to P.R. 3-6, Barco expressly reserves the right to amend and supplement its position on whether there is infringement under the doctrine of equivalents of any element of any asserted claim until full discovery from Yealink (and/or third parties) is completed and/or pending this Court's claim construction order.

### E. P.R. 3-1(e): Priority Dates

Barco states that each and every Asserted Patent is entitled to a priority date at least as early based on the earliest effective filing date of provisional patent application to which that asserted patent ultimately claims priority. Moreover, certain documents produced thus far, including those identified in response to P.R. 3-2, support an earlier priority date. Based on the investigation completed thus far, Barco contends each of the Asserted Patents is entitled to at least the following priority date:

| United States Patent No. | Priority Date |
|---|---|
| 10,762,002 | June 24, 2010 |
| 10,795,832 | June 24, 2010 |

| | |
|---|---|
| 10,904,103 | June 24, 2010 |
| 11,258,676 | June 24, 2010 |
| 11,403,237 | June 24, 2010 |
| 11,422,951 | June 24, 2010 |

### F.  P.R. 3-1(f): Right to Rely on Barco's Own Instrumentality

Barco practices the Asserted Claims in Barco's ClickShare® Products, including: C-5, C-10, CX-20, CX-30, CX-50, CX-50 Gen2, and Button as further identified at www.barco.com/en/about/terms-conditions/patents.

## II.  CONCLUSION

The information contained in these disclosures is based on Barco's analysis of the facts it currently possesses and based on Barco's review of public information reasonably available to it prior to discovery. Barco reserves the right to supplement, modify, and/or amend these disclosures as new information is learned, becomes available, and as discovery progresses.

Dated: December 16, 2024

*/s/ Erik J. Halverson*
Melissa Smith (Texas Bar No. 24001351)
**GILLAM & SMITH, LLP**
303 South Washington Avenue
Marshall, Texas 75670
Telephone: +1 903 934 8450
Facsimile: +1 903 934 9257
melissa@gillamsmithlaw.com

Christopher Centurelli (pro hac vice)
christopher.centurelli@klgates.com
Anna E. L'Hommedieu (pro hac vice)
Anna.lhommedieu@klgates.com
Joshua N. Andrews (pro hac vice)
Joshua.Andrews@klgates.com
**K&L GATES LLP**
1 Congress Street, Suite 2900
Boston, MA 02114-2023
Telephone: (617) 261-3100

Erik J. Halverson
erik.halverson@klgates.com
**K&L GATES LLP**
Four Embarcadero Ctr,
Suite 1200
San Francisco, CA 94111
Telephone: (415) 882-8238

*Attorneys for Plaintiffs*
*Barco, Inc. and Barco N.V.*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing document was served on December 16, 2024 to counsel of record for Defendants via email at the following addresses:

    Victor C. Johnson:  victor.johnson@dentons.com
    Timothy C Bickham:  timothy.bickham@dentons.com
    Forrest Gothia:  forrest.gothia@dentons.com
    Stephen Yang:  stephen.yang@dentons.com
    Mark Consilvio:  mark.consilvio@dentons.com


                                              */s/ Erik J. Halverson*
                                              Erik Halverson

321747017.1