UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| BARCO, INC. and BARCO NV, <br><br> Plaintiffs, <br><br> v. <br><br> YEALINK (USA) NETWORK TECHNOLOGY CO., LTD., and YEALINK NETWORK TECHNOLOGY CO., LTD. <br><br> Defendants. | Case No. 2:23-CV-00521-JRG-RSP <br><br> JURY TRIAL DEMANDED |

**PLAINTIFFS' REPLY IN SUPPORT OF ITS
MOTION TO STRIKE DR. ALMEROTH'S OPINIONS**

I.  **INTRODUCTION**

Yealink does not, and cannot, rebut the fact that Dr. Almeroth's ***rebuttal*** report is the first time the alleged non-infringing alternatives were presented. This could not more squarely fit within the *Correct Transmission* framework. *Correct Transmission, LLC v. Nokia of Am. Corp.*, No. 2:22-CV-00343-JRG-RSP, 2024 WL 1289821, at *4-5 (E.D. Tex. Mar. 26, 2024) ("The Court agrees with [Plaintiff] that it is [Defendant's] burden to show that an alternative is non-infringing and thus should have been raised in an opening report."). Yealink did not provide an opening report, and as a result, the identified portions of Dr. Almeroth on alleged non-infringing alternatives should be stricken and excluded from presentment to the jury at trial.

Moreover, Dr. Almeroth's report raises invalidity arguments not timely identified by Yealink in its invalidity contentions. For example, he includes a section on the "Differences Between the Issued Claims and the Prior Art" and states his opinion, "the validity of the independent claims is substantially in doubt." Dkt. 109, Exhibit A at 27-28.[1] Yealink cannot be permitted to advance invalidity arguments at trial as they were not timely disclosed. Further, any attempt to re-write Dr. Almeroth's invalidity opinions by Yealink's opposition should be rejected as a late attempt to back door non-infringing alternatives arguments on rebuttal.

II.  **DR. ALMEROTH'S OPINIONS REGARDING ALLEGED NON-INFRINGING ALTERNATIVES SHOULD BE STRICKEN**

Yealink has no response for its failure to timely provide ***any*** alleged non-infringing alternatives in an opening expert report. *See Correct Transmission v. Nokia*, 2024 WL 1289821, at *4-5 ("it is [Defendant's] burden to show that an alternative is non-infringing and thus should have been raised in an opening report."). Yealink's failure to timely raise these alleged alternatives compounds its failure to supplement fact discovery responses that, for almost the

---

[1] Citations are to the ECF page number unless otherwise noted.

entirety of fact discovery, simply stated Yealink "will supplement its response to this Interrogatory as more information becomes available and as required by the Court's Docket Control Order." Dkt. 109, Exhibit D. Yealink only supplemented its discovery response on the very last day of fact discovery, after all depositions of Yealink witnesses had concluded, effectively blocking Barco from investigating the substance of this response and addressing arguments Yealink's expert now seeks to introduce as "rebuttal" evidence at trial.

Yealink's attempts to distinguish *Correct Transmission* fall short. In *Correct Transmission*, this Court offered two independent reasons for properly excluding non-infringing alternative testimony. 2024 WL 1289821, at *5 ("Separately, the Court finds that Dr. Jeffay's non-infringing alternative is not relevant to this case."). But a separate independent reason does not alter the exclusion of Dr. Jeffay's opinions (or Dr. Almeroth's here), because the opinions were provided in a ***rebuttal*** report rather than as required in an ***opening*** report. So too here.

Dr. Almeroth did not present an opening report. Non-infringing alternatives are an issue for which Defendant bears the burden of establishing. *Id.* at *4-5. As a result, those opinions, late-disclosed in Dr. Almeroth's rebuttal report, should be struck.

As a result, Dr. Almeroth's opinions at ¶¶17, 54-65, and 114-137 (opining on allegedly available and acceptable non-infringing alternatives) should be stricken from his report.

### III. DR. ALMEROTH'S PRIOR ART OPINIONS SHOULD BE STRICKEN

Dr. Almeroth's report also improperly compares prior art to the claimed invention and expressly articulates opinions that "the validity of the independent claims is substantially in doubt." Dkt. 109, Exhibit A at 27-28.

Like with Dr. Almeroth's late disclosed non-infringing alternatives opinions, had Yealink timely disclosed these arguments during fact discovery (e.g., in its invalidity contentions) or had Dr. Almeroth provided an opening report, this may be a different inquiry. But by failing to advance

2

his purported invalidities theory in a timely manner, Yealink precluded Barco and its experts from fairly investigating and responding to these late disclosed facts and opinions. *Correct Transmission v. Nokia*, 2024 WL 1289821, at *4-5.[2]

Yealink purports to suggest that Barco should have sought leave to submit an additional expert report to respond to Dr. Almeroth's untimely opinions. Dkt. 125 at 15 ("if Barco really needed additional discovery, or to have its own expert Dr. Brogioli respond to Dr. Almeroth's opinions it now seeks to strike, it could have requested to do so."). This ignores the clear procedure set forth in the Local Rules: each side serves opening expert reports and each side then serves rebuttal expert reports. Yealink declined to provide any opening expert report; and its election to withhold these theories until after Barco's opening reports were in, precluding Barco's experts' ability to respond warrants striking the opinions of Dr. Almeroth as untimely. At this juncture, "[Barco] will be significantly prejudiced by [Yealink's] late disclosure as it prevents [Barco] from providing expert rebuttal without leave of the Court." *Correct Transmission v. Nokia*, 2024 WL 1289821, at *5. Indeed "the burden is on [Yealink] and relates to damages, not a response to [Barco's] infringement analysis." *Id.* The prejudice of allowing these late disclosed opinions to stand is high and underscores Yealink's failure to adhere to the schedule in this case.

## IV.     CONCLUSION

Dr. Almeroth's opinions at ¶¶114-137 (opining on allegedly available and acceptable non-infringing alternatives) and ¶¶17, 54-65, 80-109 (opining on and comparing the differences of the prior art to the patented features of the Asserted Claims and the technical importance of the patented features over the non-infringing alternatives at the time of the hypothetical negotiation)

---

[2] Yealink's attempt to back door invalidity arguments through the guise of late disclosed expert testimony further supports granting Barco's pending motion for summary judgment of no invalidity of the Asserted Claims. Dkt. 110.

should be stricken from his report and Defendants should be precluded from presenting testimony on these matters. *See* Dkt 109, Exhibit A (Almeroth Report).

Dated: July 8, 2025

Respectfully submitted,

*/s/ Erik J. Halverson*
Melissa Smith (Texas Bar No. 24001351)
Andrew T. Gorham
**GILLAM & SMITH, LLP**
303 South Washington Avenue
Marshall, Texas 75670
Telephone: +1 903 934 8450
Facsimile: +1 903 934 9257
melissa@gillamsmithlaw.com
tom@gillamsmithlaw.com

Christopher Centurelli (*pro hac vice*)
christopher.centurelli@klgates.com
Anna E. L'Hommedieu (*pro hac vice*)
Anna.lhommedieu@klgates.com
Joshua N. Andrews (*pro hac vice*)
Joshua.Andrews@klgates.com
**K&L GATES LLP**
1 Congress Street, Suite 2900
Boston, MA 02114-2023
Telephone: (617) 261-3100

Erik J. Halverson (Bar No. 333492CA)
erik.halverson@klgates.com
**K&L GATES LLP**
Four Embarcadero Center,
Suite 1200
San Francisco, CA 94111
Telephone: (415) 882-8238

*Attorneys for Plaintiffs*
*Barco, Inc. and Barco N.V.*

4

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 8, 2025, all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system pursuant to Local Rule CV-5(a)(3).

<em>/s/ Erik J. Halverson</em>