# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

|  |  |  |
|---|---|---|
| BARCO, INC. and BARCO NV, | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 2:23-CV-00521-JRG-RSP |
| | ) | |
| v. | ) | |
| | ) | |
| YEALINK (USA) NETWORK TECHNOLOGY CO., LTD., and YEALINK NETWORK TECHNOLOGY CO., LTD. | ) | |
| | ) | |
| Defendants. | ) | |

## REPLY IN SUPPORT OF BARCO'S MOTION FOR SUMMARY JUDGMENT OF NO INVALIDITY

## I.    INTRODUCTION

Yealink's Opposition (Dkt. 124) does not identify any dispute of material fact.  Rather, Yealink now asserts: "Yealink Withdrew its affirmative defenses of invalidity."  Dkt. 124 at 6.[1] Yealink, however, did not withdraw its invalidity defenses.  Rather, it now simply states: "Yealink will not present at trial any invalidity theory based on 35 U.S.C. §§ 101 and 112."  Dkt. 124 at 7. Yealink's Third Amended Answer clearly advances an affirmative defense of invalidity.  Dkt. 85 at 20 ("The claims of the '002, '832, '103, '676, '237, '951 Patents are invalid for failure to meet the requirements of 35 U.S.C. § 112 and/or 35 U.S.C. § 101.").

Now that discovery is closed, Barco is entitled to summary judgement on this affirmative defense: no invalidity of the Asserted Claims.

## II.    REPLY

Yealink asserted invalidity counterclaims.  *See* Dkt. 19.  Barco answered, denying invalidity.  *See* Dkt. 29.  Yealink served an amended Answer, withdrawing its counterclaims, but maintaining an invalidity affirmative defense.  *See* Dkt. 85.  Yealink  has not identified any dispute of material fact concerning its invalidity affirmative defense.[2]  Yealink's new allegation that it will not argue invalidity at trial is insufficient to withdraw its pending invalidity affirmative defense and appears to be an attempt to leave open the door for Yealink to make such arguments at a later date.  Dkt. 124 at 5.  It is this reservation that  underscores the need for granting Barco's Motion.

### A.  *Yealink's Mooted Defenses*

Yealink withdrew counterclaims of invalidity, leaving its affirmative invalidity defense. Dkt. 124 at 6 ("Yealink withdrew…its counterclaims…."); *see also* Dkt. 110 at 3-4, 12-13.  Barco

---

[1] Citations are to the ECF page number unless otherwise noted.
[2] The date to amend pleadings passed in December of 2024.

has moved seeking summary judgment that Yealink's *affirmative invalidity defense*[3] became moot when Yealink admitted infringement of each Asserted Claim on March 12, 2025, nearly sixteen months after Barco's November 14, 2023 Complaint.  Dkts. 1, 85.  The fact Yealink continues to push for its third defense related to cost recovery under 35 U.S.C. § 288--Action for infringement of a patent containing an invalid claim—supports the need for Barco's motion for summary judgment of no invalidity, as set forth

### B.  Barco Is Entitled To Summary Judgement On Yealink's Affirmative Defenses

Barco is entitled to summary judgment as there are no genuine issues of material facts identified in Yealink's opposition.  *See generally* Dkt. 124.  Yealink's entire opposition rests on *Staton Techiya, LLC v. Samsung Elecs. Co.*, 757 F. Supp. 3d 697, 704 (E.D. Tex. 2024).  *Staton*, however, is procedurally inapplicable.  *Staton* rests on the proposition that "[t]he Court cannot and will not enter judgment upon claims and defenses ***not presented for consideration at trial*."  *Id.* (emphasis added); *see also Alcon Research Ltd. v. Barr Laboratories, Inc.*, 745 F.3d 1180, 1193 (Fed. Cir. 2014) (limited to "On the other hand, if the accused infringer does not file a counterclaim, then it is up to the patentee to decide what claims are to be litigated and decided at trial.").

Here, the parties are decidedly pre-trial and Yealink's first affirmative invalidity defense remains live.  That is exactly why summary judgment against Yealink's first raised defenses is proper.

Yealink identifies no genuine dispute as to any material fact, as a result, Barco is entitled to judgment as a matter of law.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  Yealink's

---

[3] Yealink's other defenses, such as those related to disputed damages (i.e., Yealink's Second, Third, and Fourth Defenses) have not be mooted by Yealink's admission because they relate to different issues in the case, namely damages.

continued, multi-year attempted gamesmanship with its pleadings should not rescue itself from Barco's pending summary judgement motion.  *Compare e.g.,* Dkt. 19 (alleging counterclaims of noninfringement of all claims) *with* Dkt. 85 (admitting all Asserted Claims are infringed).  Without waiving any inquiries regarding Yealink's lack of basis for its initial Answer or First Amended Answer contesting infringement and invalidity, Barco respectfully submits that there are no genuine issues of material fact as it relates to Yealink's first affirmative defense, and Barco is entitled to summary judgment of no invalidity of the Asserted Claims on that defense.

### III.    CONCLUSION

Yealink has not identified any genuine issue of material fact on its pending affirmative invalidity defense.  As such, Barco is entitled to summary judgment of no-invalidity as to the Asserted Claims.

Dated: July 8, 2025                    Respectfully submitted,

                                       *s/ Erik J. Halverson*
                                       Melissa Smith (Texas Bar No. 24001351)
                                       Andrew T. Gorham
                                       **GILLAM & SMITH, LLP**
                                       303 South Washington Avenue
                                       Marshall, Texas 75670
                                       Telephone: +1 903 934 8450
                                       Facsimile: +1 903 934 9257
                                       melissa@gillamsmithlaw.com
                                       tom@gillamsmithlaw.com

                                       Christopher Centurelli (*pro hac vice*)
                                       christopher.centurelli@klgates.com
                                       Anna E. L'Hommedieu (*pro hac vice*)
                                       Anna.lhommedieu@klgates.com
                                       Joshua N. Andrews (*pro hac vice*)
                                       Joshua.Andrews@klgates.com
                                       **K&L GATES LLP**
                                       1 Congress Street, Suite 2900
                                       Boston, MA 02114-2023

Telephone: (617) 261-3100

Erik J. Halverson (Bar No. 333492CA)
erik.halverson@klgates.com
**K&L GATES LLP**
Four Embarcadero Center, Suite 1200
San Francisco, CA 94111
Telephone: (415) 882-8238

*Attorneys for Plaintiffs*
*Barco, Inc. and Barco N.V.*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on July 8, 2025, all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system pursuant to Local Rule CV-5(a)(3).

*<u>/s/ Erik J. Halverson</u>*