UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| BARCO, INC. and BARCO NV, § <br> § <br> *Plaintiffs*, § <br> § <br> v. § <br> § <br> YEALINK (USA) NETWORK § <br> TECHNOLOGY CO., LTD., and § <br> YEALINK NETWORK § <br> TECHNOLOGY CO., LTD. § <br> § <br> *Defendants*. § | Civil Action No. 2:23-cv-00521-JRG-RSP <br><br><br> JURY TRIAL DEMANDED |

**DEFENDANTS' REPLY TO DAUBERT MOTION AND MOTION TO
STRIKE EXPERT OPINION OF MICHAEL C. BROGIOLI (D.I. 112)**

Dr. Brogioli improperly opines that Yealink infringes the asserted claims when he has not analyzed the asserted claims or Yealink's products. He also improperly concludes that Yealink could have released a firmware update without providing any analysis, before improperly opining about Yealink's mental state. None constitutes proper expert testimony, which Barco's response (D.I. 120) actually confirms. Additionally, Barco does not and cannot justify its late production of its internal document relied on by Dr. Brogioli.

**I.    Dr. Brogioli's Improper Opinions Under *Daubert* and Rule 702.**

   **A.    Dr. Brogioli has zero support for his conclusory infringement opinions.**

Unsurprisingly, Barco does not argue in its response that Dr. Brogioli properly analyzed the asserted claims, or Yealink's products, before opining that the "Yealink System" practices any of the asserted claims. Instead, Barco claims Yealink "seeks to strike opinions of Dr. Brogioli confirming his reliance on Yealink's admitted infringement." D.I. 120 at 3. But a plain reading of Dr. Brogioli's opinions at issue confirms he does much more than that – in addition to relying on Yealink's admission of infringement, Dr. Brogioli *affirmatively* opines that the so-called "Yealink System" *does* practice the asserted claims. *See* D.I. 112-2 at ¶¶ 103, 116, 130, 142, 156, and 170. Dr. Brogioli also claims he "agrees" the Yealink System practices the asserted claim elements, but has done zero analysis, and provides zero basis, for why he "agrees." *See id.* at Appendix B.

Indeed, Dr. Brogioli's opinions here, without any analysis or facts, are not helpful to a jury. *See, e.g.*, *Genuine Enabling Tech. LLC v. Sony Corp.*, No. 17-cv-135, 2022 WL 17325656, at *6 (D. Del. Nov. 28, 2022) ("[I]n particular, testimony consisting of conclusory assertions and bald conclusions—as in an expert's testimony that it is so—does not assist the factfinder in understanding the evidence or determining facts in issue."). Dr. Brogioli should not testify, as an *expert*, to a jury and opine that Yealink's products infringe the asserted claims when he has not

even analyzed the asserted claims. *See* D.I. 112 at 4-5 (listing Dr. Brogioli's testimony).

Barco is also wrong to argue that "indirect infringement [] is the core of what Yealink's motions now seek to exclude." D.I. 120 at 2. Tellingly, as Barco acknowledges, Yealink does not seek to strike ¶¶ 177-183 of Dr. Brogioli's report, which paragraphs Barco argues "aggregat[e] evidence of how Yealink directs its customers to create infringing system." *Id.* at 3, 4. Nor is Yealink trying to "walk back" its admission of infringement. *Id.* at 4. In fact, Yealink's admission makes Dr. Brogioli's opinions at issue unnecessary. *See Sanitec Indus. Inc. v. Micro-Waste Corp.*, No. 04-3066, 2006 WL 1544529, at *2 (S.D. Tex. June 2, 2006) (striking portions of patentee's expert testimony after patentee conceded the testimony would not be needed given the accused infringer's admission of infringement"). Yealink does not argue that Dr. Brogioli, or Barco, is prohibited from acknowledging Yealink's admission.

As Barco acknowledges, "Dr. Brogioli is not opining, and does not need to opine, that Yealink's system meets each and every claim element of the Asserted Patents as Yealink has already admitted to infringement of the Asserted Claims." D.I. 120 at 4. But Dr. Brogioli does just that in ¶¶ 101-103, 112-116,123-130, 138-142, 150-156, and 165-170, and portions of Appendix B of his report. These bare assertions lack any analysis and not are helpful to a jury.

**B.    Dr. Brogioli's opinion on firmware updates lacks technical basis.**

Barco's response makes clear the basis of Dr. Brogioli's opinion in paragraph 176 relies solely on Mr. Cai's testimony and a webpage, without any technical expertise from Dr. Brogioli. D.I. 120 at 4-5. Barco actually confirms Dr. Brogioli's opinion here should be stricken because it includes none of his "scientific, technical, or other specialized knowledge" that "will help the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702(a).

In *United Servs. Auto. Ass'n v. Wells Fargo Bank, N.A.*, this Court excluded the majority of the patentee's expert report that "recite the background of the check industry, the development of digital check imaging, [patentee']s history of developing check imaging technology, and [patentee's] interactions with [a prior defendant], largely through the summation of various documents and testimony." No. 18-cv-366-JRG-RSP, 2019 WL 6896674, at *2 (E.D. Tex. Dec. 18, 2019). The Court found such testimony does not "employ [the expert's] expertise to help the jury understand facts or issues beyond a lay person's understanding." *Id.* Here, too, Dr. Brogioli merely refers to Yealink's webpage and testimony of Yealink's corporate witness Mr. Cai. Even assuming his characterization of such evidence is correct, Dr. Brogioli does not provide any of his expertise to help the jury understand the evidence, but he seeks to opine, *as an expert witness*, that "Yealink could have issued a firmware update." This is not proper under Rule 702.

In fact, Dr. Brogioli has no relevant "scientific, technical, or other specialized knowledge" to offer to the jury. Dr. Brogioli merely *speculates* that Yealink could have issued such firmware update, and he testified that he has not reviewed any facts specific to Yealink but rather, his opinion is based on a host of unjustified assumptions, guesswork, and speculation. *See* D.I. 112 at 6 ("I don't know if Yealink's systems allow region-specific updates."); *id.* at 5-7 (listing Dr. Brogioli's testimony). Dr. Brogioli's opinions in ¶ 176 are not admissible under *Daubert* and Rule 702. Further, as Barco suggests in its response, and consistent with this Court's analysis in *United Servs. Auto. Ass'n*, the Court should also strike Dr. Brogioli's statements in the preceding paragraphs, ¶¶ 173-175, which merely summarize documents and testimony without any expertise or analysis.

    **C.**    **Dr. Brogioli's opinions on intent and inducement are improper.**

Barco attempts to frame ¶¶ 24 and 184 of Dr. Brogioli's report as opining on induced infringement. Even if it is correct, Barco cannot change the fact that in ¶ 24 of his report, Dr.

3

Brogioli opines in no uncertain terms that "Yealink *intentionally* supports the continued use of the WPP20 and WPP30 products in the United States even after the End-Of-Sale Announcement and Recall Notice." D.I. 112-2 at ¶ 24. In fact, Barco even acknowledges that Dr. Brogioli's testimony in these paragraphs are about "ongoing *willful infringement*. D.I. 120 at 6 (emphasis added). Intent and willfulness are not proper expert testimony. *See Atlas Glob. Techs. LLC v. TP-Link Techs. Co., Ltd.*, 684 F. Supp. 3d 570, 578 (E.D. Tex. 2023); *Wireless All., LLC v. AT&T Mobility LLC*, No. 23-cv-00095-RWS-RSP, 2024 WL 4573256, at *2 (E.D. Tex. Oct. 24, 2024) (allowing expert to "discuss his opinions on the technical issues he has examined" but not "as to his opinions about the state of mind or intent of the Defendants that he believes is reflected by these technical issues").

Paragraph 184, in which Dr. Brogioli opines that "continues to induce the infringement of its customers in the United States in 2025" is also improper for the same reason as that in *United Servs. Auto. Ass'n*. As Barco recognizes in the preceding paragraphs, Dr. Brogioli merely summarizes Yealink's website pages, before somehow opining on the ultimate issue of induced infringement. D.I. 120 at 6; D.I. 112-2 at ¶¶ 177-83. Even if he could testify as to Yealink's requisite knowledge or intent for indirect infringement (he clearly cannot), Dr. Brogioli provides no expertise or analysis in these paragraphs that is helpful to the jury. As a technical expert, Dr. Brogioli cannot opine on Yealink's intent or ultimate legal conclusions like inducement, and his opinions in ¶¶ 24 and 184 of his report should be stricken.

**II.    Dr. Brogioli Cannot Rely on Barco's Untimely Internal Document.**

Barco cannot justify its late production of "User Analytics Graphic," BARCO_0067568.

First, this document was not produced during fact discovery, which closed on April 18. Barco instead waited until April 25, and *during* the deposition of its final fact witness Mr. Six, to produce this document. Yealink's counsel was deposing Mr. Six at the offices of Barco's counsel,

4

and was (1) completely unaware of this document and (2) even if he had been aware, had no means to download, print, review this document during Mr. Six's deposition.

Second, Barco did not as it claims produce this document "in response to the request from Yealink's counsel." D.I. 120. Barco produced this document at 12:50 pm during Mr. Six's deposition, but Mr. Six did not mention, and Yealink's counsel was not aware of, this document until the very end of deposition. *See* Ex. F at 204:22-205:8 (Yealink counsel making request for production); 207:20-208:17 (deposition concludes four pages of testimony later at 3:21 pm). It appears instead that Barco intentionally waited until halfway through Mr. Six's deposition to produce this document. Indeed, Mr. Six discussed this very document with both of Barco's experts days *before* his April 25 deposition. *See* D.I. 112 at 8-9. Barco prejudiced Yealink by preventing foundational testimony from Mr. Six, and refused Yealink's timely request for a limited deposition. No cure is now possible post-discovery, and Barco offers no reasonable justification.

The Court should not tolerate such gamesmanship. Additionally, Barco's attempts to blame Yealink, D.I. 120 at 8-9, and its suggestion that Yealink could have asked its *experts* about this document, ignores the reality that a *fact* witness needs to testify about this document and its underlying data, and that neither of Barco's experts understands this document. *See* D.I. 112 at 10. The Court should therefore strike all expert testimony relying on this document.

**III.   Conclusion.**

Therefore, Yealink respectfully requests that the Court grant its motion and strike ¶¶ 101-103, 112-116,123-130, 138-142, 150-156, 165-170, 173-176, 24, and 184, and portions of Appendix B concerning Yealink, of Dr. Brogioli's expert report under *Daubert* and Rule 702, and ¶¶ 83, 85, and 86 due to reliance on the untimely User Analytics Graphic.

|  |  |
|---|---|
| Date: July 8, 2025 | **DENTONS US LLP**<br><br>By: /s/ *Victor C. Johnson*<br>Victor C. Johnson<br>Texas Bar No. 24029640<br>Forrest D. Gothia<br>Texas Bar No. 24125250<br>100 Crescent Court, Suite 900<br>Dallas, Texas 75201<br>Email: victor.johnson@dentons.com<br>(214) 259-1876<br>Email: forrest.gothia@dentons.com<br>(214) 259-1887<br><br>Stephen Yang (*pro hac vice* granted)<br>1221 Avenue of the Americas<br>New York, New York 10020<br>Email: Stephen.yang@dentons.com<br>(212) 398-4890<br><br>Timothy C. Bickham<br>DC State Bar No. 45614<br>Kevin R. Greenleaf<br>DC State Bar No. 252893<br>1900 K Street, NW<br>Washington, DC 20006<br>Email: Timothy.bickham@dentons.com<br>(202) 408-6390<br>Email: Kevin.greenleaf@dentons.com<br>(202) 408-6390<br><br>***Attorneys for Defendants Yealink (USA) Network Technology Co., Ltd. and Yealink Network Technology Co., Ltd.*** |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served via email to counsel for Plaintiffs on July 8, 2025.

                                                         /s/ *Victor Johnson*
                                                         Victor C. Johnson

## CERTIFICATE OF AUTHORIZATION TO SEAL

I hereby certify that pursuant to Local Rule CV-5(a)(7), the foregoing document was filed under seal pursuant to the Court's Protective Order entered in this matter (Dkt. 30).

                                              */s/ Victor Johnson*
                                              Victor C. Johnson