

EXHIBIT J

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

BARCO, INC. AND BARCO NV,

Plaintiffs,

-against-

YEALINK (USA) NETWORK TECHNOLOGY CO., LTD., AND YEALINK NETWORK TECHNOLOGY CO., LTD.

Defendants.

Civil Action No.: 2:23-cv-00521 (JRG)(RSP)

**************************

**************************

VIDEOTAPED DEPOSITION UNDER ORAL EXAMINATION OF

ERWIN SIX

DATE: April 25, 2025

REPORTED BY: CHARLENE FRIEDMAN, CCR, RPR, CRR

TRANSCRIPT of the deposition of the ERWIN SIX, called for Oral Examination in the above-captioned matter, said deposition being taken by and before CHARLENE FRIEDMAN, a Notary Public and Certified Court Reporter, a Registered Professional Reporter, and a Certified Realtime Reporter, at K&L Gates, LLP, 599 Lexington Avenue, New York, New York, on April 25, 2025, commencing at approximately 10:07 in the morning.

patents, correct, all the patents listed here?

valuable to Barco?

MR. CENTURELLI: I'm going to object to that question to the extent it calls for attorney-client privileged communication and caution you not to reveal any attorney-client privileged communications or instruction you may have received, but if you're able to otherwise, answer the question.

MR. CENTURELLI: I'm going to object, and -- to form and my prior instruction, and also asked and



Here it is a proposal which we made to you where we know you were already using some of our patents, right. So that's taking that into account, for instance.

It's also taking into account the

quality difference which we were talking about, right. There were a number of aspects which we -- we take together.

Q I see.

█████

A Yes.

Q What are they?

A █████ So we had already a relation with them. We know that products and how they're dealing with us. It was a contract with a United States company.

If -- I mean, contracts, agreements are always contracts. If something breaks, that is a difference of whether it's a contract in the U.S. or whether it's a contract in another country. There are various aspects to that.

That also -- the moment that this was made, extra patents related to these ones were already granted, meanwhile, compared to

[redacted]. So that all changes the whole value at that moment in time for your patents.

[redacted]

Q I understand. Thank you.

(Reporter clarification.)

A Yes.

Q So let's go back to the factors you had just discussed that made the Yealink situation different.

[redacted]

A Yes.

Q I want you to think back to 2020.

At that time, was Yealink already on the U.S. market with products that, in your opinion, used Barco's patented technologies?

A We -- Yealink came on our radar somewhere in the fall of 2022. And that was with was the launch of the WPP 30 product.

Q Okay.

(Reporter clarification.)

A WPP. And their meeting bar, the 820 meeting bar, which was then launched around that time.

Q Okay. So from Barco's perspective, it was not until fall of 2022 that Yealink started using its patented technology, correct?

MR. CENTURELLI: Objection to the form of the question to the mis -- it misstates evidence.

A So can you --

Q Do you need the question again?

A Yes.

And please correct the form then to make it more clear.

Q Okay. I know. Let me try. I just

want to clarify your answer.

So it wasn't until fall of 2022, then, that Barco realized that Yealink had products on -- let me rephrase. I'm sorry.

So it wasn't until fall of 2022 does Barco contend that Yealink started having products in the market that used Barco's patented technology, correct?

MR. CENTURELLI: Objection, form, to the extent it misstates the record.

A You're not seeing what I -- what I first said, and what I first said was that Yealink came on the radar in the fall of 2022.

Q Okay. So again -- well, let's stay with the fall of 2022.

So fall of 2022, Yealink was already in the market, correct?

A Yes.

Q Crestron was not yet in the market?

A No.

Q Okay. And --

A Or not with the button, no.

Q Thank you.

Again, if we go back to 2020, does

Barco have an opinion whether Yealink was already in the U.S. market and using Barco's patented technology?

A We didn't have that opinion yet.

Q Okay. But sitting here today, do you have an opinion?

A Well, we learned the WPP 20 was there before.

Q Okay.

A That was also a product in the market, which at that moment in time didn't reach our radar yet.

Q That's fine.

So I'm just asking about your opinion today.

So sitting here today, again, my question is in 2020, was Yealink already in the U.S. market with products that used Barco's patented technology?

MR. CENTURELLI: Objection to form, asked and answered to the extent it misstates evidence that's already in the record.

THE WITNESS: Can you repeat that?

MR. CENTURELLI: Objection to form.

THE WITNESS: Okay. Objection to form.

A Can you repeat that?

Q Again, I'm not trying to -- I'm just trying to clarify.

MR. CENTURELLI: I disagree.

I think you're trying to confuse the witness and mislead the witness. You know what the allegations are in the case, and you're trying to --

MR. YANG: Which is fine.

I just want to confirm from the witness, then.

And again, counsel, I do not appreciate the way you're, you know, characterizing my intentions. I'm asking what I think is a simple question.

Q Again, Mr. Six, is it Barco's contention that in 2022, Yealink was already on the market with products that embraced Barco's patented technology?

A At that moment in time, the moment that's in 2020 that we -- that it gets on the radar, we don't know that yet.

Q I'm not trying to confuse you.
Again, I'm just -- sitting here today, does Barco have an opinion whether that was the case in 2020?
A Yes.
If we now know with the analysis we did, right, we know that they did in 2020, when it was launched, that at that moment in time that was the case.
Q Thank you.
A You mean whether it was already launched?
Q In 2020.
A No.
Q Thank you.

[Page content fully redacted]

[redacted]

Q And by 2020, was Yealink a U.S. company?

A In what moment in 2020?

Q Was Yealink ever a U.S. company, to your knowledge?

A Yes.

Q So Barco considers Yealink to be a U.S. company?

MR. CENTURELLI: I'm going to object to form.

A You have a subsidiary in the U.S.

Q Okay. Again, I'm not trying to confuse you.

I just want to know, does Barco consider Yealink to be a U.S. company, setting aside the subsidiary?

MR. CENTURELLI: Objection to form.

A It depends with whom you're going to sign the contract, I mean, the contracts with whom are we going to sign and which

legal entity are going to sign it.

[redacted]

Q Is Yealink a U.S. company in the same sense that Crestron is a U.S. company?

MR. CENTURELLI: Objection to form.

A It's different, yes. They're different.

[redacted]

which is different. We discussed it in the previous questions. We discussed can you really segment this out in the market.



MR. YANG: I believe I can wrap-up here.

Do you want to give me a minute? I can look over my notes.

MR. CENTURELLI: Sure.

Do you want to go off record for a few minutes?

MR. YANG: Yes.

VIDEO OPERATOR: Off the record, 2:55 p.m., April 25, 2025.

(Brief recess taken.)

VIDEO OPERATOR: On the record at 3:05 p.m., April 25, 2025.

Q Mr. Six, other than what you may have obtained from your legal counsel, do you have any opinion as to what the asserted patents are directed to?

A This is all discussion with our attorneys, whether it's our patent attorneys or legal attorneys.

▊▊▊▊▊▊▊▊▊▊▊▊▊ - ▊▊▊▊▊▊▊▊▊▊▊▊▊
Erwin Six - April 25, 2025

Page 209

1             C E R T I F I C A T E

2           I, CHARLENE FRIEDMAN, a Certified Court

3   Reporter and Notary Public, qualified in and for

4   the State of New Jersey do hereby certify that

5   prior to the commencement of the examination ERWIN

6   SIX was duly sworn by me to testify to the truth

7   the whole truth and nothing but the truth.

8           I DO FURTHER CERTIFY that the foregoing

9   is a true and accurate transcript of the testimony

10  as taken stenographically by and before me at the

11  time, place and on the date hereinbefore set forth.

12          I DO FURTHER certify that I am neither a

13  relative of nor employee nor attorney nor counsel

14  for any of the parties to this action, and that I

15  am neither a relative nor employee of such attorney

16  or counsel, and that I am not financially

17  interested in the action.

18

19          _____

20

21          CHARLENE FRIEDMAN, RPR, CRR, CCR of the

22          State of New Jersey

23          License No:  30XI00204900

24          Date:  April 25, 2025

25