## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

|  |  |
|---|---|
| BARCO, INC. and BARCO NV,<br><br>　　　　　　　　Plaintiffs,<br><br>v.<br><br>YEALINK (USA) NETWORK TECHNOLOGY CO., LTD., and YEALINK NETWORK TECHNOLOGY CO., LTD.<br><br>　　　　　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Case No. 2:23-CV-00521-JRG-RSP

## PROPOSED JOINT FINAL PRETRIAL ORDER

The Pretrial Conference is scheduled for August 5, 2025 at 9:00 a.m. in Marshall, Texas. Pursuant to the Third Amended Docket Control Order (Dkt. 108), Local Rule CV-16(b), and Rule 16 of the Federal Rules of Civil Procedure, Plaintiffs Barco, Inc. and Barco NV ("Barco") and Defendants Yealink (USA) Network Technology Co., Ltd. and Yealink Network Technology Co., Ltd. ("Yealink") submit this Joint Pretrial Order. Subject to the other rulings made at the Pretrial Conference, the Court enters this Order.

## A.    COUNSEL FOR THE PARTIES

### Attorneys for Plaintiff Barco

Melissa Smith (Texas Bar No. 24001351)
Andrew T. Gorham
**GILLAM & SMITH, LLP**
303 South Washington Avenue
Marshall, Texas 75670
Telephone: +1 903 934 8450
Facsimile: +1 903 934 9257

melissa@gillamsmithlaw.com
tom@gillamsmithlaw.com

Christopher Centurelli (*pro hac vice*)
chris.centurelli@klgates.com
Anna E. L'Hommedieu (*pro hac vice*)
Anna.lhommedieu@klgates.com
Joshua N. Andrews (*pro hac vice*)
Joshua.Andrews@klgates.com
**K&L GATES LLP**
1 Congress Street, Suite 2900
Boston, MA 02114-2023
Telephone: (617) 261-3100

Erik J. Halverson (Bar No. 333492CA)
erik.halverson@klgates.com
**K&L GATES LLP**
Four Embarcadero Center,
Suite 1200
San Francisco, CA 94111
Telephone: (415) 882-8238


**<u>Attorneys for Defendant Yealink</u>**

Victor C. Johnson
Texas Bar No. 24029640
Forrest D. Gothia
Texas Bar No. 24125250
**DENTONS US LLP**
100 Crescent Court, Suite 900
Dallas, Texas 75201
(214) 259-1876
Email: victor.johnson@dentons.com
(214) 259-1887
Email: forrest.gothia@dentons.com

Stephen Yang (*pro hac vice*)
New York State Bar No. 5123492
**DENTONS US LLP**
1221 Avenue of the Americas
New York, New York 10020-1089
(212) 398-4890
Email: stephen.yang@dentons.com

Timothy C. Bickham

DC State Bar No. 45614
Kevin R. Greenleaf (*pro hac vice*)
DC State Bar No. 252893
**DENTONS US LLP**
1900 K Street, NW
Washington, DC 20006-1102
(202) 408-6390
Email: timothy.bickham@dentons.com
Email: kevin.greenleaf@dentons.com

## B.    STATEMENT OF JURISDICTION

This Court has subject matter jurisdiction of the action under Title 28, U.S.C. §§ 1331, 1338(a), because this action arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq*.  Solely for the limited purpose of this action only, the Parties do not dispute that this Court has personal jurisdiction. Likewise, solely for the limited purpose of this action only, the Parties do not dispute that venue is proper in this Court under 28 U.S.C. §§ 1391(b) and 1400(b).

## C.    NATURE OF THE ACTION

**Barco's Statement**: Barco brought this action for patent infringement, alleging that Yealink's WPP20 and WPP30 presentation dongles infringe certain claims of Barco's patents. Barco further alleged that Yealink's WPP20 and WPP30 presentation dongles, when used with certain Yealink-provided base units, also infringe certain claims of Barco's patents.  Yealink was aware of Barco's products and patents and continued to sell the accused products in the United States, refusing to stop when it received a cease and desist letter from Barco.  Ultimately, Barco filed this case, alleging infringement of U.S. Patent Nos. 10,762,002 (the "'002 Patent"); 10,795,832 (the "'832 Patent"); 10,904,103 (the "'103 Patent"); 11,258,676 (the "'676 Patent"); 11,403,237 (the "'237 Patent"); and 11,422,951 (the "'951 Patent") (collectively, the "Asserted Patents").  Yealink initially denied it infringed any claim of Barco's Asserted Patents, filing counterclaims of invalidity and noninfringement.  As the case progressed, Yealink withdrew its

counterclaims, stopped selling the accused products in the United States, and ultimately admitted what Barco had alleged all along: Yealink's accused products infringe Barco's Asserted Patents. Barco seeks reasonable royalty damages for Yealink's now admitted patent infringement and its reasonable attorneys' fees, costs and up to three times enhanced damages for Yealink's continued willful infringement of Barco's Asserted Patents.

**Yealink's Statement**: Yealink developed its WPP20 and WPP30 Presentation Pod on its own. In fact, Yealink developed its WPP20 Presentation Pod more than three years before the issuance of the earliest Asserted Patent, and shortly after, Yealink introduced its WPP30 Presentation Pod, which improved upon the WPP20 to address USB-C capabilities and interoperability. Yealink had not been aware of Barco's Asserted Patents until May 2023, when Barco sent its first cease-and-desist letter to Yealink (which addressed not all but only a subset of the Asserted Patents).

After receiving Barco's letter, Yealink immediately responded to Barco. Barco then offered to license its patents and the parties began to negotiate. Yealink attempted to negotiate in good faith, but was frustrated by Barco's approach, including repeated non-responsiveness, as well as erratic and substantially increased demands without justification. Yealink had hoped for a reasonable resolution to the parties' dispute but soon realized that the parties may not reach an agreement in the short term. In order to save the parties, and the Court's, time and resources, and to ensure in an abundance of caution that Yealink does not continue infringing Barco's patents, Yealink in April 2024 ceased all sales of its WPP20 and WPP30 Presentation Pods in the U.S., and recalled remaining WPP20 and WPP30 Presentation Pods from its U.S. customers. Yealink also admitted infringement of the Asserted Patents to streamline this case.

All asserted claims from the six Asserted Patents require WPP20 and WPP30 Presentation Pod, which are no longer available in the U.S. since April 2024. Yealink does not dispute that Barco is entitled to a reasonable royalty in this case, but maintains that its infringement of the Asserted Patents was not willful, that this case is not exceptional, and that Barco is not entitled to attorneys' fees or an injunction.

## D.    CONTENTIONS OF THE PARTIES

### a.    Barco's Statement of Contentions

- Barco contends Yealink owes Barco damages of no less than a reasonable royalty for Yealink's admitted infringement of Barco's Asserted Patents.
- Barco contends Yealink's admitted infringement was willful  and Barco is entitled to up to three times enhancement of its damages.
- Barco contends it is entitled to a permanent injunction against Yealink and its WPP20 and WPP30 presentation dongles.
- Barco contends this case is exceptional and it is entitled to its reasonable attorneys' fees and costs pursuant to 35 U.S.C. 285.
- Barco contends Yealink owes Barco prejudgment interest on its damages.

### b.    Yealink's Statement of Contentions

- Yealink contends that its infringement was not willful and denies that Barco is entitled to any enhancement of damages.
- Yealink contends that this case is not exceptional and denies that Barco is entitled to attorneys' fees or costs under 35 U.S.C. § 285.
- Yealink contends that it does not continue to indirectly infringe any of the Asserted Patents under 35 U.S.C. §271(b) or (c).
- Yealink denies that Barco is entitled to pre-judgment or post-judgment interest.
- Yealink contends Barco is not entitled to any equitable relief, including a permanent injunction.

## E.     STIPULATIONS AND UNCONTESTED FACTS

The Parties agree to the following stipulations and uncontested facts.

### a.     The Parties' Statement of Stipulations

The parties will continue to meet and confer regarding Motions in Limine as ordered by the court, but at this time do not have any stipulated Motions in Limine.

### b.     The Parties' Statement of Uncontested Facts

1) In May of 2023, Yealink received a letter from Barco notifying Yealink that its A20-020-TEAMS Video Bar and WPP30 presentation dongles infringed Barco's '002, '832, and '951 Patents.

2) On May 31, 2023, Yealink contacted Barco to discuss settlement or licensing of Barco's patents to resolve the parties' dispute.

3) In August of 2023, Yealink received a letter from Barco notifying Yealink that its A20-020-TEAMS Video Bar and WPP30 presentation dongles infringed Barco's '002, '832, '951, '103, and '237 Patents.

4) On November 14, 2023, Barco filed its complaint in this case, alleging infringement of Barco's '002, '832, '951, '103, '237, and '676 Patents.

5) On April 25, 2024, Yealink issued an "End-of-Sale Announcement" stating, in part: "Dear Customers, We hereby announce that Yealink will no longer sell WPP20/WPP30 products as standalone devices or in combination with corresponding video conferencing systems into the United States market. Yealink remains committed to providing the WPP20/WPP30 products to other regions around the world. Sales outside of the United States will continue unaffected. We will further continue to support Yealink products according to our product life cycle policy, which can be found at this link: Yealink's Product Life Cycle Policy."

6) On March 12, 2025, Yealink filed its Third Amended Answer, admitting it infringed all claims of the Asserted Patents which remained asserted in the case as of March 12, 2025.

7) Yealink's WPP30 and WPP20 infringed Claims 1-4, 6-8, 13-14, and 16-19 of the '832 Patent.

8) Yealink's WPP30 and WPP20 infringed Claims 1, 2, 16-17, and 19-20 of the '103 Patent.

9) The '002 Patent issued on September 1, 2020.

10) The '832 Patent issued on October 6, 2020.

11) The '103 Patent issued on January 26, 2021.

12) The '676 Patent issued on February 22, 2022.

13) The '237 Patent issued on August 2, 2022.

14) The '951 Patent issued on August 23, 2022.

15) Barco NV is the sole owner of the '002, '832, '103, '676, '237, and '951 Patents.

**c.      Stipulation for Trial Management Procedures**

The Parties will meet and confer to reach an agreement on trial management procedures and will submit a separate filing with their agreement.

**d.      Stipulation on Treatment of Confidential, Restricted – Attorneys' Eyes Only, and Restricted Confidential Source Code Information.**

The Parties agree to abide by the procedures set forth in this case's Protective Order (Dkt. 30) to prevent public disclosure of documents containing information designated as Confidential, Restricted – Attorneys' Eyes Only, Restricted Confidential Source Code, and/or testimony eliciting such information. The Parties agree to inform the Court, and the other Party, before

introducing any such information at trial so the Court has the opportunity to seal the courtroom before such information is disclosed.

## F.    CONTESTED ISSUES OF FACT AND LAW

The parties identify the following issues of fact that remain to be litigated.  To the extent any issue of law discussed below is deemed to be an issue of fact, it is incorporated into this section. The Parties reserve the right to identify additional factual or legal issues that may arise, including issues raised by any further discovery undertaken in this case or the Court's rulings on any pending motions or rulings made at the pretrial conference on this action.

By providing this statement, the Parties do not concede that all of these issues are appropriate for trial.  The Parties also do not waive any of their pending motions.

- **Infringement**

1.    Whether Yealink induced its customers to directly infringe the Asserted Claims of the Asserted Patents.[1]

2.    Whether Yealink continues to induce its customers to directly infringe the Asserted Claims of the Asserted Patents.[2]

- **Patent Damages and Remedies**

1.    The parties disagree whether the measure of damages is [Barco's position: the amount adequate to compensate Barco for Yealink's admitted infringement] or [Yealink's Position: the reasonable royalty owed for Yealink's past infringement, which is the only damage Barco seeks in this action].

---

[1] The parties dispute that induced infringement issues remain to be decided.  This dispute is further raised in the jury instructions and elsewhere in the briefing for various motions before the Court.
[2] The parties dispute that induced infringement issues remain to be decided.  This dispute is further raised in the jury instructions and elsewhere in the briefing for various motions before the Court.

2.      The amount adequate to compensate Barco for Yealink's alleged ongoing induced infringement.

3.      Whether Barco is entitled to any pre-judgment and post-judgment interest, and if so, the amount and manner of calculation.

4.      Whether Yealink's infringement was willful.

- **Barco's Statement Regarding Issues to Be Decided by the Court.**

1.      Barco contends that it is entitled to a permanent injunction against the Accused Products.

2.      Barco contends this case is exceptional, and requests the Court make such a finding.

3.      Barco contends this is an exception case, entitling Barco to an award of its reasonable attorneys' fees and costs under 35 U.S.C. § 285, and the Court should determine the amounted owed as a result of such a finding.

4.      Barco contends that the issue enhanced damages should be decided by the Court.

5.      Barco contends that the Court should grant all of the motions *in limine* submitted as Dkt. 139 for the reasons discussed therein.

6.      Barco contends that the Court should deny all of Yealink's motions *in limine* submitted as Dkt. 140 for the reasons discussed in Barco's Oppositions thereto.

7.      Barco contends that the Court should grant Barco's motion for summary judgment (Dkt. 110) for the reasons set forth therein.

8.      Barco contends that the Court should grant Barco's motion to exclude certain opinions of Dr. Almeroth (Dkt. 109) for the reasons set forth therein.

9.      Barco contends that the Court should deny Yealink's motions to exclude certain opinions of Dr. Brogioli and Mr. Scally (Dkt. 112 and 113 respectively) for the reasons set forth in Barco's oppositions (Dkt. 120 and 122 respectively).

- **Yealink's Statement Regarding Issues to Be Decided by the Court.**

1.      Yealink contends that the Court should deny Barco's request for a permanent injunction.

2.      Yealink contends that the Court should find that enhanced damages are not warranted in this case.

3.      Yealink contends that the Court should find that this is not an exceptional case, and deny Barco's request for attorneys' fees and costs under 35 U.S.C. § 285.

4.      Yealink contends that the Court should grant all of the motions *in limine* submitted by Yealink as Dkt. 140 for the reasons discussed therein.

5.      Yealink contends that the Court should deny all of the motions *in limine* submitted by Barco as Dkt. 139.

6.      Yealink contends that the Court should grant Yealink's motion for summary judgment, Dkt. 114, for the reasons discussed therein.

7.      Yealink contends that the Court should grant Yealink's motion to exclude and strike certain opinions of Dr. Brogioli, Dkt. 112, for the reasons discussed therein.

8.      Yealink contends that the Court should grant Yealink's motion to exclude the expert opinion of Mr. Scally, Dkt. 113, for the reasons discussed therein.

9.      Yealink contends that the Court should deny Barco's motion to exclude certain opinions of Dr. Almeroth, submitted as Dkt. 109.

10.    Yealink contends that the Court should deny Barco's motion for summary judgment, Dkt. 110, for the reasons discussed therein.

## G.    LIST OF WITNESSES

Barco's List of Witnesses is attached as **Exhibit A**.  Yealink did not provide objections to Barco's witness list, and Exhibit B is accordingly reserved.

Yealink's List of Witnesses is attached as **Exhibit C**.  Barco's Objections to Yealink's List of Witnesses is attached as **Exhibit D**.

The Parties will continue to meet and confer regarding their respective objections in order to strive to resolve all objections and issues prior to presenting them to the Court.

## H.    LIST OF EXHIBITS

Attached as **Exhibit E** is the Parties' List of Exhibits, including the Parties' Joint Exhibit List with those exhibits agreed to by every party (JX), Barco's Party Exhibit List (PX), and Yealink's Party Exhibit List (DX), including the objections to any exhibit thereto.

The Parties will continue to meet and confer regarding their respective objections in order to strive to resolve all objections and issues prior to presenting them to the Court.  The parties reserve the right to offer exhibits not on the exhibit list for impeachment.

## I.    DEPOSITION AND TRIAL TESTIMONY DESIGNATIONS

Barco's Deposition Designations and Yealink's Objections and Counter Deposition Designations are attached as **Exhibit F**.

Yealink's Deposition Designations and Barco's Objections and Counter Deposition Designations are attached as **Exhibit G**.

[**Defendants' Proposal**: Either party may introduce during trial any deposition testimony designated, counter designated, or counter-counter designated by the other party.]

The Parties will continue to meet and confer regarding their respective objections and proposals in order to strive to resolve all objections and issues prior to presenting them to the Court.

## J.    PROPOSED JURY INSTRUCTIONS AND VERDICT FORMS

Attached as **Exhibit H** is a copy of the Parties' proposed initial and final jury instructions.

Attached as **Exhibit I** is a copy of Barco's proposed verdict form.

Attached as **Exhibit J** is a copy of Yealink's proposed verdict form.

The Parties will continue to meet and confer regarding their respective objections in an effort to resolve all objections and issues prior to presenting them to the Court.

## K.    LIST OF ANY PENDING MOTIONS

Barco's Pending Motions:

- **Dkt. No. 109**: SEALED Barco's Motion to Strike certain opinions of Dr. Almeroth
- **Dkt. No. 110**: SEALED Barco's Motion for Summary Judgment of No Invalidity

Yealink's Pending Motions:

- **Dkt. No. 112**: SEALED Yealink's Daubert Motion and Motion to Strike Expert Opinion of Michael C. Brogioli
- **Dkt. No. 113**: SEALED Yealink's Daubert Motion and Motion to Exclude Expert Opinion of William B. Scally
- **Dkt. No. 114**: SEALED Yealink's Motion for Partial Summary Judgment
- **Dkt. No. 140**: SEALED Yealink's Motion *in Limine*

## L.    PROBABLE LENGTH OF TRIAL

The probable length of trial is 3 days, including jury selection.  The Parties request that Barco be allotted [**Barco's Position:** 6 hours] [**Yealink's Position**: 7 hours] for trial and Yealink

be allotted [**Barco's Position:**6 hours] [**Yealink's Position**: 7 hours] for trial, exclusive of voir dire, but inclusive of opening statements and closing arguments.

## M.    CERTIFICATIONS

The undersigned counsel for each of the Parties in this action do hereby certify and acknowledge the following:

1.    Full and complete disclosure has been made in accordance with the Federal Rules of Civil Procedure and the Court's orders.

2.    Discovery limitations set forth in the Federal Rules of Civil Procedure, the Local Rules, and the Court's orders have been complied with;

3.    Except for exhibits specifically objected to, each exhibit in the List of Exhibits herein:

      a.  Is in existence;

      b.  Is numbered; and

      c.  Has been disclosed and shown or made available to opposing counsel.

Dated: July 28, 2025

By: */s/ Erik J. Halverson*
Melissa Smith (Texas Bar No. 24001351)
Andrew T. Gorham
**GILLAM & SMITH, LLP**
303 South Washington Avenue
Marshall, Texas 75670
Telephone: +1 903 934 8450
Facsimile: +1 903 934 9257
melissa@gillamsmithlaw.com
tom@gillamsmithlaw.com

Christopher Centurelli (*pro hac vice*)
christopher.centurelli@klgates.com
Anna E. L'Hommedieu (*pro hac vice*)
Anna.lhommedieu@klgates.com
Joshua N. Andrews (*pro hac vice*)
Joshua.Andrews@klgates.com
**K&L GATES LLP**
1 Congress Street, Suite 2900
Boston, MA 02114-2023
Telephone: (617) 261-3100

Erik J. Halverson (Bar No. 333492CA)
erik.halverson@klgates.com
**K&L GATES LLP**
Four Embarcadero Center,
Suite 1200
San Francisco, CA 94111
Telephone: (415) 882-8238

*Counsel for Plaintiffs Barco, Inc. and
Barco NV*

Respectfully submitted,

By: */s/ Victor C. Johnson*
Victor C. Johnson
Texas Bar No. 24029640
Forrest D. Gothia
Texas Bar No. 24125250
**DENTONS US LLP**
100 Crescent Court, Suite 900
Dallas, Texas 75201
(214) 259-1876
Email: victor.johnson@dentons.com
(214) 259-1887
Email: forrest.gothia@dentons.com

Stephen Yang (*pro hac vice*)
New York State Bar No. 5123492
**DENTONS US LLP**
1221 Avenue of the Americas
New York, New York 10020-1089
(212) 398-4890
Email: stephen.yang@dentons.com

Timothy C. Bickham
DC State Bar No. 45614
Kevin R. Greenleaf (*pro hac vice*)
DC State Bar No. 252893
**DENTONS US LLP**
1900 K Street, NW
Washington, DC 20006-1102
(202) 408-6390
Email: timothy.bickham@dentons.com
Email: kevin.greenleaf@dentons.com

*Attorneys for Defendants Yealink (USA)
Network Technology Co., Ltd. and Yealink
Network Technology Co., Ltd.*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of the foregoing document has been filed served upon all counsel of record via the Court's CM/ECF system and via email transmission on this the 28th day of July, 2025.

*/s/ Erik J. Halverson*
Erik J. Halverson
