# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| BARCO, INC. and BARCO NV, <br><br> *Plaintiffs*, <br><br> v. <br><br> YEALINK (USA) NETWORK TECHNOLOGY CO., LTD., and YEALINK NETWORK TECHNOLOGY CO., LTD. <br><br> *Defendants*. | Case No. 2:23-CV-00521-JRG-RSP |

**JOINT TRIAL DISCLOSURE AGREEMENT AND STIPULATION**

**WITNESSES**

1. Each party will identify any witnesses it expects to call (live or by deposition) and the order in which it expects to call them by 7:00 pm CT two calendar days before the trial day during which the witnesses will be called (for example, if a witness will be called on Monday, the party calling the witness will disclose the witness by 7:00 pm CT on Saturday).

2. For witnesses to be called by deposition, the disclosure will include the specific deposition testimony (identified by page/line numbers) that the disclosing party intends to introduce.

3. By 7:00 pm CT one calendar day before the trial day the witness testifying by deposition is to be called, the other side will identify objections to deposition designations and disclose any deposition counter designations it intends to introduce (for example, in response to deposition testimony disclosed by 7:00 pm CT on Saturday to be played on Monday, the opposing party will identify objections to deposition designations and disclose deposition counter designations by 7:00 pm CT on Sunday).

4. By 8:00 pm CT one calendar day before the trial day during which a witness will testify by deposition, the party calling that witness will identify objections to deposition counter designations and identify any counter-counter designations.

5. By 9:00 pm CT one calendar day before the trial day any witness will testify by deposition, the parties will meet and confer in an effort to resolve any disputes over objections to the deposition designations and/or deposition counter designations and any other issues relating to the designated testimony. Any party with remaining objections after the meet and confer will identify the dispute to the Court by 10:30 pm CT one calendar day before the witness testifies by deposition for resolution with Judge Gilstrap at 7:30 am CT the next morning, or an alternative

1

time as ordered by the Court (_____am CT).

**EXHIBITS**

6. Each party will identify exhibits that may be offered into evidence during the testimony of a witness called (live or by deposition) by that party by 7:00 pm CT two calendar days before the trial day during which the witness will be called (for example, by 7:00 pm CT on Saturday for a witness to be called on Monday). Any physical exhibits must be made available for inspection at the same time. Exhibits to be used on cross examination need not be disclosed in advance of the witness's examination but will be provided to opposing counsel at the start of the witness's cross examination, except exhibits to be used solely for impeachment purposes need not be provided.

7. Objections to exhibits disclosed by the party calling a witness will be served by 7:00 pm CT the calendar day before the trial day during which a witness will be called (live or by deposition).

8. By 9:00 pm CT the calendar day before the trial day during which a witness will be called, the parties will meet and confer in an effort to resolve objections and any other issues relating to the disclosed exhibits. Any party with remaining objections after the meet and confer will identify the dispute to the Court by 10:30 pm CT the calendar day before the witness testifies for resolution with Judge Gilstrap at 7:30 am CT the next morning, or an alternative time as ordered by the Court (_____am CT).

**DEMONSTRATIVES**

9. Each party will identify demonstratives to be used during the testimony of a witness called by that party by 7:00 pm CT one calendar day before the trial day during which the witness will be called (for example, by 7:00 pm CT on Sunday for a witness to be called on Monday). Any

physical demonstratives must be made available for inspection, at opposing counsel's offices or designated location, at the same time (7:00 pm CT one calendar day before the trial day during which the witness will be called), or in the alternative, at the discretion of the inspecting party, the inspecting party may request a color photo be shared in lieu of traveling to inspect the device. Demonstratives to be used on cross examination or impeachment need not be disclosed in advance of the witness's examination but will be provided to opposing counsel at the start of the witness's cross examination.

10. Objections to demonstratives disclosed by the party calling a witness will be served by 8:00 pm CT the calendar day before the trial day during which the witness will be called.

11. By 9:00 pm CT the calendar day before the trial day during which a witness will be called, the parties will meet and confer in an effort to resolve objections and any other issues relating to the disclosed demonstratives. Any party with remaining objections after the meet and confer will identify the dispute to the Court by 10:30 pm CT the calendar day before the witness testifies for resolution with Judge Gilstrap at 7:30 am CT the next morning, or an alternative time as ordered by the Court (_____am CT).

12. The party seeking to use a demonstrative will provide, via email, a color representation of the demonstrative to the other side in PDF form. However, for video or animations, the party seeking to use the demonstrative will provide a copy to the other side via email or secure FTP or Box website. Any animations must be provided in executable form. For irregularly sized physical exhibits, the party seeking to use the demonstrative will provide, via email, a color representation as a PDF or 8.5 x 11 copies of the exhibits. Upon request, the irregularly sized physical exhibit will be made available at a reasonable location of the party intending to use the exhibit for the other party to inspect and take their own pictures.

**DEPOSITION DESIGNATION RESPONSIBILITIES**

13. If to be offered by video, the party offering deposition testimony is responsible for preparing video deposition clips and clip reports of all designated testimony for that witness (i.e., both designations, counter designations, and counter-counter designations). A copy of the video deposition clips and clip reports shall be provided to the opposing party by 10:00 pm CT the calendar day before the testimony is expected to be played.

14. To the extent any changes are made to deposition clips as a result of a court order at the morning conference, a copy of the revised video deposition clip will be made available for counsel to review as soon as possible, but in no event shall a clip be played to the jury without opposing counsel first reviewing the revised clip.

**MISCELLANEOUS**

15. Any remaining dispute(s) will be raised with the Court for resolution before the testimony or exhibits are introduced to the jury.

16. The time spent arguing before the Court an objection to any of the above shall be charged to the non-prevailing party (for example, if the Court overrules a party's objection to the introduction of certain deposition testimony, the Court time spent resolving that objection shall be charged to that party).

17. The parties will exchange any demonstratives, exhibits, and deposition testimony to be used during opening statements by 3:00 pm CT the calendar day before opening statements. If a party intends to rely on any physical demonstratives or exhibits for its opening statement, such physical demonstrative or exhibit must be made available for inspection at the same time at opposing counsel's offices or designated location in accordance with the procedure outlined in paragraph 9. Any objections to such demonstratives, exhibits, or deposition testimony must be

4

disclosed by 5:00 pm CT that same day, and the parties will meet and confer by 6:00 pm CT that day in an effort to resolve their objections. Any party with remaining objections after the meet and confer will identify the dispute to the Court by 8 pm CT the calendar day before opening statements for resolution with Judge Gilstrap at 7:30 am CT the next morning, or an alternative time as ordered by the Court (_____ am CT).

18. Demonstratives for closing arguments will be exchanged in accordance with the exchange outlined in paragraphs 9-11.

19. Demonstratives need not be included in the parties' respective exhibit lists but will be marked and will be included in the trial record.

20. Neither party will use the other party's own demonstratives before they are used by the disclosing party.

21. Each party reserves the right to use exhibits and deposition designations from the other party's trial exhibit list and designations, even if not separately listed on its own list. No party will remove an exhibit from the exhibit list submitted with the Pretrial Order without agreement from the other party, unless it provides the other party with an opportunity to add the exhibit to its own list. The listing of an exhibit on a party's exhibit list is not an admission that the exhibit is relevant or admissible when offered by the opposing party. Each party reserves the right to object to the relevancy or admissibility of any evidence offered by the other party, at the time such evidence is offered, in view of the specific context in which such evidence is offered. Each party also reserves the right to use deposition counter designations as part of its affirmative designations, and any initial or counter-counter designations as counter designations.

22. Pursuant to Paragraph 17 of this Court's Joint Protective Order (Dkt. 30), nothing shall be deemed to prevent the parties from introducing any Designated Material into evidence at

the trial of this Action, or from using any information contained in Designated Material at the trial of this Action. The parties may not introduce or use any information designated under the Protective Order without first informing the Court and the other party of its intention to do so, so the party whose confidential information is being shared has an opportunity to request sealing of the courtroom before such information is shared at trial.

Dated: July 28, 2025

By: */s/ Erik J. Halverson*
Melissa Smith (Texas Bar No. 24001351)
Andrew T. Gorham
**GILLAM & SMITH, LLP**
303 South Washington Avenue
Marshall, Texas 75670
Telephone: +1 903 934 8450
Facsimile: +1 903 934 9257
melissa@gillamsmithlaw.com
tom@gillamsmithlaw.com

Christopher Centurelli (*pro hac vice*)
christopher.centurelli@klgates.com
Anna E. L'Hommedieu (*pro hac vice*)
Anna.lhommedieu@klgates.com
Joshua N. Andrews (*pro hac vice*)
Joshua.Andrews@klgates.com
**K&L GATES LLP**
1 Congress Street, Suite 2900
Boston, MA 02114-2023
Telephone: (617) 261-3100

Erik J. Halverson (Bar No. 333492CA)
erik.halverson@klgates.com
**K&L GATES LLP**
Four Embarcadero Center,
Suite 1200
San Francisco, CA 94111
Telephone: (415) 882-8238

*Counsel for Plaintiffs Barco, Inc. and Barco NV*

Respectfully submitted,

By: */s/ Victor C. Johnson*
Victor C. Johnson
Texas Bar No. 24029640
Forrest D. Gothia
Texas Bar No. 24125250
**DENTONS US LLP**
100 Crescent Court, Suite 900
Dallas, Texas 75201
(214) 259-1876
Email: victor.johnson@dentons.com
(214) 259-1887
Email: forrest.gothia@dentons.com

Stephen Yang (*pro hac vice*)
New York State Bar No. 5123492
**DENTONS US LLP**
1221 Avenue of the Americas
New York, New York 10020-1089
(212) 398-4890
Email: stephen.yang@dentons.com

Timothy C. Bickham
DC State Bar No. 45614
Kevin R. Greenleaf (*pro hac vice*)
DC State Bar No. 252893
**DENTONS US LLP**
1900 K Street, NW
Washington, DC 20006-1102
(202) 408-6390
Email: timothy.bickham@dentons.com
Email: kevin.greenleaf@dentons.com

*Attorneys for Defendants Yealink (USA) Network Technology Co., Ltd. and Yealink Network Technology Co., Ltd.*

7

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served this 28th day of July 2025, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

*/s/ Erik J. Halverson*

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that counsel for Barco and counsel for Yealink met and conferred, per Local Rule CV-7(h), and that this stipulation is filed jointly.

Dated: July 28, 2025                    */s/ Erik J. Halverson*