IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| BARCO, INC. e*t al.*, § § § *Plaintiffs*, § § v. § CIVIL ACTION NO. 2:23-cv-00521-JRG-RSP § YEALINK (USA) NETWORK § TECHNOLOGY CO., LTD. *et al.*, § § § *Defendants*. § | | |

## MEMORANDUM ORDER

At the Pretrial Conference held on August 5, 2025, the Parties disputed whether Defendants have admitted to ongoing indirect infringement, or whether that issue remained live for trial. The Court directed the Parties to file supplemental briefs on the issue and the Parties have now filed these briefs. Dkt. Nos. 166, 167. After review of the briefing, the arguments at the hearing, Defendants' Third Amended Answer, and various representations by Defendants, the Court decides that ongoing indirect infringement by Defendants is still a live issue in this case.

**I.**                                                                                                      **Background**

As this case proceeded, Defendants, in order to avoid technical discovery, made various admissions of infringement of the asserted claims. First, in their Second Amended Answer Defendants admitted infringement of a single claim of each asserted patent. *See* Dkt. No. 47. The Court found that only admitting to infringement of a subset of claims did not obviate the need for technical discovery, particularly where all the claims Defendant admitted to infringing were subject to IPR proceedings. Dkt. Nos. 64, 60. Then after Plaintiff filed a second motion to compel liability discovery, Defendants proposed to file a Third Amended Answer admitting to infringement of all asserted claims and the Court gave them

1

leave to do so. Plaintiffs assert that Defendants have fully admitted liability and the only live issues in this case are damages and willfulness. Defendants disagree and contend that they never admitted to ongoing induced infringement.

## II. Discussion

The Court finds that Defendants have admitted to all technical aspects of infringement in this case, but have not admitted that they continued to induce infringement after the date when Defendants contend they withdrew the accused products from the US market. The Court interprets Yealink's various admissions as relating to the technical aspects of infringement, but not all the factual predicates that are required for proving ongoing induced infringement. Thus, the issue of liability for indirect infringement after the withdrawal of Yealink's accused products is a live question for the jury to resolve.

**SIGNED this 22nd day of August, 2025.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE