IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| BARCO, INC. e*t al.*, § § *Plaintiffs*, § § v. § § YEALINK (USA) NETWORK § TECHNOLOGY CO., LTD. *et al.*, § § *Defendants*. § | CASE NO. 2:23-cv-00521-JRG-RSP |

## MEMORANDUM ORDER

Before the Court is the Motion to Strike Dr. Almeroth's Opinions, filed by Plaintiff. **Dkt. No. 109**. For the reasons discussed below, the Motion is **GRANTED** as to Dr. Almeroth's opinions at paragraphs 114 to 137, and otherwise **DENIED**.

### I.   APPLICABLE LAW

An expert witness may provide opinion testimony if "(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702.

Rule 702 requires a district court to make a preliminary determination, when requested, as to whether the requirements of the rule are satisfied with regard to a particular expert's proposed testimony. *See Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 149 (1999); *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 592-93 (1993). District courts are accorded broad discretion in making Rule 702 determinations of admissibility. *Kumho Tire*, 526 U.S. at 152 ("the trial judge must have considerable leeway in deciding in a particular case how to go about determining whether

particular expert testimony is reliable"). Although the Fifth Circuit and other courts have identified various factors that the district court may consider in determining whether an expert's testimony should be admitted, the nature of the factors that are appropriate for the court to consider is dictated by the ultimate inquiry—whether the expert's testimony is sufficiently reliable and relevant to be helpful to the finder of fact and thus to warrant admission at trial. *United States v. Valencia*, 600 F.3d 389, 424 (5th Cir. 2010).

Importantly, in a jury trial setting, the Court's role under *Daubert* is not to weigh the expert testimony to the point of supplanting the jury's fact-finding role; instead, the Court's role is limited to that of a gatekeeper, ensuring that the evidence in dispute is at least sufficiently reliable and relevant to the issue before the jury that it is appropriate for the jury's consideration. *See Micro Chem., Inc. v. Lextron, Inc.*, 317 F.3d 1387, 1391-92 (Fed. Cir. 2003) (applying Fifth Circuit law) ("When, as here, the parties' experts rely on conflicting sets of facts, it is not the role of the trial court to evaluate the correctness of facts underlying one expert's testimony."); *Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 249-50 (5th Cir. 2002) ("'[t]he trial court's role as gatekeeper [under Daubert] is not intended to serve as a replacement for the adversary system.' . . . Thus, while exercising its role as a gate-keeper, a trial court must take care not to transform a *Daubert* hearing into a trial on the merits," quoting Fed. R. Evid. 702 advisory committee note). As the Supreme Court explained in *Daubert*, 509 U.S. at 596, "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *See Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002).

## II.   ANALYSIS

### A.   Non-Infringing Alternatives Opinions

In the Motion, Plaintiff asserts that Dr. Almeroth's non-infringing alternatives ("NIA") opinions should be stricken for first appearing in his rebuttal report, which makes them untimely. Dkt. No. 109 at 6 (citing *Correct Transmission, LLC v. Nokia of Am. Corp.*, No. 222CV00343JRGRSP, 2024 WL 1289821, at *4–5 (E.D. Tex. Mar. 26, 2024)).

In response, Defendants argue that Plaintiff had already been put on sufficient notice of the factual bases of Dr. Almeroth's NIA opinions. *See* Dkt. No. 125 at 2-4, 6-7. Defendants further argue that Dr. Almeroth's NIA opinions are in rebuttal to Dr. Brogioli and Mr. Scally[1], who opine that the NIAs at issue were inadequate and unacceptable substitutes. *Id.* at 4-5.

The Court finds that Dr. Almeroth's NIA opinions are untimely. As this Court has previously said, a defendant is not permitted to withhold its NIA opinions until rebuttal. *Correct Transmission*, Case No. 2:22-cv-0343, 2024 WL 1289821, at *4. This is because an NIA analysis "is more similar to an affirmative defense whose burden is upon the defendant." *Id.* Therefore, NIA opinions must appear in a technical expert's opening report. *Id.*

Here, there is no dispute that the first time that Dr. Almeroth's NIA opinions appear is in his rebuttal report. *See* Dkt. No. 109 at 6; *compare generally* Dkt. No. 125. That Plaintiff may have already been on notice of some of the factual basis for what would eventually become Dr. Almeroth's NIA opinions is insufficient.[2] Plaintiff must be given an opportunity to present a rebuttal to Dr. Almeroth's *opinions*, not merely the factual basis underlying them. By waiting until his rebuttal report to inform Plaintiff of his opinions, Defendant deprived Plaintiff of a meaningful

---

[1] Dr. Brogioli and Mr. Scally are experts retained by Plaintiff.
[2] The Court does not reach the issue of whether Plaintiff was sufficiently apprised of Defendants' NIA positions.

3

opportunity to address Dr. Almeroth's NIA *opinions*. *See e.g. CLO Virtual Fashion Inc. v. Zhejiang Lingdi Digital Tech. Co.*, No. 2:23-CV-00274, 2025 WL 1900674, at *6 (E.D. Tex. July 9, 2025).

Likewise, Defendants' claim that Dr. Almeroth's NIA opinions are in rebuttal to Dr. Brogioli and Mr. Scally is irrelevant. Again, the onus was on Defendants to include NIA opinions in their opening report, and Defendants may not avoid this by claiming that they are in response to Plaintiff's experts' timely disclosed opinions. To the extent that Defendants wanted to offer opinions vitiating Dr. Brogioli and Mr. Scally's NIA positions, Defendants must first have included their own NIA opinions in Dr. Almeroth's opening report.

Accordingly, the Motion on this basis is **GRANTED** and paragraphs 114 to 137 of Dr. Almeroth's rebuttal report are hereby **STRICKEN**.

### B. Comparison to Prior Art Opinions

In the Motion, Plaintiff also argues that Dr. Almeroth's opinions comparing the asserted patents to the state of the art should be excluded for being an impermissible attempt to include untimely identified prior art in service to *inter partes* review invalidity theories, which Defendants are now seeking to include. Dkt. No. 109 at 8. Specifically, Plaintiff asserts that "this identification of prior art is something that should have been in Defendants' invalidity contentions, or certainly at least in an opening report, not a rebuttal report." *Id.*

Defendants, in response, argue that Plaintiff mischaracterizes these opinions of Dr. Almeroth, which are simply opinions on "(1) the state of the art for the asserted patents, and (2) the incremental value of the patented features of asserted patent claims over the unpatented features – *i.e.*, what has been known in the prior art." Dkt. No. 125 at 7.

The Court finds that striking is not appropriate here. As a preliminary matter, the Court notes that Defendants have represented that they are not going to bring any invalidity arguments.

4

Dkt. No. 203 at 36: 21-22 ("Yealink also does not intend to argue in this case that the patents are invalid . . . ."). The Court further notes that Dr. Almeroth may not offer any testimony regarding IPRs without first receiving leave from the bench.[3] *See* Standing MIL No. 6 ("The parties shall be precluded from introducing evidence, testimony, or argument concerning the Patent Trial and Appeal Board, *inter partes* review, the Smith-Leahy America Invents Act, or any alternative structure that does not relate directly to an Article III trial in a district court.").

Turning to the Parties' argument, we are not persuaded that the opinions at issue are directed towards a backdoor attempt at invalidity arguments. We agree with Defendants that Dr. Almeroth is permissibly comparing the asserted patents to the then-existing state of the art. As we have said previously, testimony such as this is reasonably related to apportionment of damages. *Mojo Mobility, Inc. v. Samsung Elecs. Co.*, No. 2:22-cv-0398, 2024 WL 3497905, at *4 (E.D. Tex. July 22, 2024). Further, it is permissible for these opinions to appear in Dr. Almeroth's rebuttal report since it is the plaintiff's burden to establish damages.

Accordingly, the Motion is **GRANTED** as to Dr. Almeroth's opinions at paragraphs 114 to 137, and otherwise **DENIED**.

**SIGNED this 13th day of October, 2025.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE

---

[3] This is especially (but not exclusively) so with respect to paragraphs 80 and 99 of his rebuttal report.

5