**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| BARCO, INC. e*t al.*, | § | |
| | § | |
| *Plaintiffs*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:23-cv-00521-JRG-RSP |
| | § | |
| YEALINK (USA) NETWORK | § | |
| TECHNOLOGY CO., LTD. *et al.*, | § | |
| | § | |
| *Defendants*. | § | |

**MEMORANDUM ORDER**

Having considered Defendants' Objections (Dkt. No. 222) to the Order of the undersigned resolving the Daubert Motion and Motion to Exclude Expert Opinion of William B. Scally (Dkt. No. 221), the Order is hereby amended as follows.

In their objections, Defendants argue that it is improper to allow Mr. Scally to rely upon a pre-suit Global License Offer that Plaintiffs sent to Defendants as a means to potentially resolve the alleged patent infringement now being litigated. *Id.* at 1. Specifically, Defendants point out that the Court sustained their objections to PX-37[1] at the pretrial conference on the basis that it runs afoul of Federal Rule of Evidence 408, which concerns settlement negotiations. *See id.* at 1-2.

In view of the above, it is improper for Mr. Scally or Plaintiffs' counsel and other witnesses to refer to the Global License Offer in front of the jury. However, the sections of Mr. Scally's report at issue need not be stricken, as Defendants urge, since experts may rely on evidence that is inadmissible:

> "An expert may base an opinion on facts or data in the case that the expert has been made aware of or personally observed. If experts in the particular field would

---

[1] PX-37 is Plaintiffs' exhibit designation for the Global License Offer. *See* Dkt. No. 203 at 79-84.

reasonably rely on those kinds of facts or data in forming an opinion on the subject, *they need not be admissible for the opinion to be admitted*."

FED. R. EVID. 703 (emphasis added).

Here, Mr. Scally—Plaintiffs' damages expert—is relying on a settlement offer that covers the accused instrumentalities, to support his allocation of the royalty between the dongles and the base units. This is one of the kinds of evidence that such an expert would turn to in the formation of damages opinions. Further, and as discussed in the Order, because it is Barco's own offer that Barco's expert is relying upon (rather than an offer made by Yealink), this does not implicate the chilling effect that Rule 408 is concerned with. In other words, the Court would have greater concern if it was Yealink's offer that Mr. Scally relied upon, since this would be a case of Plaintiffs using Defendants' own words during settlement negotiations against them later during litigation.

Defendants' remaining objections are unpersuasive. Accordingly, the Court hereby amends the Order resolving the Daubert Motion and Motion to Exclude Expert Opinion of William B. Scally (Dkt. No. 221) as follows: while Mr. Scally cannot refer to the Global License Offer in front of the jury, he may still rely on it for his underlying analysis. Further, if any exhibits to his report are to be shown to the jury, they must be appropriately redacted to omit reference to the Global License Offer.[2]

**SIGNED this 10th day of November, 2025.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE

---

[2] In view of all of the above, the Court hereby **GRANTS** Defendants' **MIL No. 3** (*See* Dkt. No. 160) to the extent that Plaintiffs may not offer evidence, testimony, or argument referring explicitly to PX-37 without first seeking leave from the bench.