UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| BARCO, INC. and BARCO NV, <br><br>*Plaintiffs*, <br><br>v. <br><br>YEALINK (USA) NETWORK TECHNOLOGY CO., LTD., and YEALINK NETWORK TECHNOLOGY CO., LTD. <br><br>*Defendants*. | § § § § § § § § § § § § § § Civil Action No. 2:23-cv-00521-JRG-RSP |

**DEFENDANTS' OPPOSITION TO PLAINTIFFS'**
**MOTION TO ENTER FINAL JUDGMENT**

Barco's motion to enter final judgment is premature. Yealink has requested that the Court determine an ongoing royalty for its WPP30 wireless presentation pods (or, dongles) upon their reintroduction to the U.S. market. This determination should occur before entry of final judgment to ensure complete resolution of all issues. Moreover, Barco is not a "prevailing party" entitled to recover costs pursuant to Fed. R. Civ. P. 54(d)(1). Finally, Barco's request for prejudgment interest deviates from this Court's established practice.

Yealink therefore respectfully requests that the Court deny Barco's motion.

**A.    The Court Should Determine The Ongoing Royalty Before Entering Judgment.**

As explained in Yealink's Motion for Ongoing Royalty, Dkt. No. 243, Yealink plans to reintroduce its WPP30 dongle to the U.S. market, and requests that the Court determine the appropriate ongoing royalty upon the WPP30's reintroduction. The Federal Circuit has noted that a case is not "final" when "the district court has not yet determined ongoing royalties." *Warsaw Orthopedic, Inc. v. NuVasive, Inc.*, 515 F. App'x 882 (Fed. Cir. 2012).

This Court has likewise acknowledged that "[t]he *Warsaw Orthopedic* reasoning also promotes the policy underlying final judgments—that all issues be addressed through a single appeal rather than through piecemeal appellate practice." *Cioffi v. Google, Inc.*, No. 13-cv-103, 2017 WL 4011143, at *1 (E.D. Tex. Sept. 12, 2017) (finding it "prudent" to "address ongoing royalties before entering final judgment").

To avoid any ambiguity and ensure judicial efficiency, the Court should resolve Yealink's pending motion so that the proposed final judgment can expressly set the ongoing royalty rate.

**B.    Barco Is Not A Prevailing Party Pursuant To Fed. R. Civ. P. 54(d).**

Even if the Court finds it appropriate to enter final judgment now, it should decline to adopt Barco's proposed judgment because Barco is not a "prevailing party" under Rule 54(d)(1).

The Federal Circuit has made clear that "[j]ust because a party can be said to have 'prevailed' on a claim does not necessarily make him a 'prevailing party' as the term is used in Rule 54." *Shum v. Intel Corp.*, 629 F.3d 1360, 1367 (Fed. Cir. 2010). To be a prevailing party, a litigant must have received "at least some relief on the merits," and "[t]hat relief must materially alter the legal relationship between the parties by modifying one party's behavior in a way that 'directly benefits' the opposing party." *Id.*. This change in legal relationship must bear with it a "judicial imprimatur." *Dellew Corp. v. United States*, 855 F.3d 1375, 1379 (Fed. Cir. 2017) (quoting *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 605 (2001)).

Here, the jury's verdict did not materially alter the parties' legal relationship. Yealink voluntarily withdrew the accused WPP20 and WPP30 dongles from the U.S. market and recalled unsold dongles more than eighteen months before trial. *See* Dkt. No. 148 (Joint Pretrial Order) at 6, *The Parties' Statement of Uncontested Facts*, ¶ 5. Yealink also admitted past infringement in its

Second Amended Answer filed over a year before trial. *See* Dkt. No. 47. As the Supreme Court has held, "[a] defendant's voluntary change in conduct, although perhaps accomplishing what the plaintiff sought to achieve by the lawsuit, lacks the necessary judicial imprimatur on the change." *Buckhannon*, 532 U.S. at 605.

In fact, Barco *lost* on every contested issue at trial. The jury found no induced infringement after April 25, 2024 (Question 1) and no willful infringement (Question 3). *See* Dkt. 235. On damages, the jury rejected Barco's $3,172,000 demand, awarding only $907,360 – less than one-third of Barco's request. *Id.*; *see* Trial Tr., Ex. A, at 603:11-14. The Federal Circuit cautions against a "form over substance" approach to prevailing party determination that "conflicts with the common-sense approach" counseled by the Supreme Court. *B.E. Tech., L.L.C. v. Facebook, Inc.*, 940 F.3d 675, 679 (Fed. Cir. 2019) (*citing CRST Van Expedited, Inc. v. E.E.O.C.*, 578 U.S. 419, 431 (2016)). Here, having lost on all issues that were actually before the jury, both substance and common-sense indicate that Barco cannot be a "prevailing party."

Barco argues that Yealink's voluntary suspension of sales and admission of past infringement make Barco the prevailing party. But voluntary conduct taken before any merits ruling does not satisfy the judicial imprimatur requirement. *See Buckhannon*, 532 U.S. at 605; *Dellew*, 855 F.3d at 1380 (a party "acts voluntarily if it takes corrective action before the Court [] provides a written or oral ruling on the merits that changes the parties' legal relationship"). Barco then points to the jury's damages award. But having admitted past infringement, Yealink never contested its obligation to pay reasonable compensation for past infringement, and the award did not compel Yealink to do anything it had not already agreed to do. *See Farrar v. Hobby*, 506 U.S. 103, 113 (1992) (holding that a judgment for damages modifies the parties behavior "by forcing the defendant to pay an amount of money *he otherwise would not pay*") (emphasis added)). Here,

3

Yealink acknowledged liability and sought to pay appropriate damages.[1] Moreover, the jury's rejection of Barco's inflated demand also underscores that the verdict did not materially alter the parties' relationship.

Barco, therefore, is not a "prevailing party" under Rule 54(d)(1).

### C.     Barco's Request for Prejudgment Interest Conflicts With The Court's Practice.

Barco's proposed Final Judgment seeks prejudgment interest that is "compounded monthly" and "adjusted with each and every change in rate." *See* Dkt. No. 240-1. This proposal deviates from this Court's established practice of compounding interest quarterly. *See, e.g.*, *Headwater Rsch. LLC v. Samsung Elecs. Co., Ltd. et al.*, No. 23-cv-00103, Dkt. No. 444, at 2 (E.D. Tex. May 30, 2025) (Ex. B); *Force Mos Tech. Co., Ltd. v. Asustek Comput., Inc.*, No. 22-cv-00460, Dkt. No. 422 (E.D. Tex. June 13, 2025) (Ex. C); *Empire Tech. Dev. LLC v. Samsung Elecs. Co. Ltd.*, No. 23-cv-00427, Dkt. No. 275 (E.D. Tex. July 15, 2025) (Ex. D).

Yealink respectfully requests the Court adopt its established practice and compound prejudgment interest quarterly, rather than adopting Barco's proposed deviation.

## CONCLUSION

For these reasons, Yealink respectfully requests that the Court deny Barco's motion to enter its proposed final judgment. Entry of judgment is premature while Yealink's motion for an ongoing royalty remains unresolved, Barco is not a prevailing party under Rule 54(d)(1), and Barco's prejudgment interest proposal conflicts with this Court's established practice. Yealink respectfully requests that the Court first address the ongoing royalty before entering any final judgment.

---

[1] Indeed, Barco could have ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ only to lose on all contested issues at trial.

| | |
|---|---|
| Date: January 13, 2026 | **DENTONS US LLP** |
| | By: /s/ *Victor C. Johnson* |
| | Victor C. Johnson |
| | Texas Bar No. 24029640 |
| | Forrest Gothia |
| | Texas Bar No. 24125250 |
| | Haley S. Eastham |
| | Texas Bar No. 24122838 |
| | 100 Crescent Court, Suite 900 |
| | Dallas, Texas 75201 |
| | Email: victor.johnson@dentons.com |
| | (214) 259-1876 |
| | Email: forrest.gothia@dentons.com |
| | (214) 259-1887 |
| | Email: haley.eastham@dentons.com |
| | (214) 259-1851 |
| | |
| | Stephen Yang (*pro hac vice granted*) |
| | 1221 Avenue of the Americas |
| | New York, New York 10020 |
| | Email: Stephen.yang@dentons.com |
| | (212) 398-4890 |
| | |
| | Timothy C. Bickham |
| | DC State Bar No. 45614 |
| | Kevin R. Greenleaf |
| | 1900 K Street, NW |
| | Washington, DC 20006 |
| | Email: Timothy.bickham@dentons.com |
| | (202) 408-6390 |
| | Email: Kevin.greenleaf@dentons.com |
| | (650) 798-0381 |
| | |
| | ***Attorneys for Defendants Yealink (USA) Network Technology Co., Ltd. and Yealink Network Technology Co., Ltd.*** |

## CERTIFICATE OF SERVICE

    I hereby certify that on January 13, 2026, all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system pursuant to Local Rule CV-5(a)(3).

                                                    /s/ *Victor C. Johnson*
                                                    Victor C. Johnson

## CERTIFICATE OF AUTHORIZATION TO SEAL

I hereby certify that pursuant to Local Rule CV-5(a)(7), the foregoing document was filed under seal pursuant to the Court's Protective Order entered in this matter (Dkt. No. 30).

                                                   */s/ Victor C. Johnson*
                                                 Victor C. Johnson

Case 2:23-cv-00521-JRG-RSP   Document 249   Filed 01/20/26   Page 6 of 6 PageID #: 12204