**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| BARCO, INC. and BARCO NV,<br><br>      Plaintiffs,<br><br>v.<br><br>YEALINK (USA) NETWORK TECHNOLOGY CO., LTD., and YEALINK NETWORK TECHNOLOGY CO., LTD.<br><br>      Defendants. | )<br>)<br>)<br>)<br>) Case No. 2:23-cv-00521-JRG-RSP<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**BARCO'S REPLY IN SUPPORT OF
MOTION FOR FINAL JUDGMENT**

Plaintiffs Barco, Inc. and Barco NV (collectively, "Barco" or "Plaintiff") respectfully provide this Reply to Barco's motion for final judgment (Dkt. 240).

Defendants' Opposition (Dkt. 244) *was* correct. "Barco's motion to enter final judgment [was] premature." *Id.* at 1. Barco, like the Court and the jury, did not know Yealink would decide "to reintroduce its WPP30 in the United States, and will resume selling its WPP30 dongle" (Dkt. 243-4 Cai Declaration at ¶14), requiring entry of a permanent injunction. Barco has since remedied this unforeseeable error, and provided a revised draft Final Judgment (Dkt. 250-10) that accompanied its Motion for Permanent Injunction. Dkt. 250. Barco's revised draft Final Judgment is identical to the version submitted with Dkt. 240, but includes ¶9 entering Barco's now ripe request for a permanent injunction. Dkt. 250.

Barco agrees with Yealink that the Court should rule on Yealink's Motion for a court-mandated compulsory license (Dkt. 243) and Barco's motion for permanent injunction to preserve

1

the *status quo* (Dkt. 250) before entering Final Judgment.  Barco submits that the revised draft Final Judgment (Dkt. 250-10) is in proper form.[1]

Barco was the prevailing party at trial.  As the prevailing party, it is entitled to costs and prejudgment interest in the manner set forth in Barco's opening motion (Dkt. 240).

### A. Barco is the Prevailing Party

The Federal Circuit requires one party be deemed the prevailing party in a patent matter. *Shum v. Intel Corp.*, 629 F.3d 1360, 1366 (Fed. Cir. 2010).  Yealink alleges that Barco is not the prevailing party but makes no showing that Yealink is the prevailing party, because it cannot. When Final Judgement enters, Yealink will have stopped selling its infringing WPP products, been ordered to pay Barco nearly $1 million dollars for past damages (nearly 50% more than what Yealink argued was "the maximum" it should pay (Ex. A, Trial Tr. 624:21-22)), been permanently enjoined (Dkt. 250), and Yealink will take *no relief* from Barco.  "For the purposes of costs and fees, there can be only one winner." *Shum v. Intel*, 629 F.3d 1367.  That winner is Barco.

Barco brought a case for patent infringement.  Yealink stopped selling the accused WPP products.  See Dkt. 240 citing Dkt. 178 (Memorandum & Order re Infringement); and Ex. A, Trial Tr. 454:25-455:7 ("A. We decide to stop selling any WPP20/30 dongles to the United States market.").  The jury awarded past damages of nearly $1 million dollars, an amount nearly 50% greater than what Yealink's damages expert said was the most Yealink should pay.  Dkt. 235. Under Yealink's own cited law, Barco is the prevailing party.  *Shum v. Intel*, 629 F.3d at 1367 (To be a prevailing party, a litigant must have received "at least some relief on the merits," and "[t]hat relief must materially alter the legal relationship between the parties by modifying one party's

---

[1] Barco's revised proposed Final Judgment at Dkt. 250-10 is intended to replace the nearly identical submission at Dkt. 240-1.  Barco's prior proposal Dkt. 240-1 is withdrawn.

behavior in a way that 'directly benefits' the opposing party."). The jury found Yealink caused Barco nearly $1 million in damages that Yealink otherwise would not have paid Barco. While the jury found Yealink should have to pay less than Barco's trial number, it found that Yealink should have to pay more than Yealink's trial number. Yealink received no relief on the merits in this matter and cannot be the prevailing party.

Again, Yealink's own caselaw confirms Barco is the prevailing part. *See Farrar v. Hobby*, 506 U.S. 103, 113 (1992) (holds that a judgment for damages modifies the parties behavior "by forcing the defendant to pay an amount of money he otherwise would not pay")). As confirmed by Yealink's counsel during closing, Yealink believed the total damages it owed was "$612,468. And that is the max, the maximum, that's the most favorable number to Barco." Ex. A, Trial Tr. 624:21-22. The jury awarded Barco more than what Yealink argued was "the maximum", thereby forcing Yealink to pay an amount of money it otherwise would not have paid. According to Supreme Court precedent, this is a modification of Yealink's behavior, confirming Barco is the prevailing party. *Farrar v. Hobby*, 506 U.S. at 113; *see also Gentry Gallery, Inc. v. Berkline Corp.*, 134 F.3d 1473, 1480 (Fed. Cir. 1998) (noting that obtaining an injunction might also constitute a "benefit" qualifying a party for prevailing party status).

As one party must be deemed the prevailing party, and as only Barco succeeded in modifying the other party's behavior, Barco, not Yealink, is the prevailing party.

### B. Prejudgment Interest is Proper

This Court regularly grants final judgments where interest is compounded monthly and adjusted with each change. *See G+ Communications LLC v. Samsung Electronics Co., Ltd. et al.*, Civil Action No. 2:22-CV-78-JRG (Final Judgment, attached as Exhibit B); *Atlas Global Tech. v. TP-Link Tech. Co. Ltd.*, Civil Action No. 2:21-CV-00430-JRG-RSP (Final Judgment attached as

Exhibit C); *Ollnova Tech. Ltd. v. Ecobee Tec. ULC d/b/a Ecobee*, Civil Action No. 2:22-CV-00072-JRG (Final Judgment, attached as Exhibit D); *The Chamberlain Group LLC v. Overhead Door Corp. et al.*, Civil Action No. 2:21-CV-00084-JRG (Final Judgment, attached as Exhibit E); *Packet Intelligence LLC v. NetScout Systems, Inc.*, Civil Action No. 2:16-cv-00230-JRG (Amended Final Judgment, attached as Exhibit F). Yealink does nothing to suggest a reason to deviate from this established practice and it presents no compelling reason why Barco's request should not be granted.

Accordingly, Barco requests entry of its revised draft Final Judgment (Dkt. 250-10).

Dated: January 30, 2026

Respectfully submitted,

*/s/ Erik Halverson*
Erik J. Halverson (Bar No. 333492CA)
erik.halverson@klgates.com
**K&L GATES LLP**
Four Embarcadero Center,
Suite 1200
San Francisco, CA 94111
Telephone: (415) 882-8238

Melissa Smith (Texas Bar No. 24001351)
**GILLAM & SMITH, LLP**
303 South Washington Avenue
Marshall, Texas 75670
Telephone: +1 903 934 8450
Facsimile: +1 903 934 9257
melissa@gillamsmithlaw.com

Christopher Centurelli (*pro hac vice*)
christopher.centurelli@klgates.com
Joshua N. Andrews (*pro hac vice*)
Joshua.Andrews@klgates.com
**K&L GATES LLP**
1 Congress Street, Suite 2900
Boston, MA 02114-2023
Telephone: (617) 261-3100

*Attorneys for Plaintiffs Barco, Inc. and Barco N.V.*

4

## **<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on January 30, 2026, all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system pursuant to Local Rule CV-5(a)(3).

*/s/ Erik Halverson*
Erik Halverson
