# EXHIBIT C

```
 1              IN THE UNITED STATES DISTRICT COURT
                 FOR THE EASTERN DISTRICT OF TEXAS
 2                       MARSHALL DIVISION

 3   BARCO, INC., et al.,        ( CAUSE NO. 2:23-CV-521-JRG
                                 )
 4           Plaintiffs,         (
                                 )
 5   vs.                         (
                                 )
 6   YEALINK (USA) NETWORK       (
     TECHNOLOGY CO., LTD., et al.,)
 7   et al.,                     ( MARSHALL, TEXAS
                                 ) NOVEMBER 19, 2025
 8           Defendants.         ( 8:00 A.M.
     _____
 9

10                            VOLUME 3

11   _____

12                       TRIAL ON THE MERITS

13

                 BEFORE THE HONORABLE RODNEY GILSTRAP
14                 UNITED STATES DISTRICT JUDGE
                          and a jury
15   _____

16

17

18

19

20

21

22              SHAWN McROBERTS, RMR, CRR
                 100 E. HOUSTON STREET
23               MARSHALL, TEXAS  75670
                    (903) 923-8546
24        shawn_mcroberts@txed.uscourts.gov

25
```

```
09:52    1    implementing a non-infringing alternative.  By the same
         2    reasoning, if avoiding the patent would be difficult,
         3    expensive, or time consuming, the amount the party would be
         4    willing to pay for a license may be greater.
         5         You may compare the patented invention to non-infringing
         6    alternatives to determine the value of the patented invention,
         7    including the utility and advantages of the patent over the
         8    old modes or devices, if any, that had been used to achieve
         9    similar results.
09:53   10         Comparable license agreements are another factor that may
        11    inform your decision as to the proper amount and form of the
        12    reasonable royalty award, similar to the way in which the
        13    value of a house is determined relative to comparable houses
        14    sold in the same neighborhood.  If a license agreement is not
        15    sufficiently comparable, you may not rely on it for
        16    determining damages.
        17         Whether a license agreement is comparable to the license
09:53   18    under the hypothetical license scenario depends on many
        19    factors, such as whether they involve comparable technologies,
        20    comparable economic circumstances, comparable structure, and
        21    comparable scope.  If there are differences between the
        22    license agreement and the hypothetical license, you must take
        23    those into account when you make your reasonable royalty
        24    determination.
        25         In determining the amount of damages, you must award
```

1              You have 20 minutes remaining, Mr. Centurelli.  Do you
2     want any final warning on your time?
3              MR. CENTURELLI:  Yes, Your Honor; five minutes
4     please.
5              THE COURT:  I'll warn you with five minutes
6     remaining.  You may present Plaintiffs' final closing
7     argument.
8              MR. CENTURELLI:  Thank you, Your Honor.
9         Almost done.
10        What have we heard from Yealink?  They've admitted
10:52  11    infringement.  They've admitted infringement of six patents,
12    75 claims.  Think about that--six patents, 75 claims.  And
13    then a bunch of excuses for why we're still here.
14        Mr. Six came in and testified, testified -- landed on
10:53  15    Friday from Belgium, went to Amazon, ordered Yealink WPP,
16    bought it to deliver it to here in Marshall.  And they want
17    you -- where are the receipts?  Where are the receipts?
18    That's what their excuse is.
19        You have the ability to believe Mr. Six's testimony.
20        We had Mr. Brogioli?  What did he testify?  Yep, did the
21    same thing.  You have a right to believe Mr. Brogioli.  You
10:53  22    don't need the receipts to believe Mr. Six.  You don't need
23    the receipts to believe Mr. Brogioli.
24        What do we also know?  What do we also know?  Yealink
25    sold 29,000 dongles into the United States from 2018 through

Shawn M. McRoberts, RMR, CRR
Federal Official Court Reporter

|  |  |  |
|---|---|---|
| 10:54 | 1 | whenever they stopped selling, at least 29,000.  What did we |
|  | 2 | just show?  Just showed a website.  How much do they sell |
|  | 3 | their dongles for?  $339.  So do the math.  How much did they |
|  | 4 | make on that?  $9,831,000.  How much have they paid Barco for |
|  | 5 | those sales?  Zero.  Zero.  And they think $600,000 is the |
|  | 6 | right number?  They think $600,000 is the right number? |
|  | 7 | If you take the 11,000 numbers that they claim is what's |
| 10:54 | 8 | at issue, times $339, guess what you get?  $3.838 million, |
|  | 9 | less -- that's more than just what we're asking for just in |
|  | 10 | that one year.  Just in that one year. |
|  | 11 | They suggest that our request that they disable the |
|  | 12 | products in the U.S. is an overreach.  They'd have to go to |
|  | 13 | Microsoft and say, Microsoft, we have to change our software. |
|  | 14 | That's -- we have six patents.  The patents are our right to |
|  | 15 | exclude.  We have a right to say, hey, stop infringing our |
| 10:55 | 16 | patents.  They need to do the steps necessary to stop |
|  | 17 | infringing.  That's why we're here.  We're here because they |
|  | 18 | won't do the steps, and we need your help.  We need your help |
|  | 19 | to get them to stop. |
|  | 20 | The Alliance Program.  They want to use this Alliance |
|  | 21 | Program to say, oh, hey, we're good actors.  I tell you a good |
|  | 22 | actor is not someone who you have to send a letter to in May, |
|  | 23 | please stop; a letter to in August, please stop; sue them |
| 10:55 | 24 | please stop; go through two years of litigation, please stop, |
|  | 25 | go through two days of trial, please stop.  That's not a good |

Shawn M. McRoberts, RMR, CRR
Federal Official Court Reporter

```
1            I HEREBY CERTIFY THAT THE FOREGOING IS A
2       CORRECT TRANSCRIPT FROM THE RECORD OF
3       PROCEEDINGS IN THE ABOVE-ENTITLED MATTER.
4       I FURTHER CERTIFY THAT THE TRANSCRIPT FEES
5       FORMAT COMPLY WITH THOSE PRESCRIBED BY THE
6       COURT AND THE JUDICIAL CONFERENCE OF THE
7       UNITED STATES.
8
9       S/Shawn McRoberts              11/19/2025
10      _____DATE_____
        SHAWN McROBERTS, RMR, CRR
11      FEDERAL OFFICIAL COURT REPORTER
```