# EXHIBIT D

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| BARCO, INC. and BARCO NV, <br><br> *Plaintiffs*, <br> v. <br><br> YEALINK (USA) NETWORK TECHNOLOGY CO., LTD., and YEALINK NETWORK TECHNOLOGY CO., LTD. <br><br> *Defendants*. | § § § § § § § § § § § § § Civil Action No. 2:23-cv-00521-JRG-RSP |

## **DECLARATION OF DUNXIONG CAI**

I, Dunxiong Cai, hereby declare as follows:

1. My name is Dunxiong Cai. I am currently employed by Yealink Network Technology Co., Ltd. ("Yealink"), and my current title is Vice President of Product. The matters stated below are true and correct based on my personal knowledge.

2. In May 2023, counsel for Barco Inc. and Barco NV sent a letter to Yealink, and accused Yealink of infringing three of Barco's patents directed to videoconferencing technologies.

3. Counsel for Barco sent another letter to Yealink in August 2023 to accuse Yealink of infringing another two patents directed to videoconferencing technologies.

4. In November 2023, Barco filed its complaint in this case against Yealink, and accused Yealink of infringing six of Barco's patents.

5. In April 2024, Yealink suspended sales of its WPP20 and WPP30 wireless presentation products, or dongles, in the United States. Yealink also asked its distributors to send to Yealink unsold inventories of the WPP20 and WPP30. Yealink decided to suspend sales of the WPP20 and WPP30 in the United States, so it can better focus on its business operations during

its litigation against Barco, and to also minimize any potential damages to Barco before the litigation concluded, when the scope of the damages Yealink should pay Barco remained unclear.

6.  Ever since Yealink received the first letter from Barco back in June 2023, Yealink has sought to negotiate with Barco and reach an agreement on the parties' dispute over Barco's patents. Yealink first reached out to Barco in June 2023, and sought to license Barco's patents. The parties were not able to reach agreement.

7.  Yealink continued to engage with Barco over the next two years and sought to negotiate with Barco. Yealink asked to discuss licensing Barco's patents at least in January 2024, February 2024, and March 2025. The parties were not able to reach agreement.

8.  The parties' executives and representatives also met on October 26, 2023, January 21, 2025, and February 11, 2025. During these meetings, the parties discussed licensing Barco's patents, but were not able to reach agreement.

9.  In May 2025, the parties' executives also participated in an in-person mediation before former chief judge David Folsom in Texarkana, Texas. During this mediation, the parties' discussions included licensing Barco's patents, but the parties were not able to reach agreement.

10. Jury trial in this case took place between November 17 to 19, 2025. I attended this trial and testified as Yealink's corporate representative.

11. During trial, on November 17 and 18, 2025, the parties' executives communicated and discussed settlement. As part of these discussions, the parties discussed terms of licensing Barco's asserted patents. Again, the parties were not able to reach agreement.

12. Jury trial concluded on November 19, 2025, and the jury awarded Barco a total of $907,360 for Yealink's past infringement, when Yealink sold the WPP20 and WPP30 dongles in

the United States until April 2024. The jury also did not find that Yealink induced infringement of any asserted patents after April 2024, and that Yealink did not infringe any patents willfully.

13. After trial concluded, Yealink's executives again reached out to Barco in November 2025 to discuss licensing Barco's patents. But again the parties could not reach agreement.

14. At the same time, now that the trial has concluded and the jury has decided that Yealink should pay Barco $907,360 for its past infringement, Yealink has decided to reintroduce its WPP30 in the United States, and will resume selling its WPP30 dongle in 2026. Yealink also understands that Barco has decided to not seek an injunction barring the sales of its WPP30 in the United States.

15. Yealink remains willing to license Barco's patents, and remains willing to pay Barco a royalty for its WPP30 sales in the United States upon its reintroduction. However, in light of the parties' numerous past discussions regarding the terms of a license and continued failure to come to agreement, Yealink believes that at this point, any further negotiations between the parties regarding the terms of a license would be futile.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 12th day of January 2026, in Xiamen, China.

*Dunxiong Cai*

Dunxiong Cai