**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| BARCO, INC. and BARCO NV, | § | |
| | § | |
| *Plaintiffs*, | § | |
| | § | |
| v. | § | Civil Action No. 2:23-cv-00521-JRG-RSP |
| | § | |
| YEALINK (USA) NETWORK | § | |
| TECHNOLOGY CO., LTD., and | § | |
| YEALINK NETWORK TECHNOLOGY | § | |
| CO., LTD. | § | |
| | § | |
| *Defendants*. | § | |

## DEFENDANTS' OPPOSED MOTION TO STAY

On November 19, 2025, the jury returned a single, lump-sum damages verdict of $907,360 based on infringement of 75 asserted claims across six patents. The verdict did not allocate damages by patent or by claim.

On April 7, 2026, the Patent Trial and Appeal Board issued four Final Written Decisions finding 35 of those asserted claims – including eight of the ten asserted independent claims – unpatentable. *See* Dkt. 263. All remaining asserted claims, including all asserted claims from the two patents not involved in any IPRs, are currently subject to pending *ex parte* reexamination.

Whether the jury's verdict can be entered, must be vacated, or must be retried will depend on the outcome of Federal Circuit review of the PTAB's decisions and the reexamination proceedings. Proceeding now with entry of final judgment and post-trial motions risks waste of resources, substantial inefficiency, and inconsistent results. Accordingly, Yealink respectfully requests that the Court stay all further proceedings until (i) any appeal of the PTAB's Final Written Decisions is resolved or the time for appeal has expired and (ii) the PTO's ongoing *ex parte* reexamination proceedings concerning the remaining asserted claims have concluded.

1

## I.    RELEVANT PROCEDURAL BACKGROUND

Plaintiffs Barco accuse Yealink of infringing a total of 75 claims from six patents: U.S. Patent Nos. 10,762,002, 10,795,832, 10,904,103, 11,258,676, 11,403,237, and 11,422,951. Yealink admitted infringement of those asserted claims, and on November 19, 2025, the jury returned a verdict for $907,360 in damages. *See* Dkt. 235. The jury's verdict was a single, lump-sum award and did not apportion damages among individual patents or claims, nor did it explain how the amount was calculated. *Id.*

In September 2024, more than a year before trial, Yealink filed IPR petitions and challenged a subset of Barco's asserted claims, including all independent claims, from four asserted patents: the '002, '237, '676, and '951 patents. On April 7, 2026, the PTAB issued four Final Written Decisions and found all challenged claims in those IPRs unpatentable. As a result, 35 of the 75 claims on which the jury's verdict was based have now been held unpatentable. *See* Dkt. 263; Dkt. 263-1 to -4.

In January and February 2026, the Patent Office also ordered *ex parte* reexamination of all 40 remaining asserted claims, including all asserted claims from the '832 and '103 patents, which were not subject to the IPR proceedings.

The Court has not yet entered final judgment in this case, and the parties have not submitted post-trial briefing. At present, three post-trial motions remain pending: Barco's Motion for Entry of Final Judgment (Dkt. 240), Yealink's Motion for Ongoing Royalty (Dkt. 243), and Barco's Motion for Permanent Injunction (Dkt. 250).

## II.    LEGAL STANDARD

"The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). "District courts typically

consider three factors when determining whether to grant a stay pending *inter partes* review of a patent in suit: (1) whether the stay will unduly prejudice the nonmoving party, (2) whether the proceedings before the court have reached an advanced stage, including whether discovery is complete and a trial date has been set, and (3) whether the stay will likely result in simplifying the case before the court." *NFC Tech. LLC v. HTC Am., Inc.*, No. 13-cv-1058, 2015 WL 1069111, at *2 (E.D. Tex. Mar. 11, 2015). "The court has the 'discretionary prerogative to balance considerations beyond those captured by the three-factor stay test.'" *CyWee Grp. Ltd. v. Samsung Elecs. Co. Ltd.*, No. 17-cv-00140, 2019 WL 11023976, at *3 (E.D. Tex. Feb. 14, 2019).

## III. IT WOULD BE PRUDENT TO STAY THIS CASE.

Currently, 35 of the 75 asserted claims on which the jury's verdict was based are unpatentable, and the remaining 40 asserted claims are subject to ongoing *ex parte* reexamination. The jury's damages verdict was rendered as a single, lump-sum award premised on the assumed validity of *all* asserted claims, without any allocation by patent or claim.

Under these circumstances, proceeding now with entry of final judgment and post-trial motions would be inefficient and unnecessary. Allowing Federal Circuit review of the PTAB's Final Written Decisions and the Patent Office's reexaminations to conclude first will clarify which claims, if any, remain valid and enforceable and may substantially narrow – if not moot entirely – the issues remaining before the Court, without causing any undue prejudice to Barco.

### A. A Stay Will Likely Significantly Simplify, and Potentially Moot, This Case.

The outcome of Federal Circuit review and the Patent Office's ongoing *ex parte* reexaminations will directly affect how this Court may address the jury's verdict, and could moot this case in whole or in part.

Nearly half of the asserted claims on which the jury's single, lump-sum damages verdict

was based have now been held unpatentable, and all remaining asserted claims are subject to reexamination. In these circumstances, the verdict – rendered on the assumption that all asserted claims were valid – is materially undermined and may require reconsideration depending on the outcome from the Federal Circuit and the USPTO. As the Federal Circuit explained, a "district court must apply intervening legal developments affecting the asserted patent's validity." *Fresenius USA, Inc. v. Baxter Int'l, Inc.*, 721 F.3d 1330, 1342 (Fed. Cir. 2013). Further, with all remaining asserted claims subject to pending *ex parte* reexaminations, it is possible that Barco's infringement allegations collapse and this case becomes moot. *See id.* at 1340 ("[I]f the original claim is cancelled or amended [during reexamination] to cure invalidity, the patentee's cause of action is extinguished and the suit fails.").

Even if some asserted claims ultimately survive appellate review or reexamination, the jury's unapportioned damages verdict would remain unstable.[1] *See Verizon Servs. Corp. v. Vonage Holdings Corp.*, 503 F.3d 1295, 1310 (Fed. Cir. 2007) ("In a situation—such as this one—where the jury rendered a single verdict on damages, without breaking down the damages attributable to each patent, the normal rule would require a new trial as to damages.").

Allowing Federal Circuit review and the reexamination proceedings to conclude before proceeding further will clarify which claims, if any, remain valid and enforceable and will frame – or potentially eliminate – the issues remaining before the Court. A stay therefore strongly favors simplification and avoids the risk that the Court and the parties expend substantial resources addressing post-trial issues that may later be altered or mooted.

---

[1] While the Court need not assess the likely outcome of appeal or reexamination, available public data reflects that cancellations and amendments in such proceedings are not uncommon, underscoring why it is prudent to await their conclusion before proceeding further. *See, e.g.*, March 2026 USPTO Appeal Statistics, Ex. A at 3 (Federal Circuit has fully affirmed 74.93% of IPR appeals and only fully reversed or vacated 12.13% of those appeals); September 2025 Ex Parte Reexamination Filing Data, Ex. B at 2 (About 22% ex parte reexaminations see all claims at issue confirmed).

**B.    A Stay Will Not Prejudice Barco.**

A stay will not unduly prejudice Barco. Even if the Federal Circuit ultimately reverses the PTAB's Final Written Decisions and all asserted claims survive reexamination without amendment, the Court can still enter and enforce judgment against Yealink. "[M]ere delay in collecting [monetary] damages does not constitute undue prejudice." *Stragent LLC v. BMW of N. Am., LLC*, No.16-cv-446, 2017 WL 3709083, at *2 (E.D. Tex. Jul. 11, 2017).

Nor would a stay permit any irreparable harm in the interim. The jury found no willful infringement and no ongoing infringement. *See* Dkt. 235. Any future injury resulting from Yealink's continued competition – even if any injury were to occur – would be compensable through monetary damages, including a reasonable royalty. *See Bos. Scientific Corp. v. Cook Grp. Inc.*, No. 1:17-cv-03448-JRS-MJD, 2019 WL 2511162, at *2 (N.D. Ind. June 17, 2019) ("Importantly, the possibility of being adequately compensated by monetary damages reduces prejudice.").

A stay also would not be unreasonably lengthy. Over the past ten years, appeals from the PTAB to the Federal Circuit stay pending between 11 to 21 months, and the median pendency for *ex parte* reexaminations is 18.9 months. *See* Ex. C; Ex. B at 2.

Indeed, "there comes a point at which any prejudice to the Plaintiff in staying the litigation is significantly outweighed by a determination that patent claims are invalid by the 'expert agency' in the field." *Motion Games, LLC v. Nintendo Co.*, No. 12-cv-878-RWS-JDL, 2015 WL 13404313, at *1 (E.D. Tex. June 5, 2015) *1. This factor favors a stay.

**C.    The Current Stage Favors A Stay.**

Although trial has concluded, this factor nonetheless favors a stay. Resource-intensive phases of the case – including post-trial briefing and appellate proceedings – remain immediately

ahead. Proceeding with those steps now risks requiring the Court and the parties to address issues that may need to be revisited or undone depending on the outcome of Federal Circuit review and the Patent Office's reexamination proceedings.

Further, and more importantly, without a stay, a new damages trial would likely be required. Such a trial would be impracticable on the current record, given that 35 asserted claims have now been held unpatentable and there is no evidence in the record addressing the value of individual patents or claims. Proceeding without a stay could therefore require reopening damages-related issues on a different factual record than the one presented at trial, potentially resetting the case to fact discovery.

Compounding this inefficiency, the Federal Circuit appeals and *ex parte* reexaminations may conclude before any new trial or post-trial proceedings are completed, creating a substantial risk that such efforts would ultimately prove unnecessary and wasteful. Entering a stay at this juncture avoids that inefficiency and ensures that any further proceedings occur only after the scope and status of the asserted claims are settled.

## IV.    CONCLUSION

For these reasons, Yealink respectfully requests that the Court stay all further proceedings in this case until (i) any appeal of the PTAB's Final Written Decisions is resolved or the time for appeal has expired and (ii) the Patent Office's ongoing *ex parte* reexamination proceedings concerning the remaining asserted claims have concluded. Entering a stay will preserve judicial and party resources, prevent potentially unnecessary or duplicative proceedings, and ensure that any further action by the Court proceeds against a settled record concerning the scope and validity of the asserted claims, without causing any undue prejudice to Barco.

6

Date: April 22, 2026

**DENTONS US LLP**

By: /s/ *Victor C. Johnson*_____
Victor C. Johnson
Texas Bar No. 24029640
Forrest D. Gothia
Texas Bar No. 24125250
100 Crescent Court, Suite 900
Dallas, Texas 75201
Email: victor.johnson@dentons.com
(214) 259-1876
Email: forrest.gothia@dentons.com
(214) 259-1887

Stephen Yang (*pro hac vice*)
1221 Avenue of the Americas
New York, New York 10020
Email: Stephen.yang@dentons.com
(212) 398-4890

Kevin R. Greenleaf
1900 K Street, NW
Washington, DC 20006
Email: Kevin.greenleaf@dentons.com
(202) 408-6390

***Attorneys for Defendants Yealink (USA) Network Technology Co., Ltd. and Yealink Network Technology Co., Ltd.***

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on April 22, 2026, all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system pursuant to Local Rule CV-5(a)(3).

/s/ *Victor C. Johnson*_____
Victor C. Johnson

7

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that on April 8 and April 9, 2026, counsel for the parties conferred to discuss the substance of this Motion pursuant to Local Rule CV-7(h). Counsel for Plaintiffs indicated that it opposed the request.

*/s/ Victor C. Johnson*
Victor C. Johnson