**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| BARCO, INC. and BARCO NV,<br><br>     Plaintiffs,<br><br>v.<br><br>YEALINK (USA) NETWORK TECHNOLOGY CO., LTD., and YEALINK NETWORK TECHNOLOGY CO., LTD.<br><br>     Defendants. | Case No. 2:23-CV-00521-JRG-RSP |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO STAY**

## TABLE OF CONTENTS

I.    Background ........................................................................................................... 1

II.   Legal Standard.................................................................................................... 3

III.  The Proceeding Will Not Be Simplified .......................................................... 4

IV.   A Stay is Prejudicial........................................................................................... 6

V.    The Proceeding Has Reached an Advanced Stage............................................ 8

VI.   Conclusion .......................................................................................................... 8

Yealink admitted infringement of all 75 asserted claims (Dkt. 189) and waived all invalidity defenses (Dkt. 209). On November 19, 2025, the jury was asked to resolve the remaining claims and defenses at issue in this case and returned a lump-sum damages verdict based on Yealink's admitted infringement. The parties have fully briefed pertinent post-verdict motions: a motion to enter judgment, a motion for a compulsory license at an ongoing royalty, and a motion for an injunction. Dkt. 240–261. All claims and defenses at issue in this case have been adjudicated and the only remaining issues are post-trial motions and the entry of judgment.

Now, Yealink seeks to stay the entry of judgment until an unrelated administrative agency decides issues that are not before the court, a stay that could exceed four years.

Yealink made the affirmative decision to withdraw all of its previously plead invalidity counterclaims and defenses here, and further made the decision to file an amalgamation of *inter partes* review proceedings and *ex parte* reexaminations spread across multiple years. These delayed proceedings should not stand in the way of entry of judgment confirming the jury's verdict. Because a stay does not simplify this proceeding, and is highly prejudicial to Barco, and because the jury has returned its trial verdict, Yealink's motion should be denied.

## I.   BACKGROUND

On May 17, 2023, Barco provided notice that Yealink infringed U.S. Patent Nos. 10,762,002 (the "'002 Patent"), 10,795,832 (the "'832 Patent"), and 11,422,951 (the "'951 Patent"). Ex. A (JX-13). On August 23, 2023, Barco provided additional notice of infringement of U.S. Patent No. 10,904,103 (the "'103 Patent") and 11,403,237 (the "'237 Patent"). Ex. B (JX-14). On November 14, 2023, Barco filed its complaint alleging infringement of the '002 Patent, the '832 Patent, the '103 Patent, 11,258,676 (the "'676 Patent"), the '237 Patent, and the '951

1

Patent (collectively, the "Asserted Patents").  Dkt. 1.  On March 11, 2024, Barco served its Infringement Contentions (Ex. C), which alleged Yealink infringed:

- Claims 1-23 of the '002 Patent;

- Claims 1–4, 6–8, and 13–19 of the '832 Patent;

- Claims 1, 2, 4–8, and 12–21 of the '103 Patent;

- Claims 1–20 of the '676 Patent;

- Claims 1–20 of the '237 Patent; and

- Claims 1–21 of the '951 Patent.[1]

On March 18, 2024, Yealink filed its Answer, which included ***both*** counterclaims and affirmative defenses of invalidity.  Dkt. 19.  On June 7, 2024, Yealink withdrew its invalidity counterclaims in its First Amended Answer.  Dkt. 44.  On September 20, 2024, Yealink withdrew its invalidity affirmative defenses and admitted to infringement of a subset of the asserted claims in its Second Amended Answer.  Dkt. 47.  On March 12, 2025, Yealink admitted to infringement of all 75 asserted claims in its Third Amended Answer.  Dkt. 85; Dkt. 189.  Trial was held on November 17, 2025 to November 19, 2025.  Dkt. 233; Dkt. 234; Dkt. 239.  The jury returned its verdict on November 19, 2025.  Dkt. 235.

On September 16, 2024, ten months after Barco filed its complaint, more than a year after Barco provided notice of Yealink's infringement, and three months after withdrawing it invalidity counter claims, Yealink filed four *inter partes* review proceedings ("IPRs"), challenging only a subset of four of the six Asserted Patents infringed claims.  *See* IPR2024-01436; IPR2024-01437; IPR2024-01438; IPR2024-01439.

---

[1] Barco amended its infringement contentions on December 11, 2024 and December 16, 2024 to reduce the number of claims to the 75 asserted claims Yealink admitted to infringement of in this proceeding.  *See* Dkt. 85.

On November 12, 2025—two months after trial was originally scheduled, one week before trial was ultimately held, and over a year *after* filing its IPRs—Yealink filed requests for *Ex Parte* reexamination ("EPRs") of the remaining admittedly infringed Asserted Patents claims ("Reexam Requests"). *See* IPR2024-01436 (Paper 64); IPR2024-01437 (Paper 57); IPR2024-01438 (Paper 57); IPR2024-01439 (Paper 62) (Order from IPR2024-01436 attached as Exhibit D).

The EPRs are currently stayed, and will remain stayed until the issuance of certificates from the IPRs. Ex. D. The IPR certificates will not issue until all rehearing, director review, and appeal processes have been exhausted, meaning the reexaminations may remain stayed for approximately 15 months after director review is completed, and even longer if the Federal Circuit remands to the PTAB. Dkt. 266, Ex. C (showing median time to disposition at the Federal Circuit from the Patent and Trademark Office is 15 months). The reexaminations, any PTAB appeals resulting from the reexaminations, and any subsequent Federal Circuit appeals extend over 35 months. *Id*.; Ex. E (showing the average months to notice of intent to issue *ex parte* reexamination certificate (NIRC) is 17 months); Ex. F, 7 (showing average pendency of appeal of a reexamination to the PTAB is 3 to 5 months.).

Entry of judgement should not be stayed for years based on USPTO proceedings given Yealink decided to forgo all invalidity defenses here. It knew that parallel decisions were possible, and the delay in raising its invalidity defenses does not warrant staying entry of judgement on the claims and defenses actually at issue in this case.

## II.    LEGAL STANDARD

"The party seeking a stay bears the burden of showing that such a course is appropriate." *Peloton Interactive, Inc. v. Flywheel Sports, Inc.*, No. 2:18-cv-00390, 2019 WL 3826051, at *1 (E.D. Tex. Aug. 14, 2019). When determining whether to stay a proceeding due

to a pending *ex parte* reexamination or *inter partes* review proceeding, a court typically considers (1) whether a stay will simplify the issues in question and trial of the case, (2) whether a stay will unduly prejudice or present a clear tactical disadvantage to the nonmoving party, and (3) whether the proceeding before the court has reached an advanced stage, including whether discovery is complete and a trial date has been set. *FlatFrog Laboratories, AB v. Chemtronics Co., Ltd.*, No. 2:23-cv-0306, 2024 WL 3014621, at *1 (E.D. Tex. June 14, 2024); *see Soverain Software LLC v. Amazon.com, Inc.*, 356 F.Supp.2d 660, 662 (E.D. Tex. 2005). "When the motion to stay is made post-trial, many of the advantages flowing from the agency's consideration of the issues—such as resolving discovery problems, using pre-trial rulings to limit defense or evidence at trial, limiting the complexity of the trial, etc.—cannot be realized." *Smartflash LLC v. Apple Inc.*, 621 Fed.Appx. 995, 1000 (Fed. Cir. 2015).

### III.    THE PROCEEDING WILL NOT BE SIMPLIFIED

This factor weighs heavily *against* granting a stay. Discovery has concluded, trial was held, and the jury has already entered a verdict on the claims and defenses at issue in this case. Dkt. 235. Yealink deliberately withdrew its invalidity counterclaims and affirmative defenses. Dkt. 19; Dkt. 47; Dkt. 85. "[T]he advantages flowing from the agency's consideration of the issues— such as resolving discovery problems, using pre-trial rulings to limit defense or evidence at trial, limiting the complexity of the trial, etc.—cannot be realized." *Smartflash*, 621 Fed.Appx. at 1000. The only issues currently left for the Court to determine are (1) the form of the judgment, (2) whether Yealink is entitled to compulsory license at an ongoing royalty, and (3) whether Barco is entitled to an injunction. Dkt. 240–261. Each of these issues has been fully briefed. *Id.*

Yealink's arguments regarding case simplification are based on conjecture. The PTAB has not yet issued a certificate as to any of the Asserted Patents and will not until after all appeal rights

are exhausted.  The same day Yealink filed its motion for a stay, Barco filed requests for director review for each of the final written decisions.  *See* IPR2024-01436 (Paper 66); IPR2024-01437 (Paper 59); IPR2024-01438 (Paper 59); IPR2024-01439 (Paper 64) (attached as Exhibit G).  The four IPRs challenge only 35 of the infringed claims from the '002 Patent, the '237 Patent, the '676 Patent, and the '951 Patent.  The 19 infringed claims of the '832 and '103 Patents, and 21 remaining infringed claims from the '002, '237, '676, and '951 Patents are only challenged in Yealink's EPRs filed *just* one week before trial.  Due to Yealink's strategy to challenge the 75 infringed claims via multiple distinct USPTO proceedings, and the divergent timelines of these proceedings, numerous different outcomes are possible and the Court should not speculate on what may happen.  *Solas OLED LTD., v. Samsung Display Co., LTD.*, No. 2:21-cv-00104, 2022 WL 23048913, at *3 (E.D. Tex. Feb. 22, 2022) (declining "to develop a *per se* rule that mere institution of EPR results in a likelihood of simplification of the issues"); *Ambato Media, LLC v. Clarion Co., Ltd.*, No. 2:09-cv-00242, 2012 WL 194172 at *2 (E.D. Tex. Jan. 23, 2012) (denying a stay where defendant's "argument that the asserted claims may be cancelled or amended during reexamination is merely speculative.").  Yealink cannot carry its burden to establish a stay is appropriate.

Yealink also fails to articulate ***how*** the present proceeding will be simplified, as the proceeding is effectively complete.  As it stands, only three motions remain unresolved at the trial court level.  Dkt. 240–261.  In fact, Yealink admits it has no idea if a stay will simplify this case, as, in their own words, the USPTO proceedings "***could*** moot this case in whole or in part" while also arguing that "a new damages trial would ***likely*** be required." Dkt. 266 at 3, 6 (emphasis added).

Yealink's cited cases do not save its request.  In *Motion Games, LLC v. Nintendo Co., Ltd.*, the final written decision resolved all asserted claims four months ***before*** trial and even before claim construction was completed.  No. 6:12-cv-00878, 2015 WL 13404313 at *1 (E.D. Tex. June

5

8, 2015).  Here, the IPRs only address a portion of the Asserted Claims, with claim construction and trial already complete.  Resolution of the remaining infringed claims is still years away.

In *Fresenius USA, Inc. v. Baxter Int'l, Inc.*, the PTO had already issued a certificate cancelling the asserted claims.  721 F.3d 1330, 1335 (Fed. Cir. 2013).  In fact, the district court in *Fresenius* declined a stay prior to **complete** resolution of the reexaminations.  *Fresenius USA, Inc. v. Baxter Intern., Inc.*, No. C 03-1431, 2011 WL 2160609, at *1 (N.D. Cal. May 26, 2011).

As a certificate has not issued regarding any of the Asserted Patents, no intervening legal development affecting the patent validity has occurred and judgment on the issues before this Court should be entered based on the existing in-force status of the admittedly infringed claims.

## IV.    A STAY IS PREJUDICIAL

This factor weighs heavily against granting a stay.  Barco brought a patent infringement action against Yealink, and a jury awarded damages for Yealink's infringement of 75 claims. *Supra* Section I.  The jury returned its verdict on the claims and defenses at issue.  Dkt. 235.  Invalidity was not tried, as Yealink deliberately withdrew both its invalidity counterclaims and affirmative defenses.  *See* Dkt. 209.  Barco, "like all patent owners, has a recognized interest in the timely enforcement of its patent rights." *Invensys Systems, Inc.*, *v. Emerson Elec. Co.*, No. 6:12-cv-0799, 2014 WL 4477393 at *2 (E.D. Tex. July 25, 2014).  Now, through its strategy, Yealink seeks a stay to delay entry of final judgment in a case that has been litigated for almost 2.5 years already.  *See* Dkt. 1.

The IPRs are pending director review.  *See* Ex. G.  Upon determination of the director review, each party will have 63 days to file its notice of appeal.  37 C.F.R. § 90.3(a)(1).  Should a party elect to file a notice of appeal, Yealink submits that appeals from the PTAB take approximately 15 months, with routine extensions extending that process an additional 5

months. Dkt. 266, Ex. C. The PTAB has issued a stay on all EPRs with co-pending IPRs until these proceedings are completed. *See* Ex. D. On average, it takes over 17 months from filing for a notice of intent to issue reexamination certificate (NIRC) to issue. *See* Ex. E. An appeal to the PTAB can take an additional 3 to 5 months. Ex. F, 7. The determination in a reexamination request may also be appealed to the Federal Circuit. Based on Yealink's own submissions, final entry of the final judgment could be stayed over *four years* if this motion is granted.

This delay is a direct result of Yealink's piecemeal litigation strategy. Yealink could have challenged the validity of all infringed claims here. *See* Dkt. 19 (invalidity counterclaims and affirmative defenses). Yealink could have challenged all infringed claims through its IPRs in September, 2024. Instead, Yealink made the affirmative choice to delay challenging all admittedly infringed asserted claims until one week before trial. Yealink's dilatory motive and attempt to disrupt Barco's trial preparation should not be rewarded with a stay after the jury has returned a verdict on all claims and defenses.

Such a delay is prejudicial, especially given Barco and Yealink are competitors. *Invensys Systems*, 2014 WL 4477393 at *2 ("This delay is especially burdensome where, like here, the parties are competitors in the marketplace."). Yealink undermined the importance of Barco's Asserted Patents but now seeks a compulsory license to the Asserted Patents. *See generally* Dkt. 243. Yealink seems to justify its request for a stay until 2030 because there is "no ongoing infringement." This is contrary to Yealink's unequivocal plans: "Yealink has decided to reintroduce its WPP30 in the United States, and *will resume selling its WPP30 dongle in 2026*." Dkt. 243, Ex. D, ¶14. Yealink's plans—which its stay motion does not address—strongly weigh against a stay. *Peloton Interactive,* 2019 WL 3826051, at *4 (finding "the prejudice factor weighs against a stay" when "the competitive nature between the parties will likely increase even further

7

in the near future.").    In the event the admittedly infringed claimed are ultimately found unpatentable, Yealink can move for a lifting of any injunction.

## V.    THE PROCEEDING HAS REACHED AN ADVANCED STAGE

This factor weighs heavily against granting a stay.  Yealink's motion for a stay comes more than a year after fact discovery ended (Dkt. 91 at 4) and more than seven months after the originally scheduled trial date of September 8, 2025.  Dkt. 23.  Trial was held and the jury returned its trial verdict on November 19, 2025.  Dkt. 235.  Barco's briefing for its motion for a final judgment was completed on January 30, almost three months before Yealink moved for its stay in this proceeding.  Dkt. 252; Dkt. 266.

Yealink presents no authority in support of a stay at this stage.  *See* Dkt. 266, 5–6. Meanwhile, requests for stay are routinely denied at this stage of litigation and often in situations where the movant moves far earlier.  *See Smartflash*, 621 Fed.Appx at 1000 (agreeing that the post-trial stage of litigation weighed against a stay in view of a CBM review); *Invensys Systems*, 2014 WL 4477393 at *3 (finding that this factor weighed against a stay when "the deadline for substantial discovery had expired, a trial date was set, and both parties had exchanged their preliminary claim constructions and intrinsic and extrinsic evidence in compliance with P.R. 4.2 for the upcoming *Markman* hearing").

## VI.    CONCLUSION

Accordingly, Yealink's motion for a stay of all further proceedings in this case until (i) any appeal of the PTAB's Final Written Decisions is resolved or the time for appeal has expired and (ii) the EPRs have concluded should be denied.

Dated: May 6, 2026

Respectfully submitted,

/s/ Erik Halverson
Erik J. Halverson (Bar No. 333492CA)
erik.halverson@klgates.com
**K&L GATES LLP**
Four Embarcadero Center,
Suite 1200
San Francisco, CA 94111
Telephone: (415) 882-8238

Melissa Smith (Texas Bar No. 24001351)
Andrew T. Gorham
**GILLAM & SMITH, LLP**
303 South Washington Avenue
Marshall, Texas 75670
Telephone: +1 903 934 8450
Facsimile: +1 903 934 9257
melissa@gillamsmithlaw.com
tom@gillamsmithlaw.com

Christopher Centurelli (*pro hac vice*)
christopher.centurelli@klgates.com
Anna E. L'Hommedieu (*pro hac vice*)
Anna.lhommedieu@klgates.com
Joshua N. Andrews (*pro hac vice*)
Joshua.Andrews@klgates.com
**K&L GATES LLP**
1 Congress Street, Suite 2900
Boston, MA 02114-2023
Telephone: (617) 261-3100

*Attorneys for Plaintiffs*
*Barco, Inc. and Barco N.V.*

9

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 6, 2026, all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system pursuant to Local Rule CV-5(a)(3).

*/s/ Erik Halverson*
Erik Halverson
