# EXHIBIT C

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

|  |  |  |
|---|---|---|
| BARCO, INC. and BARCO NV, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Case No. 2:23-CV-0521-JRG-RSP |
| | ) | |
| v. | ) | |
| | ) | |
| YEALINK (USA) NETWORK | ) | |
| TECHNOLOGY CO., LTD., and | ) | |
| YEALINK NETWORK | ) | |
| TECHNOLOGY CO., LTD. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## PLAINTIFFS' DISCLOSURE OF ASSERTED
## CLAIMS AND INFRINGEMENT CONTENTIONS

Pursuant to Local Patent Rules 3-1 and 3-2, Plaintiffs Barco, Inc. and Barco NV (collectively, "Barco" or "Plaintiffs") hereby provide defendants Yealink (USA) Network Technology Co., Ltd. ("Yealink USA"), and Yealink Network Technology Co., Ltd. ("Yealink China") (collectively, "Yealink" or "Defendants") its Disclosure of Asserted Claims and Infringement Contentions.

Barco presents these Infringement Contentions regarding Yealink's infringement of U.S. Patent Nos. 10,762,002 B2 (the "'002 Patent"); 10,795,832 B2 (the "'832 Patent"); 10,904,103 (the "'103 Patent"); 11,258,676 (the "'676 Patent"); 11,403,237 (the "'237 Patent"); and 11,422,951 B2 (the "'951 Patent") (collectively, the "Asserted Patents"). Barco makes these disclosures based on the limited information available at the early, pre-discovery, stage of this litigation. Because Yealink's infringement is ongoing, and because full discovery of Yealink has not yet occurred, Barco reserves the right to amend or supplement these disclosures—including to

supplement its infringement contentions pursuant to P.R. 3-6—with additional information obtained in the course of discovery or further investigation concerning Yealink's products.

## I.    BARCO'S P.R. 3-1 DISCLOSURES

### A.    P.R. 3-1(a): Infringed Claims

Subject to ongoing discovery and investigation, Barco asserts that Yealink infringes literally and/or under the doctrine of equivalents:

i.    Claims 1-23 of the '002 Patent directly under 35 U.S.C. §§ 271(a) by making, using, offering to sell, selling, and/or importing Yealink's WPP30 Presentation Pod and similarly operating devices such as, but not limited to, WPP20, which when used with a connected device, infringes systems claimed in the '002 Patent.  Additionally, Yealink indirectly infringes under 35 U.S.C. § 271(b) and (c) by inducing and/or contributing to the infringement of its customers, wherein the underlying infringement is the customers' use of Yealink's WPP30 Presentation Pod.

ii.    Claims 1-4, 6-8, and 13-19 of the '832 Patent directly under 35 U.S.C. §§ 271(a) by, making, using, offering to sell, selling, and/or importing Yealink's WPP30 Presentation Pod and similarly operating devices such as, but not limited to, WPP20.  Additionally, Yealink indirectly infringes under 35 U.S.C. § 271(b) and (c) by inducing and/or contributing to the infringement of its customers, wherein the underlying infringement is the customers' use of Yealink's WPP30 Presentation Pod.

iii.    Claims 1, 2, 4-8, and 12-21 of the '103 Patent directly under 35 U.S.C. §§ 271(a) by making, using, offering to sell, selling, and/or importing Yealink's WPP30 Presentation Pod and similarly operating devices such as, but not limited to, WPP20.  Additionally, Yealink indirectly infringes under 35 U.S.C. § 271(b) and (c) by inducing and/or

contributing to the infringement of its customers, wherein the underlying infringement is the use of Yealink's WPP30 Presentation Pod with Yealink's Meeting Bar A20-020-TEAMS Video Bar, Yealink's Room Cast, or Yealink's Meeting Board.

iv.  Claims 1-20 of the '676 Patent directly under 35 U.S.C. §§ 271(a) by making, using, offering to sell, selling, and/or importing Yealink's A20-020-TEAMS Video Bar or Yealink's Meeting Board on Android and Yealink's WPP30 Presentation Pod and similarly operating devices such as, but not limited to, WPP20.  Additionally, Yealink indirectly infringes under 35 U.S.C. § 271(b) and (c) by inducing and/or contributing to the infringement of its customers, wherein the underlying infringement is the use of Yealink's WPP30 Presentation Pod with Yealink's A20-020-TEAMS Video Bar or Yealink's Meeting Board.

v.  Claims 1-20 of the '237 Patent directly under 35 U.S.C. §§ 271(a) by making, using, offering to sell, selling, and/or importing Yealink's WPP30 Presentation Pod and similarly operating devices such as, but not limited to, WPP20.  Additionally, Yealink indirectly infringes under 35 U.S.C. § 271(b) and (c) by inducing and/or contributing to the infringement of its customers, wherein the underlying infringement is the use of Yealink's WPP30 Presentation Pod.

vi.  Claims 1-21 of the '951 Patent directly under 35 U.S.C. §§ 271(a) by making, using, offering to sell, selling, and/or importing Yealink's WPP30 Presentation Pod and similarly operating devices such as, but not limited to, WPP20, along with Yealink's A20-020-TEAMS Video Bar, Yealink's Room Cast, or Yealink's Meeting Board. Additionally, Yealink indirectly infringes under 35 U.S.C. § 271(b) and (c) by inducing and/or contributing to the infringement of its customers, wherein the underlying

infringement is the use of Yealink's WPP30 Presentation Pod and A20-020-TEAMS Video Bar, Yealink's Room Cast, or Yealink's Meeting Board on Android.

## B.      P.R. 3-1(b): Accused Instrumentality

Subject to ongoing discovery and investigation, and based on present information and belief, Barco contends that the Asserted Claims of the Patents-in-Suit are infringed by Yealink's products as identified in the charts attached hereto as Exhibits A-1 to F-1, respectively, ("Accused Instrumentalities").  Specifically, Barco has identified Yealink's A20-020-TEAMS Video Bar, Yealink's Room Cast, Yealink's Meeting Board on Android and WPP30 Presentation Pod, and any similarly situated products, as Accused Instrumentalities that infringe the identified Asserted Claims of the Patent-in-Suit based on the current information available to Barco.  Barco reserves the right to supplement its infringement contentions to identify additional products and/or services, if necessary, when it is provided with non-public documents from third parties and/or Yealink via the discovery process.

## C.      P.R. 3-1(c): Infringement Charts

Subject to ongoing discovery and investigation, and based on present information and belief, Barco contends that each element of each identified Asserted Claim of the Patents-in-Suit is found within each Accused Instrumentality as shown in the infringement charts (Exhibits A-1 to F-3) incorporated herein in their entirety.  Barco's identification in the claim charts is exemplary and based upon public information currently available to Barco.

Barco reserves the right to amend its asserted claims and infringement contentions pursuant to P.R. 3-6 as discovery progresses and additional information is gathered.

**D.      P.R. 3-1(d): Literal Infringement and Infringement Under the Doctrine of Equivalents**

Subject to ongoing discovery and investigation, and based on available information obtained to date, Barco hereby contends that each element of each asserted claim is literally present in each of the Accused Instrumentalities as specifically shown in Exhibits A-1 to F-3 unless otherwise stated in those exhibits.  As stated above, discovery is necessary to further develop Barco's infringement positions—either literal or under the doctrine of equivalents—and the Court has yet to issue a claim construction order.  Pursuant to P.R. 3-6, Barco expressly reserves the right to amend and supplement its position on whether there is infringement under the doctrine of equivalents of any element of any asserted claim until full discovery from Yealink (and/or third parties) is completed and/or pending this Court's claim construction order.

**E.      P.R. 3-1(e): Priority Dates**

Barco states that each and every Asserted Patent is entitled to a priority date at least as early based on the earliest effective filing date of provisional patent application to which that asserted patent ultimately claims priority.  Moreover, certain documents produced thus far, including those identified in response to P.R. 3-2, support an earlier priority date.  Based on the investigation completed thus far, Barco contends each of the Asserted Patents is entitled to at least the following priority date:

| United States Patent No. | Priority Date |
| --- | --- |
| 10,762,002 | June 24, 2010 |
| 10,795,832 | June 24, 2010 |
| 10,904,103 | June 24, 2010 |
| 11,258,676 | June 24, 2010 |
| 11,403,237 | June 24, 2010 |
| 11,422,951 | June 24, 2010 |

### F.       P.R. 3-1(f): Right to Rely on Barco's Own Instrumentality

Barco practices the Asserted Claims in Barco's ClickShare® Products, including: C-5, C-10, CX-20, CX-30, CX-50, CX-50 Gen2, and Button as further identified at www.barco.com/en/about/terms-conditions/patents.

## II.    DOCUMENT PRODUCTION ACCOMPANYING DISCLOSURE

### A.       Documents Responsive to P.R. 3-2(a)

Barco has produced certain documents, including those at BARCO_0010839–BARCO_0011093 that are responsive to P.R. 3-2(a).  Barco will supplement this response with any additional relevant, non-privileged documents requested and identified in the future, subject to Barco's objections, and as required and limited by the Local Rules and Federal Rules of Civil Procedure.

### B.       Documents Responsive to P.R. 3-2(b)

Barco has produced certain documents, including those at BARCO_0011094–BARCO_0052308 that are responsive to P.R. 3-2(b).  Barco will supplement this response with any additional relevant, non-privileged documents requested and identified in the future, subject to Barco's objections, and as required and limited by the Local Rules and Federal Rules of Civil Procedure.

### C.       Documents Responsive to P.R. 3-2(c)

Pursuant to P.R. 3-2(c), copies of the file history of the Asserted Patents have been produced at BARCO_0000042–BARCO_0010838.

## III.    CONCLUSION

The information contained in these disclosures is based on Barco's analysis of the facts it currently possesses and based on Barco's review of public information reasonably available to it

prior to discovery.  Barco reserves the right to supplement, modify, and/or amend these disclosures as new information is learned, becomes available, and as discovery progresses.

Dated: March 11, 2024

*/s/ Erik J. Halverson*
Melissa Smith (Texas Bar No. 24001351)
**GILLAM & SMITH, LLP**
303 South Washington Avenue
Marshall, Texas 75670
Telephone: +1 903 934 8450
Facsimile: +1 903 934 9257
melissa@gillamsmithlaw.com

Christopher Centurelli (pro hac vice)
christopher.centurelli@klgates.com
Anna E. L'Hommedieu (pro hac vice)
Anna.lhommedieu@klgates.com
Joshua N. Andrews (pro hac vice)
Joshua.Andrews@klgates.com
**K&L GATES LLP**
1 Congress Street, Suite 2900
Boston, MA 02114-2023
Telephone: (617) 261-3100

Erik J. Halverson (pro hac vice)
erik.halverson@klgates.com
**K&L GATES LLP**
Four Embarcadero Ctr,
Suite 1200
San Francisco, CA 94111
Telephone: (415) 882-8238

*Attorneys for Plaintiffs*
*Barco, Inc. and Barco N.V.*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of the foregoing document was served on March 11, 2024 to counsel of record for Defendants via email at the following addresses:

Elizabeth M. Chiaviello
Morgan, Lewis & Bockius LLP
1717 Main Street Suite 3200
Dallas, TX 75201
Telephone: 214-446-4000
Fax: 214-466-4001
Email: Elizabeth.Chiaviello@morganlewis.com


*/s/ Erik J. Halverson*
Erik Halverson