# EXHIBIT D

Trials@uspto.gov
571-272-7822

Paper 64
Date: April 20, 2026

UNITED STATES PATENT AND TRADEMARK OFFICE

_____

BEFORE THE PATENT TRIAL AND APPEAL BOARD

_____

YEALINK (USA) NETWORK TECHNOLOGY CO., LTD, and YEALINK
NETWORK TECHNOLOGY, CO. LTD,
Petitioner,

v.

BARCO N.V.,
Patent Owner.

_____

IPR2024-01436 (Patent 10,762,002 B2)
IPR2024-01437 (Patent 11,403,237 B2)
IPR2024-01438 (Patent 11,258,676 B2)
IPR2024-01439 (Patent 11,422,951 B2)[1]

_____

Before MEREDITH C. PETRAVICK, DAVID C. McKONE, and
FREDERICK C. LANEY, *Administrative Patent Judges.*

PETRAVICK, *Administrative Patent Judge.*

ORDER
*Denying Petitioner Authorization to File Motions to Lift Stay*
*37 C.F.R. § 42.20(b)*

---

[1] We issue one Order to be entered in each proceeding.  The combined
caption is for administrative convenience only.

IPR2024-01436 (Patent 10,762,002 B2)
IPR2024-01437 (Patent 11,403,237 B2)
IPR2024-01438 (Patent 11,258,676 B2)
IPR2024-01439 (Patent 11,422,951 B2)

On March 23, 2026, we stayed related reexaminations pending the termination or completion of these *inter partes* review proceedings.  Paper 61[2].  We entered Final Written Decisions on April 7, 2026.  Paper 62.

On April 8, 2026, via email, Petitioner requested guidance as to whether we will issue an order lifting the stay.  Ex. 3007.  In reply, we indicated that the stay will remain in place and will automatically lift when all appeal options are exhausted and a trial certificate issues.  *Id.*

Prior to the start of the April 16, 2026, oral argument in related IPR2024-00491, Petitioner requested authorization to file motions to lift the stay because we issued the Final Written Decisions.  Petitioner argued that allowing the reexaminations to proceed would be more efficient and that the Office would be able to adjust to any possible inconsistent patentability determinations.  Patent Owner opposed the filing of motions to lift the stay and argued that allowing the stay to remain in place would be more efficient because it would avoid any possible inconsistent patentablity determinations.

We are persuaded by Patent Owner that the stay should remain in place until all appeal options are exhausted and trial certificates issue.  We, thus, deny Petitioner authorization to file motions to lift the stay.  These proceedings are not yet terminated or completed, as the time periods for filing a request for rehearing, Director review, or appeal have not yet lapsed. *See ThermalTake Technology Co., Ltd. v. Chien-Hao Chen,* IPR2024-01230, Paper 53 (Director Squires, Apr. 17, 2026).

---

[2] For efficiency, we cite only to the papers filed in IPR2024-01436.

IPR2024-01436 (Patent 10,762,002 B2)
IPR2024-01437 (Patent 11,403,237 B2)
IPR2024-01438 (Patent 11,258,676 B2)
IPR2024-01439 (Patent 11,422,951 B2)

## ORDER

It is:

ORDERED that Petitioner's request for authorization to file motions to lift the stay is denied.


FOR PETITIONER:

Stephen Yang
Timothy Bickham
Kevin Greenleaf
Forrest Gothia
DENTON US LLP
stephen.yang@dentons.com
timothy.bickham@dentons.com
kevin.greenleaf@dentons.com
forrest.gothia@dentons.com

FOR PATENT OWNER:

Christopher Centurelli
Erik Halverson
Joshua Andrews
K&L GATES LLP
chris.centurelli@klgates.com
erik.halverson@klgates.com
joshua.andrews@klgates.com