**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| BARCO, INC. and BARCO NV, | § | |
| | § | |
| *Plaintiffs*, | § | |
| | § | |
| v. | § | CASE NO. 2:23-CV-00521-JRG-RSP |
| | § | |
| YEALINK (USA) NETWORK TECHNOLOGY CO., LTD., and YEALINK NETWORK TECHNOLOGY CO., LTD., | § | |
| | § | |
| *Defendants*. | § | |

**FINAL JUDGMENT**

A jury trial commenced in the above-captioned case on November 17, 2025. On November 19, 2025, the jury reached and returned its unanimous verdict. (Dkt. No. 235). Plaintiffs asserted six patents at trial: U.S. Patent Nos. 10,762,002 (the "'002 Patent"); 10,795,832 (the "'832 Patent"); 10,904,103 (the "'103 Patent"); 11,258,676 (the "'676 Patent"); 11,403,237 (the "'237 Patent"); and 11,422,951 (the "'951 Patent") (together, the "asserted patents"). (Dkt. No. 228). Prior to trial, Defendants conceded the issues of direct and indirect infringement of the asserted patents. (*See* Dkt. No. 189).

The jury awarded Barco a lump sum royalty of $907,360.00 USD to compensate Plaintiffs for Defendants' admitted infringement of the asserted patents from May 17, 2023, to April 25, 2024. (Dkt. No. 235 at 5). However, the Jury found that Defendants did not induce their customers to infringe any of the asserted patents after April 25, 2024, and that Defendants did not willfully infringe any of the asserted patents. (*Id*. at 4, 6).

Subsequently, Plaintiffs filed a Motion for Permanent Injunction to enjoin Defendants from reintroducing products (which Defendants conceded infringed the Plaintiffs' asserted patents) into

the United States. (Dkt. No. 250). A hearing on the Motion for Permanent Injunction was held on July 23, 2026. (Dkt. No. 276). The Court granted the Motion for Permanent Injunction, enjoining Defendants from infringing the asserted patents and directing that Plaintiffs post a bond in the amount of nine hundred seven thousand, three hundred sixty dollars and no cents ($907,360.00). (Dkt. No. 278).

Prior to the Court's Order granting the injunction, Defendants filed: (1) Opposed Motion for Ongoing Royalty (Dkt No. 243); and (2) Opposed Motion to Stay (Dkt. No. 266). The Court finds that the relief requested in both motions was fully addressed by the Court's Order granting an injunction against Defendants. (*See* Dkt. No. 278). As such, both motions (Dkt. Nos. 243 and 266) should be and hereby are **DENIED as MOOT**.

Additionally, Defendants oppose Plaintiffs' Motion to Enter Final Judgment (Dkt. No. 240) on the grounds that (1) final judgment is premature in light of Defendants' Motion for Ongoing Royalty (Dkt. No. 243) and (2) because Defendants dispute that Plaintiffs are the prevailing party. (Dkt. No. 244 at 1). As for the first issue presented by Defendants, that issue is **DENIED as MOOT**. As for the second issue, the Court finds that Plaintiffs are the prevailing party in this case.

Accordingly, pursuant to Federal Rule of Civil Procedure 58, the Court hereby **ORDERS** and **ENTERS JUDGMENT** as follows:

1. Defendants directly and indirectly infringed the '002, '237, '676, and '951 Patents from May of 2023 to April 25, 2024, when their WPP20 and WPP30 presentations pods are used with a connected device.
2. Defendants WPP20 and WPP30 presentation pods directly and indirectly infringed the '832 and '103 Patents from May of 2023 to April 25, 2024.

3. Defendants did not actively induce their customers to infringe the asserted patents after April 25, 2024.
4. Plaintiffs are entitled to and shall have and recover from Defendants a lump-sum royalty of $907,360.00 USD for Defendants infringement of the asserted patents from May 17, 2023 to April 25, 2024.
5. Pursuant to this Court's permanent injunction (Dkt. No. 278) the Defendants are permanently enjoined from infringing the asserted patents, including by making, using, offering for sale, or selling the WPP20 or WPP30 dongle products, or any colorable imitations thereof, in the United States, or importing such products into the United States; however, Plaintiffs shall post a bond as required by the Court, *instanter*.
6. Pursuant to 35 U.S.C. § 284 and Supreme Court guidance that "prejudgment interest shall ordinarily be awarded absent some justification for withholding such an award,"[1] the Court awards prejudgment interest to Plaintiff to be recovered by Plaintiff from Defendants and applicable to all sums awarded herein, calculated at the five-year U.S. Treasury Bill rate, compounded monthly, adjusting the effective rate with each and every change in said five-year U.S. Treasury Bill rate from the date the infringement began.
7. Pursuant to 28 U.S.C. § 1961, Plaintiff shall have and recover from Defendants post-judgment interest applicable to all sums awarded herein, at the statutory rate, from the date of entry of this Judgment until paid.

[1] *General Motors Corp. v. Devex Corp.*, 461 U.S. 648, 657 (1983).

8. Under Federal Rule of Civil Procedure 54(d), Local Rule CV-54, and 28 U.S.C. § 1920, Plaintiffs are the prevailing party in this case and shall recover costs from Defendants. Plaintiffs shall file their bill of costs forthwith.

All other requests for relief now pending by and between Plaintiffs and Defendants, which are not specifically addressed herein, are **DENIED**.

**So ORDERED and SIGNED this 25th day of September, 2026.**

RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE